IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, SINGULARISM, and PSYCHE HEALING AND BRIDGING,<br><br>    Plaintiffs,<br><br>v.<br><br>UTAH COUNTY, PROVO CITY, JEFFREY GRAY, TROY BEEBE, BRIAN WOLKEN, and JACKSON JULIAN,<br><br>    Defendants. | **ORDER GRANTING TEMPORARY RESTRAINING ORDER**<br><br>Case No. 2:24-cv-00887-JNP-CMR<br><br>District Judge Jill N. Parrish |

Plaintiffs are members and affiliates of Singularism, a new religion founded in 2023. Singularism uses psylocibin as a sacrament in its ceremonies conducted at its center in Provo, Utah. Psylocibin is a Schedule I controlled substance banned under the Utah Controlled Substances Act ("CSA") with narrow exceptions, UTAH CODE ANN. § 58-37-1 et seq.

On November 11, 2024, Provo City law enforcement executed a search warrant at Singularism's address and seized psylocibin mushrooms and records considered by Singularism to be sacred scripture. Plaintiffs then filed for a temporary restraining order and preliminary injunction, invoking the Free Exercise Clause of the First Amendment to the U.S. Constitution, the free exercise clause of the Utah constitution, and Utah's Religious Freedom Restoration Act ("RFRA"), UTAH CODE ANN. § 63G-33-201. Defendants removed the action to federal court.

Under federal law, a plaintiff moving for a temporary restraining order or preliminary injunction must show that (1) he has a substantial likelihood of success on the merits; (2) he is

likely to suffer irreparable harm absent the preliminary relief; (3) the threatened harm outweighs the harm the preliminary relief would pose to the opposing party; and (4) the preliminary relief would not adversely affect the public interest. *Rocky Mountain Gun Owners v. Polis*, 121 F.4th 96, 112 (10th Cir. 2024). When the government is the opposing party, the third and fourth factors merge. *Id.*

Based on the materials filed with the briefing and the testimony the court heard on December 13, the court concludes that Plaintiffs have shown a likelihood of success on their claim under the Utah RFRA. Under that law, once a plaintiff shows a substantial burden on his free exercise of religion, the government must show that the challenged regulation serves a compelling government interest and that the regulation is the least restrictive means of accomplishing that interest. UTAH CODE ANN. § 63G-33-201(3). The court credits the testimony of Plaintiffs' witnesses, finding that Plaintiffs are likely to be able to show a substantial burden on the exercise of their beliefs about psylocibin, that those beliefs are sincere, and that those beliefs are religious in the way that the law conceptualizes religion. The court also finds that the government has not shown a compelling interest in prohibiting Singularism from using psylocibin outright and accordingly has not carried its burden.

Defendants claim that the court does not have jurisdiction over the action because Plaintiffs have not satisfied the 60-day notice requirement in the Utah RFRA. *See id.* § 63G-33-201(5)(a). The court finds that Plaintiffs satisfy the requirements for the exception for "ongoing" government action, *id.* § 63G-33-201(5)(b)(i). The deprivation of their psylocibin and records is ongoing, and requiring Plaintiffs to wait until the 60-day window passes would impose an "undue hardship," *id.*

The court also finds that Plaintiffs have shown that they will suffer irreparable harm absent preliminary relief. The ongoing deprivation of their psylocibin and scripture hinders their free exercise of religion, and no amount of damages later can fully compensate for this harm.

Finally, the court also finds that the balance of the equities favors Plaintiffs. The government has identified no harm to either Plaintiffs or society more broadly from Plaintiffs' sacramental use of psylocibin.

Accordingly, the court **GRANTS** Plaintiffs' motion for a TRO. Defendants are **ORDERED** to return the psylocibin and records seized on November 11 to Plaintiffs as soon as possible. This TRO shall remain in place until the court either dissolves it or converts it into a preliminary injunction. If Defendants wish to present further evidence or argument for the court to consider in ruling on the motion for preliminary injunction, they may request the court no later than December 20 to schedule another hearing.

So ordered December 13, 2024.

BY THE COURT

Jill N. Parrish
United States District Court Judge

3