Mitchell A. Stephens (11775)
Justin L. James (15167)
Dillon P. Olson (16120)
JAMES DODGE RUSSELL & STEPHENS, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101
Telephone: 801.363.6363
Email:  mstephens@jdrslaw.com
        jjames@jdrslaw.com
        dolson@jdrslaw.com

*Attorneys for Defendants Utah County and Jeffrey Gray*

J. Brian Jones (11816)
Gary D. Millward (12170)
Richard A. Roberts (12217)
PROVO CITY ATTORNEY'S OFFICE
445 W Center St.
Provo, Utah 84601
(801) 852-6140
gmillward@provo.gov
rroberts@provo.gov

*Attorneys for Defendants Provo City, Troy Beebe, Brian Wolken, and Jackson Julian*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN; SINGULARISM; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY;<br><br>*Plaintiffs*,<br><br>v.<br><br>UTAH COUNTY; PROVO CITY; JEFFREY GRAY; TROY BEEBE; BRIAN WOLKEN; JACKSON JULIAN; JOHN DOES;<br><br>*Defendants*. | **EXPEDITED MOTION TO STAY OR MODIFY ORDER REQUIRING RETURN OF PSILOCYBIN**<br><br>Civil Case No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish |

**RELIEF REQUESTED**

Defendants hereby move for a *limited* stay or modification of this Court's December 13, 2024, Order Granting Temporary Restraining Order ("Injunction Order").[1] [*See* Dkt. 24]. Specifically, the Court's Injunction Order directed Defendants "to return the psylocibin [sic] and records seized on November 11 to Plaintiffs." [*See id.* at 3]. Defendants do *not* ask the Court to stay the return of the Plaintiffs' records. Indeed, Defendants have agreed to return items that were not identified in the Court's Injunction Order but, nevertheless, were seized in response to the Fourth District Court's search warrant. [*See* Return to Warrant (Dkts. 13-15)]. However, Defendants do ask the Court to stay the portion of its Injunction Order that requires the return of the psilocybin. Defendants ask the Court to stay that return pending the resolution of criminal proceedings now pending in the Fourth District Court, State of Utah. *See State of Utah v. Jensen*, Case No. 241404407 (4th Dist. Utah).

**BACKGROUND**[2]

**A.    The TRO Motion, Hearing, and Order.**

"Plaintiffs are members and affiliates of Singularism, a new religion founded in 2023." [Injunction Order (Dkt. 24) at 1]. Singularism administers psilocybin to third parties at its center in Provo, Utah. [*See id.*; *see also* Dkts. 2-2, 9-1, 19-22]. Psilocybin "is a Schedule I controlled substance banned under the Utah Controlled Substances Act" ("Utah CSA") "with narrow

---

[1] The Court orally announced its decision at the conclusion of the hearing on December 13, 2023. Similarly, the written Injunction Order is dated December 13, 2023. [*See* Dkt. 24]. However, the written Injunction Order was filed and served on the parties on December 16, 2024. [*See id.* ("Filed 12/16/24")].

[2] Because of the early posture of this case, Defendants primarily rely on information from the Court's Injunction Order or Plaintiffs' filings. Defendants do not concede the accuracy of that information and reserve the right to challenge the same.

exceptions." Utah Code § 58-37-1, *et seq*. Psilocybin also is a Schedule I controlled substance banned under the federal CSA. *See* 21 U.S.C. § 812.

"On November 11, 2024, Provo City law enforcement executed a search warrant at Singularism's address and seized psylocibin mushrooms and records" that Singularism contends are "sacred scripture." [Injunction Order (Dkt. 24) at 1]. Plaintiffs filed suit and further sought a temporary restraining order and preliminary injunction. [*Id.*]. Plaintiffs' arguments invoked "the Free Exercise Clause of the First Amendment to the U.S. Constitution, the free exercise clause of the Utah constitution, and Utah's Religious Freedom Restoration Act" (the Utah "RFRA"). [*Id.*].

On December 13, 2024, the Court held an expedited and limited evidentiary hearing on Plaintiffs' TRO Motion. [*See id.*; *see also* Dkt. 22 (noting proffer of defendants' witnesses)]. At the conclusion of the hearing, "the court ruled on the record and granted the TRO." [*See* Dkt. 22]. The Court's written order was subsequently filed on December 16, 2024. [*See* Injunction Order (Dkt. 24)].

The Court's Injunction Order instructed ordered Defendants "to return the psylocibin and records seized on November 11 to Plaintiffs as soon as possible." [*Id.* at 3]. The Court's order did not explicitly address any other items allegedly seized during the execution of the search warrant. [*See, e.g.*, Complaint (Dkt. 2-2) ¶ 41 (additionally alleging seizure of "a black grinder, a black scale, and a gold scale")].

B.     **Developments After the Injunction Order.**

On December 16, 2024, Plaintiffs' counsel sent an email to the Defendants' counsel. As part of that email, Plaintiffs asked about the "return of the black grinder, black scale, and gold

2

scale." [*See* 12/16/24 Email].[3] Plaintiffs further indicated "[t]he best time for Plaintiffs to receive" the seized items "is this Wednesday, December 18, between 12:00 and 5:00 pm." [*Id.*]. In response to the email, counsel for all the parties agreed to participate in a telephone call the afternoon of December 17, 2024. During that call, Defendants agreed to return the grinder and scales—even though those items were not part of the Court's Injunction Order.

Shortly after that call, counsel for Utah County separately informed Plaintiffs' counsel that the County intended to file criminal charges on December 18, 2024. Plaintiffs' counsel was informed as a professional courtesy. The County further offered to have Plaintiffs' counsel accept service instead of having law enforcement effectuate an immediate arrest and/or personally serve a criminal summons. Those charges have now been filed. *See State of Utah v. Jensen*, Case No. 241404407 (4th Dist. Utah).

Defendants also met/conferred with Plaintiffs concerning their position that returning the psilocybin would be inappropriate under the current circumstances. First, the psilocybin is material evidence in the pending criminal case that must be preserved. Second, the Court's Injunction Order did not include any provisions ensuring the psilocybin would remain secure, unaltered, and the subject of a strict chain of custody. As-is, returning the psilocybin would likely result in the spoliation or loss of critical evidence. As a gesture of good faith, Defendants instead offered to place $2,500 on deposit with the Court as security for the psilocybin, which amount

---

[3] The 12/16/24 Email was designated as a Rule 408 communication. Although that rule does not prohibit the use of that communication for purposes of this Motion, these facts are undisputed. Accordingly, Defendants have not attached the communication between counsel as a matter of professionalism and civility. *See generally* Fed. R. Evid. 408(a) (prohibiting use of communications "to prove or disprove the validity or amount of a disputed claim"); *id.* at R. 408(b) (allowing use when "negating a contention of undue delay")]. If Plaintiffs dispute the statements associated with the communication, Defendants will supplement this filing.

reflects the estimated value of the psilocybin based on Plaintiffs' prior testimony. Alternatively, Defendants asked whether Plaintiffs had a different proposal under the circumstances to mitigate any alleged injury and prevent the spoliation or loss of key evidence.

On December 18, 2024, Counsel responded that if the psilocybin is not "returned by close of business on Thursday, December 19th, Plaintiffs will raise the matter with the Court." [*See* 12/18/24 Email]. Accordingly, Defendants submit this expedited Motion.

## ARGUMENT

### I. THE COURT'S ORDER WILL RESULT IN THE PERMANENT LOSS OF RELEVANT EVIDENCE.

Although the Court's Injunction Order is styled as "temporary," its impact will be permanent. Once the psilocybin is returned to Plaintiffs and used "in [their] ceremonies," that evidence will be permanently destroyed. [*See* Injunction Order (Dkt. 24)]. The Court cannot un-ring a bell or have Plaintiffs return psilocybin after it is distributed to voyagers.

The Court's Injunction Order would, therefore, effectively moot any future proceedings concerning the psilocybin. *See, e.g.*, *Oklevueha Native Am. Church of Hawaii, Inc. v. Holder*, 676 F.3d 829, 840 (9th Cir. 2012) (rejecting claim for return of "religious marijuana" because it had been destroyed and "the court cannot order the government to return something it does not have"). "[T]hough a *case* may not be moot because partial relief is still available, a *specific request* for an injunction may become moot." *Caddo Nation of Okla. v. Wichita and Affiliated Tribes*, 877 F.3d 1171, 1176 (10th Cir. 2017). The Court's ruling on "a temporary restraining order that cannot have any present-day effect is moot." *Id.* at 1177. *Cf. Transeuro Amtrans Worldwide Moving & Relocations Ltd. v. Conoco, Inc.*, 95 F. App'x 288, 290 (10th Cir. 2004) ("It is firmly established

4

that an appeal from the denial of a motion for a preliminary injunction is rendered moot when the act sought to be enjoined has occurred.").

The Court's order contemplates a subsequent hearing at the preliminary injunction stage. [*See id.* at 3]. Indeed, it recognized that "Defendants [may] wish to present further evidence or argument for the court to consider." [*Id.*]. However, that process becomes a nullity if the psilocybin already has been returned, distributed, and ingested.

## II. THE COURT'S ORDER WILL IMPAIR THE STATE CRIMINAL PROCESS AND VIOLATES MANDATORY EVIDENCE RETENTION STATUTES.

The State of Utah has criminally charged Jensen for the possession and distribution of psilocybin. *See State of Utah v. Jensen*, Case No. 241404407 (4th Dist. Utah). Those criminal charges are based on the evidence seized after the Fourth District Court issued its search warrant. [*See* Search Warrant (Dkt. 9-9)]. Put simply, the Court's Injunction Order would impair ongoing criminal proceedings in the Utah State Courts by forcing the State of Utah to (a) lose important evidence central to the criminal case and (b) violate Utah Code requiring the retention of evidence during a criminal prosecution.

The Court must "be slow to act where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court." *Douglas v. City of Jeannette (Pennsylvania)*, 319 U.S. 157, 162 (1943); *see also* 28 U.S.C. § 2283 ("A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.").

Utah Code expressly requires Defendants to retain the evidence seized during the execution of the Fourth District Court's search warrant until ***after*** the criminal process is complete. "[A]n

5

agency ***shall*** retain evidence of a felony offense" until "the longer of" (a) "one year after the day on which all direct appeals of the final judgment for" a conviction or (b) after the final entry of an "acquittal or dismissal." Utah Code § 77-11c-301 (emphasis added). That statutory basis is consistent with the Fourth District Court's search warrant, which "COMMANDED" that law enforcement "make a search" and further "***retain such property*** in your custody subject to the direction of a prosecutor or an order of this Court." [*See* Search Warrant (Dkt. 9-9) (emphasis added)]. The Court should not place Defendants in the untenable position of either violating the Utah Code or violating the Court's Injunction Order.

Moreover, Plaintiffs have—but did not assert—an express legal remedy under the Utah Code to obtain the return of the psilocybin. "A claimant may file a petition with the court for the return of the property that is being retained as evidence . . . ." Utah Code § 77-11a-305. That petition, however, must be filed in "***the court in which criminal proceedings have commenced*** regarding the offense for which the property is being retained." *Id.* (emphasis added). Notably, the same statute includes "an opportunity for an expedited hearing." *Id.* Plaintiffs' Complaint ***did not*** utilize the express process established by Utah Code for the return of evidence.

The Court's Injunction Order should be revised to reflect the criminal charges pending in the Utah State Court. The psilocybin is material evidence in the criminal case pending in the Utah State Court. Defendants are expressly required by the Utah Code to retain such evidence during the pendency of the criminal charges. And, Plaintiffs failed to utilize the express statutory process for seeking "the return of the property." *Id.*

6

### III.   ALTERNATIVELY, THE COURT SHOULD STAY ITS ORDER WHILE DEFENDANTS APPEAL TO THE TENTH CIRCUIT.

Plaintiffs recognize that temporary restraining orders typically cannot form the basis for a direct appeal. *See* 28 U.S.C. § 1292 (allowing appeals from "granting, continuing, modifying, refusing or dissolving injunctions). However, "the fact that an order is simply denominated as a temporary restraining order does not end our inquiry. It is the essence of the order, not its moniker, that determines our jurisdiction." *Serv. Emps. Int'l Union of Healthcare Workers v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1067 (9th Cir. 2010).

A TRO "may be appealed under § 1292(a)(1) if it has the 'practical effect' of an injunction and furthers the statutory purpose of permitting litigants to effectually challenge interlocutory orders of serious, perhaps irreparable, consequence." *Hope v. Warden York Cnty. Prison*, 956 F.3d 156, 161 (3rd Cir. 2020) (quoting *Carson v. Am. Brands*, 450 U.S. 79, 84 (1981)); *see also Populist Party v. Herschler*, 746 F.2d 656, 661 n.2 (10th Cir. 1984) (allowing appeal because "otherwise, [party's] rights would be irretrievably lost"); *Ross v. Rell*, 398 F.3d 203, 204 (2d Cir. 2005) (recognizing appeal from TRO with "serious, perhaps irreparable consequences" that "can be effectually challenged only by immediate appeal"); *Schindler v. Schiavo*, 403 F.3d 123, 1225 (11th Cir. 2005) ("When a grant or denial of a TRO might have a serious, perhaps irreparable, consequence, and can be effectually challenged only by immediate appeal, we may exercise appellate jurisdiction."). "These precedents make it clear that the court will look at the actual effect of the order that is issued by the district court when determining whether an appeal should be allowed." 11A Fed. Prac. & Proc. Civ. § 2962 (3d ed).

As recognized, the Court's Injunction Order that Defendants return the psilocybin is not "temporary." Instead, the Court's Injunction Order allows (in fact contemplates) Plaintiffs'

7

distribution of the psilocybin in their ongoing operations until that evidence has disappeared. Unless the Court's Injunction Order is modified or stayed, the destruction of the psilocybin would be permanent. It also would irreparably prejudice the State of Utah's criminal prosecution. As such, even if the Court were disinclined to stay its order for any other reason, it should enter a stay pending an appeal to the Tenth Circuit. *See generally* 10th Cir. R. 8.1(B)-(E).

The Court's Injunction Ruling is based solely on the Utah RFRA. [*See* Injunction Order (Dkt. 24) at 2]. Because that statute is new, the Court's ruling is the first time any tribunal has interpreted or applied the Utah RFRA. Although the Court's Injunction Order sided with Plaintiffs, Defendants have raised good faith defenses that are not precluded by any binding authority. For example, the Utah Supreme Court has not determined (a) when GIAU notice is required, (b) whether the *Meyers* factors control the Court's analysis of whether actions are "substantially motivated by a sincerely held religious belief," or (c) how the "least restrictive means" analysis should be analyzed. Although the Court initially sided with Plaintiffs at the TRO hearing, these issues of first impression deserve further attention. *See* 10th Cir. R. 8.1(B).

Defendants also face irreparable harm if the stay is not entered pending appeal. As noted, the Court's order forces Defendants to pick between violating the Utah Code or this Court's Injunction Order. That is an untenable position. Moreover, if the psilocybin is returned to Plaintiffs, that evidence will be distributed and lost for all future proceedings. *See id.* R.8.1(C).

Finally, the balance of the harms favors Defendants. The Court found that that the "records" seized pursuant to the Fourth District Court's search warrant are "considered by Singularism to be sacred scripture." [*See* Injunction Order (Dkt. 24) at 1]. Those items, along with everything except the controlled substances, are being returned to Singularism. With respect

8

to psilocybin itself, Plaintiffs' testimony at the TRO hearing was that the seizure and retention of psilocybin *was not* irreparable. Instead, Plaintiffs testified that (a) the value of the seized psilocybin was, at most, a few thousand dollars, (b) they have an established network that allows them to regularly obtain psilocybin, and (c) the loss of the psilocybin was the equivalent to a Catholic priest spilling some of the sacramental wine—frustrating but easily resolved. In short, Plaintiffs did not establish that the ongoing retention of the psilocybin—and just the psilocybin—would cause them to suffer meaningful harm. Given the evidence and the interests at stake, a stay is appropriate. *See id.* R. 8.1(D)-(E).

### IV.  DEFENDANTS REMAIN WILLING TO POST A $2,500 BOND AS AN ALTERNATIVE.

Defendants remain willing to post a $2,500 bond with the Court as an alternative for the return of the psilocybin. The amount of that bond approximates Plaintiffs' testimony about the value of the psilocybin at issue.

Notably, Defendants offer is the reverse of the process required by Federal Rule of Civil Procedure 65. Under that rule, "[t]e court may issue a preliminary injunction or temporary restraining order only if the *movant* gives security in an amount that the court considers proper." Fed. R. Civ. P. 65(c) (emphasis added). The Court's Injunction Order did not address security or explain why no security was required. [*See* Injunction Order (Dkt. 24)]. Nevertheless, Defendants remain willing to reverse the ordinary course and provide $2,500 as security and as confirmation that this Motion is made in good faith.

### CONCLUSION

The Court should modify or stay its Injunction Order. While the criminal case is pending in the Utah State Courts, the Defendants should not be required to return the psilocybin. A contrary

9

requirement would result in the permanent loss of that evidence, violate a prosecutor's statutory duties under Utah law, and threaten the criminal process pending in the Utah State Courts.

Dated this 18th day of December, 2024.

        JAMES DODGE RUSSELL & STEPHENS, P.C.

        */s/ Mitchell A. Stephens*
        Mitchell A. Stephens
        Justin L. James
        Dillon P. Olson

        *Counsel for Utah County and Jeffrey Gray*

        PROVO CITY LEGAL

        */s/ Richard A. Roberts*
        Gary D. Millward
        Richard A. Roberts

        *Counsel for Provo City, Troy Beebe, Brian Wolken, and Jackson Julian*