IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, SINGULARISM, and PSYCHE HEALING AND BRIDGING,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH COUNTY, PROVO CITY, JEFFREY GRAY, TROY BEEBE, BRIAN WOLKEN, and JACKSON JULIAN,<br><br>Defendants. | **ORDER TEMPORARILY STAYING TRO REQUIRING RETURN OF MUSHROOMS AND REITERATING PREVIOUS ORDER TO NOTIFY COURT OF ANY REQUEST FOR ADDITIONAL EVIDENTIARY HEARING**<br><br>Case No. 2:24-cv-00887-JNP-CMR<br><br>District Judge Jill N. Parrish |

Plaintiffs are members and affiliates of a new religion called Singularism, which relies on psylocibin mushrooms to encounter the Divine during religious ceremonies. Psylocibin is a Schedule I controlled substance. When Plaintiff Bridger Lee Jensen founded Singularism in November 2023, he notified Utah County and Provo City about his religion's sincere use of psylocibin. For one year, the government took no action. In November 2024, Provo City officers executed a search warrant at Singularism's location. During the search, Jensen forthrightly directed the officers to Singularism's stock of psylocibin mushrooms and attempted to explain how Singularism used them in religious ceremonies. The officers seized the mushrooms (along with Singularism's sacred scripture, its records of religious ceremonies), and the government threatened criminal charges against Jensen.

Plaintiffs then filed suit in Utah state court against Utah County, Provo City, and several government officials, seeking a temporary restraining order and preliminary injunction to require

return of the mushrooms and scripture. Their motion invoked the Free Exercise Clause of the First Amendment to the U.S. Constitution, the free exercise clause of the Utah constitution, and the Utah Religious Freedom Restoration Act ("RFRA"), UTAH CODE ANN. § 63G-33-201. The government Defendants removed the case to federal court on November 27.

On December 13, the court held an evidentiary hearing on Plaintiffs' motion for a temporary restraining order. At the hearing, Plaintiffs presented the testimony of several witnesses, including Jensen, to establish that they used psylocibin mushrooms for sincere, religious purposes and that the law banning psylocibin imposed a substantial burden on their religious exercise. Defendants' entire presentation challenged the sincerity of Plaintiffs' religious beliefs.

The court found Plaintiffs' witnesses credible and ruled that Plaintiffs had shown a likelihood of success on their claim under the Utah RFRA. Accordingly, the court entered a limited temporary restraining order requiring Defendants to return the psylocibin mushrooms and records as soon as practicable. The court also recognized that a one-day hearing may not have sufficed for the parties to introduce all the evidence they wished to present in connection with Plaintiffs' motion for a preliminary injunction; therefore, the court offered to hold another hearing in January before ruling on the motion for preliminary injunction and ordered the parties to notify the court by December 20 if they wished to avail themselves of this option.

Yesterday, on December 18, Defendants filed a motion asking the court to stay the portion of its order requiring them to return the psylocibin mushrooms. Their motion indicated that following the court's ruling that Plaintiffs had shown a likelihood of success on the merits of their Utah RFRA claim, the government instituted criminal charges against Jensen. Defendants' motion argued that state law requires them to retain evidence seized in good faith indicating the

commission of a felony offense (illegal use of psylocibin would constitute a felony) and that this court's order would interfere with the now-pending state prosecution.

The court waits to rule on this motion but orders a temporary stay of the mushrooms portion of the order until Defendants' motion is fully briefed and resolved. The court also clarifies that the parties must still notify the court by tomorrow, December 20, if they wish to present any additional evidence for the court to consider in ruling on Plaintiffs' motion for a preliminary injunction. If the court does not hear from the parties by then, the court will assume that no further evidentiary hearing is necessary and will proceed to rule on the motion for preliminary injunction. The order resolving that motion will contain the court's detailed findings of fact and legal reasoning to aid the Tenth Circuit in its review of this case should it arrive in that court.

## CONCLUSION AND ORDER

The court **STAYS** the portion of its temporary restraining order requiring the government to return the psylocibin mushrooms pending resolution of Defendants' motion to stay. The court once again **ORDERS** the parties to notify the court by tomorrow, December 20, if they wish to present any additional evidence in connection with Plaintiffs' motion for preliminary injunction.

Signed December 19, 2024.

                        BY THE COURT

                        _____
                        Jill N. Parrish
                        United States District Court Judge