Tanner J. Bean (A17128)
tbean@fabianvancott.com
Anna P. Christiansen (A17518)
achristiansen@fabianvancott.com
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, UT 84111-23323
Telephone: (801) 531-8900
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, an individual; SINGULARISM, a non-profit corporation; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY; a limited liability company;<br><br>Plaintiffs,<br>vs.<br><br>UTAH COUNTY, a political subdivision, PROVO CITY, a political subdivision; JEFFREY GRAY, an individual; TROY BEEBE, an individual; BRIAN WOLKEN, an individual; JACKSON JULIAN, an individual; JOHN DOES 1-4, individuals;<br><br>Defendants. | **OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO STAY OR MODIFY ORDER REQUIRING RETURN OF PSILOCYBIN**<br><br>Civil No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish<br><br>(Removed from Fourth Judicial District Court, Utah County, State of Utah, Case No. 240406123) |

Plaintiffs Bridger Lee Jensen, Singularism, Psyche Healing and Bridging LLC (dba Psychedelic Therapy Journey) ("Plaintiffs") hereby file their Opposition to Defendants' Expedited Motion to Stay or Modify Order Requiring Return of Psilocybin.

1

# INTRODUCTION

Defendants refuse to comply with this Court's TRO to return Plaintiffs' religious sacrament. The Court found that "deprivation of [Plaintiffs'] ps[i]locybin . . . is ongoing," "impose[s] an 'undue hardship,'" and that Plaintiffs "will suffer irreparable harm absent preliminary relief. The ongoing deprivation of their ps[i]locybin . . . hinders their free exercise of religion, and no amount of damages later can fully compensate for this harm."

In an attempt to excuse their sanctionable behavior, Defendants have manufactured the dilemma of which they now complain. *Five days after* the TRO, Defendants filed criminal charges so they could claim the Court must stay the TRO so they can prosecute Mr. Jensen. This is not only bad faith maneuvering, but it is an escalation of Defendants' burdens upon Plaintiffs' religious free exercise, despite the Court's order that Plaintiffs are substantially likely to prevail. Plaintiffs requested injunctive relief over a month ago to prevent Defendants from prosecuting Mr. Jensen and will seek such relief at the Court's TRO/preliminary injunction hearing in January.

The Court should deny Defendants' motion immediately. Defendants do not even attempt to set forth the standard to stay a TRO, let alone meet it. Further, controlling authorities dictate that the Court should *enjoin the bad faith state court criminal proceedings*, not this Court's TRO. Defendants' crisis is manufactured and illusory. It pales in comparison to what Defendants have done to trample upon Plaintiffs' free exercise of religion.

# ARGUMENT

Defendants request the Court stay its TRO. But they fail to even provide the Court with the standard to consider their request. Under the applicable standard, Defendants' request fails.

The default rule under Rule of Civil Procedure 62(c) is that "an interlocutory or final judgment in an action for an injunction" is "not stayed after being entered, even if an appeal is taken . . ." Further, when an appeal is pending related to an injunction, the court may require a "bond or other terms that secure the opposing party's rights." Fed. R. Civ. P. 62(d). This Court evaluates a request to stay one of its orders under the following standard:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Cmty. Television of Utah, LLC v. Aereo, Inc.*, 997 F. Supp. 2d 1191, 1209 (D. Utah 2014) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)); *see e.g., Derma Pen, LLC v. 4EverYoung Ltd.*, No. 2:13-CV-00729-DN-EJF, 2014 WL 3563469, at *1 (D. Utah July 18, 2014).[1] "Importantly, a stay is not a matter of right, even if irreparable injury might otherwise result." *ESIP SERIES 1, LLC v. Doterra Int'l, LLC*, No. 215CV00779RJSDBP, 2023 WL 4206387, at *2 (D. Utah June 27, 2023) (cleaned up) (quotation omitted).

## I. DEFENDANTS' SUPPOSED EVIDENTIARY CRISIS IS MANUFACTURED. IT FAILS TO MEET THE STAY FACTORS.

After the Court issued its TRO and counsel met and conferred, Defendants determined they would not return the psilocybin. Instead, they (1) filed criminal charges (which mentioned this action, *but not that this Court had issued a TRO*), (2) moved to stay the TRO, and (3) did not return

---

[1] This is the same standard Defendants would have to argue to the Tenth Circuit should this Court deny Defendants' request for a stay. *See* Fed. R. App. P. 8; 10th Cir. R. 8.1; *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001).

any items, instead requiring Plaintiffs to "retrieve those items from the police department's front counter."

This course of events shows that Defendants have, in bad faith, manufactured the evidentiary crisis of which they now complain to the Court. Additionally, Defendants fail to demonstrate the four stay factors.

*Success on the Merits.* Defendants do not even try to argue they will succeed on the merits. Indeed, the Court's TRO indicates that it is *Plaintiffs* that have a substantial likelihood of success on the merits, and on *every relevant factor* of the TRO/preliminary injunction framework and of Plaintiffs' Utah RFRA claim. *See* ECF 24. Further, the Court TRO does *not* violate Utah's evidence retention statute.

While it is true that Utah Code §§ 77-11c-201 and 77-11c-301 *generally* require the retention of evidence, there are exceptions. The most notable exception is where a "court orders [Defendants] to return the evidence that is property to a claimant" under Utah Code § 77-11a-305. *See* Utah Code §§ 77-11c-202(1)(b), 77-11c-302(1)(b). Utah Code § 77-11a-305 states that a claimant may initiate an evidence return request in *either* "the court in which the criminal proceedings have commenced" *or* "the district court with venue under Section 77-11a-102 *if there are no pending criminal proceedings*." (Emphasis added). Utah Code § 77-11a-102 specifies that for this case, a "court with venue" would be Utah's Fourth Judicial District where Plaintiffs originally filed their civil action. But because Defendants removed that action to this Court, *this* is the appropriate court.

Under Utah Code § 77-11a-305(2)-(3), upon receipt of a request for a return of evidence, the Court must hold an expedited hearing where the Court evaluates whether the claimant

establishes "by clear and convincing evidence that the claimant: (a) is the owner of the property; and (b) may lawfully possess the property." And where "the court orders the property to be returned to the claimant, the agency with custody of the property shall return the property to the claimant as *expeditiously as possible.*" Utah Code § 77-11a-305(4) (emphasis added). Those requirements have already been met: (1) Plaintiffs made a request for return of psilocybin; (2) this Court conducted an expedited hearing regarding Plaintiffs' lawful possession of psilocybin; and (3) the Court reviewed those elements under the similarly high TRO/preliminary injunction framework.

Utah's evidence retention statute also *permits Defendants* to return Plaintiffs' psilocybin if they, among other things, "preserve[] sufficient evidence of the . . . substance for use as evidence" including by testing and photographing the psilocybin. *See* Utah Code §§ 77-11c-202(1), (4), 77-11c-302(1), (5). Thus, Defendants *are not* bound by statute to retain Plaintiffs' sacramental psilocybin.

*Defendants' Injury.* Defendants argue they will be irreparably harmed by returning Plaintiffs' sacramental psilocybin because they will be unable to use it to prosecute Mr. Jensen. This claim is significantly undermined by Defendants' *manufacturing* this harm by filing a criminal case against Mr. Jensen after the TRO was issued. Further, Defendants have other means, as shown above, to pursue their prosecution of Mr. Jensen than physical possession of the psilocybin, including using Mr. Jensen's testimony to this Court. There is no harm to Defendants where possession is not reasonably in question.[2] Last, there can be no harm to Defendants'

---

[2] Defendants' motion cites to three cases to argue that returning the psilocybin will moot the need for a preliminary injunction. ECF 32, at 4. However, none of those cases say that. Further, Defendants' refusal to return Plaintiffs' sacramental psilocybin and decision to file criminal

prosecution where the criminal action is brought in bad faith to evade this Court's TRO and with knowledge that Mr. Jensen is substantially likely to prevail in the criminal proceeding upon his defense under the Utah RFRA for the same reasons as contained in this Court's TRO.

*Injury to Plaintiffs.* In contrast, a stay would extend and deepen the "ongoing deprivation of [Plaintiffs'] ps[i]locybin," an "irreparable harm" that "hinders [Plaintiffs'] exercise of religion" and for which "no amount of damages later can fully compensate for this harm." ECF 24, at 3. The need to enforce the TRO is even more present now that Defendants have chosen to double down on their burdens on Plaintiffs' religious free exercise.

*Public Interest.* As Plaintiffs argued in their briefing on their motion for TRO/preliminary injunction, preserving religious free exercise is in the public's interest, even if that means granting a religious exemption from Utah's Controlled Substances Act through Utah's RFRA. *See* ECF 19, at 34; *see also* ECF 24, at 3.

## II. CONTROLLING LAW DICTATES THE STATE COURT PROSECUTION BE ENJOINED.

The Court can also deny Defendants' motion because their authorities *do not* prohibit enjoining state criminal action. The All Writs Act empowers this Court to issue injunctions against state criminal proceedings and Defendants' citation to *Douglas v. City of Jeannette* does nothing to alter that power.

First, the "Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and

---

charges against Mr. Jensen ensures that all issues remain live and that a preliminary injunction is necessary.

principles of law." 28 U.S.C. § 1651(a) (the "All Writs Act"). Under the All Writs Act, federal courts possess authority to issue injunctions against state court proceedings in certain circumstances. *See, e.g.*, *Baker v. Gotz*, 415 F. Supp. 1243, 1247 (D. Del.), *aff'd*, 546 F.2d 415 (1976) (summarizing the application of the All Writs Act). The Anti-Injunction Act, 28 U.S.C. § 2283, clarifies that a federal court can issue such injunctions in three circumstances: (1) when expressly authorized by Congress, (2) "where necessary in aid of its jurisdiction," or (3) "to protect or effectuate its judgments." Both the first and second exceptions are met in this case, and it is likely that ultimately in this case the third exception will be met as well.

Congress has dictated that removal of a case to federal court acts as a stay of state court proceedings. *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 640 (1977) (plurality opinion) ("The statutory procedures for removal of a case from state court to federal court provide that the removal acts as a stay of the state-court proceedings."). After removal, the state court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Thus, the removal statute constitutes express congressional authorization permitting federal courts to issue injunctions against state court proceedings. *See* Wright & Miller, Fed. Prac. & Proc. § 4225 Exceptions to the Act—In General—Necessary in Aid of Its Jurisdiction (3d ed. 2024) ("The removal cases can be more easily fit into the first exception, on the ground that they are an express statutory exception, and the Supreme Court has so treated them."). Under this exception, federal courts have authority to enjoin *future state court proceedings filed in an attempt to subvert the purposes of the removal statute*. *See, e.g.*, *Kansas Public Employees Retirement Sys. v. Reimer Kroger Assocs.*, 77 F.3d 1063, 1070-71 (8th Cir. 1996) (upholding injunction against unremoved state case under Authorized-by-Congress exception because the

7

"newly filed state suit . . . was an attempt to subvert the removal of the earlier case"); *Davis Int'l, LLC v. New Start Grp. Corp.*, 367 F. App'x 334 (3d Cir. 2010) (affirming federal court injunction where the federal court issued a stay and the party displeased with the stay refiled several claims in a new state court case). "[A] plaintiff's fraudulent attempt to subvert the removal statute implicates the expressly authorized exception to the Anti-Injunction Act and may warrant the granting of an anti-suit injunction." *Id.* at 337 (citation omitted).

The second exception to the Anti-Injunction Act was added to the statute "to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts." 28 U.S.C. § 2283, Reviser's Notes (1948) (referring to 28 U.S.C. § 1651, the removal statute). This "in aid of its jurisdiction" exception is properly understood as applying in two circumstances: when either "(1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or, (2) the state court entertains an *in rem* action involving a res over which the district court has been exercising jurisdiction in an *in rem* action." *Estate of Brennan ex rel. Britton v. Church of Scientology Flag Serv. Org., Inc.*, 645 F.3d 1267, 1273 (11th Cir. 2011) (quoting *In Re Ford Motor Co.*, 471 F.3d 1233, 1250-53 (11th Cir. 2006)).

This court has federal jurisdiction over this case. Defendants themselves removed this case to federal court. Via their new state court case, Defendants seek to litigate precisely the same issues before the court in this case. As in *Kansas* and *Davis*, this Court can properly exercise its authority under the Anti-Injunction Act and All Writs Act to bar such efforts. In addition, Defendants attempt to subvert this Court's federal removal jurisdiction by asking a state court to interpret and determine the application of Defendants' claims as criminal defenses in a state court action.

Second, Defendants argue that the Court must stay this proceeding, but their reliance on *Douglas v. City of Jeannette (Pennsylvania)*, 319 U.S. 157, 162 (1943), is misplaced. *Douglas* was merely one step in a line of Supreme Court cases beginning with *Ex Parte Young*, 209 U.S. 123 (1908) (establishing that federal courts have power to enjoin threatened state criminal prosecutions in certain situations) and continuing through *Younger v. Harris*, 401 U.S. 37 (1971) (clarifying when federal court injunctions against state criminal prosecutions are available). The rule articulated in *Douglas* lacks the clarity of its progeny and Defendants' citation to *Douglas* fails to analyze the exceptions to *Younger* abstention that have developed in the eighty years since *Douglas*.

*Younger* abstention is only required where (i) a federal court is asked to interfere with an *ongoing* state judicial proceeding, (ii) the issues involve important state interests, and (iii) there is an adequate opportunity afforded in the state court proceeding to raise the federal claims. *J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Courts decline to apply *Younger* when a federal court proceeding *predates* a state court proceeding. *See Liedel v. Juvenile Court of Madison Cnty., Ala.*, 891 F.2d 1542, 1546 n.6 (11th Cir. 1990) ("*Younger* applies if state court proceedings were pending at the time of the filing of the federal complaint."); *Federal Express Corp. v. Tennessee Public Serv. Comm'n*, 738 F. Supp. 1140, 1143 (M.D. Tenn. 1990) ("[T]he proper point of reference for determining whether state proceedings are 'ongoing' is the date the federal complaint is filed."); *Zalman v. Armstrong*, 802 F.2d 199, 204 (6th Cir. 1986) ("[T]he proper time of reference for determining the applicability of *Younger* abstention is the time that the federal complaint is filed. If a criminal prosecution is

pending in state court at this time, *Younger* requires federal noninterference, unless extraordinary circumstances are otherwise found to exist.").

Defendants' state court case was filed on December 18, 2024, a month after this case began. *See* ECF 2-2. Defendants removed the case to this Court on November 27, 2024. ECF 2. Because there was no ongoing state court proceeding when this case was filed in state court, nor when Defendants removed this case to federal court, *Younger* abstention is not applicable and this Court can continue to hear this case.

Although *Younger* does not apply at all, even if this Court were to consider that case, the Court need not—and should not—grant the relief Defendants seek. When *Younger* applies, there is a general rule that federal courts should not enjoin state criminal prosecutions. *Younger*, 401 U.S. at 54. However, this general rule does not apply when there is a great and immediate danger of irreparable injury. *Younger*, 401 U.S. at 45; *see also J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1291 (10th Cir. 1999) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). Irreparable injury has been interpreted to mean (1) bad faith or harassment; (2) flagrantly unconstitutional statutes; and (3) multiple prosecutions. *Younger*, 401 U.S. at 50, 53-54.

Defendants' conduct demonstrates that the first exception for bad faith or harassment is met. Plaintiffs brought this case in state court and Defendants removed the case to federal court. Defendants then argued—despite their removal—that the federal court should not hear at least part of the case that Defendants themselves removed. ECF 13, at 18-20. In the TRO hearing, Defendants challenged every single element of Plaintiff's case, but provided no persuasive evidence that Plaintiffs' religious belief is insincere, that Plaintiffs' religious practices pose any

harm to any legitimate governmental interest or the public, and made no argument that there is no other way to accomplish their governmental interests, among other failings.

After losing at the TRO hearing, Defendants refused to abide by the Court's order, retaining the psilocybin they were ordered to return. And, days after the TRO hearing, Defendants brought criminal charges against Plaintiff Jensen in which they failed to notify the state criminal court of their knowledge that Plaintiffs are substantially likely to prevail upon their defense under Utah's RFRA. Now, Defendants argue that *because of their own actions* of removing this case to federal court and filing a criminal case well after this case began, the TRO issued in this case should be stayed until their new criminal case is complete. As stated above, Defendants, through their own actions, are attempting to manufacture a crisis by which they argue this Court cannot act. Such course of conduct demonstrates Defendants' bad faith, harassment, and retaliatory conduct against Plaintiffs for their free exercise of their religion and establishes the first exception to the general *Younger* abstention rule.

### III. THE COURT SHOULD ORDER DEFENDANTS TO PAY PLAINTIFFS' ATTORNEY FEES INCURRED IN RESPONDING TO THIS MOTION.

The Court possesses inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process" and "may assess attorney's freed when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *O'Rourke v. Dominion Voting Sys., Inc.*, No. 21-1442, 2022 WL 17588344, at *2 (10th Cir. Dec. 13, 2022) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). For the reasons expressed above, the Court should order Defendants to pay Plaintiffs' attorney fees incurred in responding to this motion.

### CONCLUSION

The Court should deny Defendants' motion and order Defendants to pay Plaintiffs' attorney fees incurred in responding to this motion.

DATED December 19, 2024.

*/s/ Tanner J. Bean*
Tanner J. Bean
Anna P. Christiansen
*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, I caused the foregoing **OPPOSITION TO DEFENDANTS' EXPEDITED MOTION TO STAY OR MODIFY ORDER REQUIRING RETURN OF PSILOCYBIN** to be served via email and certified mail upon the following:

Gary DeMott Millward
J. Brian Jones
Provo City Attorneys Office
351 W Center St
PO Box 1849
Provo, UT 84603
(801)852-6141
gmillward@provo.org
bjones@provo.org

Richard A. Roberts
Provo City - Legal Department
445 W Center St Ste 300
Provo, UT 84601
801-852-6140
Email: rroberts@provo.org

Mitchel A. Stephens
Lara A. Swensen
James Dodge Russell & Stephens PC
10 W Broadway Ste 400
Salt Lake City, UT 84101
mstephens@jdrslaw.com
lswensen@jdrslaw.com

/s/ Tanner J. Bean

13