Tanner J. Bean (A17128)
tbean@fabianvancott.com
Anna P. Christiansen (A17518)
achristiansen@fabianvancott.com
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, UT 84111-23323
Telephone: (801) 531-8900
*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF UTAH**

| | |
|---|---|
| BRIDGER LEE JENSEN, an individual; SINGULARISM, a non-profit corporation; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY; a limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>UTAH COUNTY, a political subdivision, PROVO CITY, a political subdivision; JEFFREY GRAY, an individual; TROY BEEBE, an individual; BRIAN WOLKEN, an individual; JACKSON JULIAN, an individual; JOHN DOES 1-4, individuals;<br><br>Defendants. | **MOTION FOR ANTI-SUIT INJUNCTION**<br><br>Civil No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish<br><br>(Removed from Fourth Judicial District Court, Utah County, State of Utah, Case No. 240406123) |

Plaintiffs Bridger Lee Jensen, Singularism, Psyche Healing and Bridging LLC (dba Psychedelic Therapy Journey) ("Plaintiffs") respectfully request that this Court issue an Order enjoining Defendants from pursuing litigation against Plaintiffs in state court proceedings related to the same facts and law at issue in this present litigation. This case was filed on November 19,

1

2024, in state court, and Defendants removed the case to this court on November 27, 2024. A hearing on Plaintiffs' Motion for Temporary Restraining Order was held on December 13, 2024. At such hearing, the Court granted the TRO. Five days later, on December 18, 2024, Defendants filed a criminal case in the Fourth District for the State of Utah, *State v. Jensen*, Case No.241404407 (the "State Court Case"), to allege three criminal charges against Mr. Jensen.

The State Court Case seeks to subvert the purposes of the removal statute by asking the state court to determine the application of Plaintiffs' claims to the facts, which claims were removed to federal court by Defendants in this case. The same facts are at issue in both cases, the same law is at issue in both cases, and Defendants themselves moved this case to federal court. Accordingly, Plaintiffs request that this Court enjoin Defendants from pursuing the State Court Case and from filing any subsequent claims or cases in any court based upon the same events at issue in this case until this case is resolved.

## RELEVANT FACTS

1. On November 19, 2024, this case was originally filed in the Fourth Judicial District Court, Utah County, Utah (Case No. 240406123). ECF No. 2-3.

2. On November 27, 2024, Defendants removed this case to the United States District Court for the District of Utah. ECF No. 1.

3. The federal court has exercised federal question jurisdiction over this case due to claims brought under the First and Fourth Amendments to the U.S. Constitution and 42 U.S.C. § 1983. ECF No. 2-2, at Exhibit 1 to Notice of Removal.

4. On December 4, 2024, Plaintiffs filed a Motion for Temporary Restraining Order. ECF No. 9.

5. The hearing on the Motion was held on December 13, 2024. ECF No. 22.

6. At the hearing, the Court found that the "deprivation of [Plaintiffs'] ps[i]loc[y]bin . . . is ongoing, and requiring Plaintiffs to wait until [a 60-day notice of claim] window passes would impose an 'undue hardship.'" ECF 24, at 2 (the "TRO"). The Court also found that Plaintiffs "will suffer irreparable harm absent preliminary relief. The ongoing deprivation of their ps[i]loc[y]bin . . . hinders their free exercise of religion, and no amount of damages later can fully compensate for this harm." *Id.* at 3. The Court ordered Defendants to return the psilocybin to Plaintiffs "as soon as possible." *Id.* at 3.

7. Five days after the Court issued the TRO, Defendants filed the Criminal Information in the State Court Case. State Court Case Docket, attached hereto as <u>Exhibit A</u>.

8. That same day, Defendants refused to follow the Court's Order, filing a Motion to Stay or Modify the Court's Order, and arguing that their filing of the State Court Case requires this Court to excuse Defendants' failure to follow the TRO. ECF 32, at 5-6.

9. The Criminal Information in the State Court Case is based upon the same facts for which Plaintiffs sought relief in this case. Criminal Information, attached hereto as <u>Exhibit B</u>.

## ARGUMENT

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Under this statute, the All Writs Act, federal courts possess authority to issue injunctions against state court proceedings in certain circumstances. *See, e.g.*, *Baker v. Gotz*, 415 F. Supp. 1243, 1247 (D. Del.), *aff'd* 546 F.2d 415 (1976) (summarizing the application of the All Writs Act). The Anti-Injunction Act, 28 U.S.C. § 2283, clarifies:

3

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

Under the All Writs Act and the exceptions in the Anti-Injunction Act, this Court has authority to enjoin the state court and Defendants from pursing the State Court Case.

Plaintiffs originally filed this case in state court; Defendants themselves removed this case to federal court. Only after the TRO was entered, Defendants filed the State Court Case, precisely the conduct that Plaintiffs brought sought to prevent by filing this case. Defendants attempt to subvert the removal statute by forcing Plaintiffs to litigate their claims in state court, violating the purpose of the removal statute and creating the potential for conflicting judgments. Defendants' own actions have put the Court and the parties in the current situation; this Court should not permit them to benefit from a crisis they have manufactured.

This Court has the power and authority to enjoin the State Court Case, and to prevent Defendants from subverting the purposes of the federal removal statute by filing any subsequent actions based on the facts and claims at issue in this case. All three of the Anti-Injunction Act exceptions are either presently met, or likely to be met as this case progresses.

### I. THE REMOVAL STATUTE EXPRESSLY AUTHORIZES THIS COURT TO ISSUE AN INJUNCTION.

Under the first Anti-Injunction Act exception, federal courts can enjoin state court proceedings when Congress has expressly authorized such action. As relevant here, Congress has dictated that removal of a case to federal court acts as a stay of state court proceedings. *See Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 640 (1977) (plurality opinion) ("The statutory procedures for removal of a case from state court to federal court provide that the removal acts as a stay of the state-court proceedings."). Once a case has been removed to federal court, the State court "shall

4

effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Thus, the removal statute constitutes such express congressional authorization. *See* Wright & Miller, Fed. Prac. & Proc. § 4225 Exceptions to the Act—In General—Necessary in Aid of Its Jurisdiction (3d ed. 2024) ("Although the Reviser's Note says that this exception was 'to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts,' this seems an unlikely explanation. The removal cases can be more easily fit into the first exception, on the ground that they are an express statutory exception, and the Supreme Court has so treated them.").

Courts have relied upon the removal statute to conclude that federal courts have authority to enjoin future state court proceedings filed in an attempt to subvert the purposes of the removal statute. For example, in *Kansas Public Employees Retirement System v. Reimer Kroger Associates*, the Eighth Circuit held that an injunction against an unremoved state case was proper under the Authorized by Congress exception because the "newly filed state suit . . . was an attempt to subvert the removal of the earlier case." 77 F.3d 1063, 1070-71 (8th Cir. 1996).

The Third Circuit has reached a similar conclusion. *See Davis Int'l, LLC v. New Start Grp. Corp.*, 367 F. App'x 334 (3d Cir. 2010) ("*Davis II*") (affirming the district court's grant of an injunction under the All Writs Act where a case was removed, the federal court stayed discovery pending several motions, and a party displeased with the stay refiled several of those claims in a new state court case). In *Davis II*, the Third Circuit emphasized that "Courts considering the question have unanimously held that a plaintiff's fraudulent attempt to subvert the removal statute implicates the expressly authorized exception to the Anti-Injunction Act and may warrant the granting of an anti-suit injunction." *Davis II*, 367 F. App'x at 337 (quoting *Davis Int'l, LLC v. New*

5

*Start Grp. Corp.*, 448 F.3d 597, 605 (3d Cir. 2007) ("*Davis I*")). The Anti-Injunction Act's express authorization exception can properly be applied to enjoin attempts to subvert the removal statute by refiling claims in state court. *Davis II*, 367 F. App'x, at 338.

Through the State Court Case, Defendants seek to litigate the same issues before this Court, subverting the removal statute. As in *Kansas* and *Davis II*, this Court can properly exercise its authority under the Anti-Injunction Act and All Writs Act to bar such efforts. Accordingly, this Court should enjoin the State Court Case.

## II. AN INJUNCTION WOULD AID THIS COURT'S JURISDICTION.

This Court can also issue an injunction under the second exception to the Anti-Injunction Act. "The phrase 'in aid of its jurisdiction' was added to conform to section 1651 of this title and to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts." 28 U.S.C. § 2283, Reviser's Notes (1948) (referring to 28 U.S.C. § 1651, the removal statute).

As other Circuit Courts have recognized, the "in aid of its jurisdiction" exception to the current Anti-Injunction Act is properly understood as applying in two circumstances: when either "(1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or, (2) the state court entertains an *in rem* action involving a res over which the district court has been exercising jurisdiction in an *in rem* action." *Estate of Brennan ex rel. Britton v. Church of Scientology Flag Serv. Org., Inc.*, 645 F.3d 1267, 173 (11th Cir. 2011) (quoting *In Re Ford Motor Co.*, 471 F.3d 1233, 1250-53 (11th Cir. 2006)).

This Court has federal question jurisdiction over this case. Defendants themselves removed this case to federal court. Defendants' attempts to now litigate the same issues in the State Court

6

Case is an attempt to subvert this Court's federal removal jurisdiction by asking a state court to interpret and determine the scope of Plaintiffs' constitutional and statutory rights. Accordingly, this Court should grant the injunction in aid of its jurisdiction over the removed claims.

### III. THE RELITIGATION EXCEPTION TO THE ANTI-INJUNCTION ACT IS ALSO LIKELY TO APPLY IN THIS CASE.

The third exception to the Anti-Injunction Act, known as the "relitigation exception," applies where a federal court issues an injunction "to protect or effectuate its judgments." 28 U.S.C. § 2283. This exception allows federal courts to enjoin state courts to "prevent relitigation" of issues in state court. *Toucey v. New York Lif Ins. Co.*, 314 U.S. 118 (1941) (Reed, J., dissenting); 28 U.S.C. § 2283, Reviser's Note (stating that the amendment to the Anti-Injunction Act which codified the exception "to protect or effectuate its judgments" was included specifically to overrule the majority opinion in *Toucey* and to side with the "vigorous dissenting opinion"). "The congressional response to *Toucey* was the enactment in 1948 of the anti-injunction statute in its present form in 28 U.S.C. § 2283, which, as the Reviser's Note makes evident, served not only to overrule the specific holding of *Toucey*, but to restore 'the basic law as generally understood and interpreted prior to the *Toucey* decision.'" *Mitchum v. Foster*, 407 U.S. 225, 236 (1972) (quoting the Reviser's Note).

The relitigation exception applies when two requirements are met: (1) "the issue the federal court decided must be the same as the one presented in the state tribunal," and (2) the parties in both cases must be the same "or else must fall within one of a few discrete exceptions to the general rule against binding nonparties." *Smith v. Bayer Corp.*, 564 U.S. 299, 307-08 (2011).

While there is not yet a final determination on Plaintiffs' claims, Defendants' State Court Case emphasizes the likelihood that the third exception will also be met as this case progresses.

7

First, Defendants seek to litigate the same issues in both this case and the State Court Case. This case predates the State Court Case. Thus, any resolution of this case would necessarily cause the relitigation exception to apply. Second, Mr. Jensen is a party to both cases. Thus, the second requirement for applying the relitigation exception also applies.

IV. **THE COURT SHOULD ORDER DEFENDANTS TO PAY PLAINTIFFS' ATTORNEY FEES INCURRED IN BRINGING THIS MOTION.**

The Court possesses inherent power to "fashion an appropriate sanction for conduct which abuses the judicial process" and "may assess attorney's freed when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *O'Rourke v. Dominion Voting Sys., Inc.*, No. 21-1442, 2022 WL 17588344, at *2 (10th Cir. Dec. 13, 2022) (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) and *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). For the reasons expressed above, and in accordance with this standard, the Court should order Defendants to pay Plaintiffs' attorney fees to bring this motion, which was necessitated by Defendants' conduct.

**CONCLUSION**

Wherefore, Plaintiffs respectfully request that this Court issue an Order enjoining Defendants from pursuing litigation against Plaintiffs in state court proceedings related to the same facts and law at issue in this present litigation. The Court should order Defendants to pay Plaintiffs' attorney fees incurred in brining this motion.

DATED December 19, 2024.

                                             */s/ Tanner J. Bean*
                                             Tanner J. Bean
                                             Anna P. Christiansen
                                             *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2024, I caused the foregoing **MOTION FOR ANTI-SUIT INJUNCTION** to be served via email and certified mail upon the following:

    Gary DeMott Millward
    J. Brian Jones
    Provo City Attorneys Office
    351 W Center St
    PO Box 1849
    Provo, UT 84603
    (801)852-6141
    gmillward@provo.org
    bjones@provo.org

    Richard A. Roberts
    Provo City - Legal Department
    445 W Center St Ste 300
    Provo, UT 84601
    801-852-6140
    Email: rroberts@provo.org

    Mitchel A. Stephens
    Lara A. Swensen
    Dillon Olson
    Justin James
    James Dodge Russell & Stephens PC
    10 W Broadway Ste 400
    Salt Lake City, UT 84101
    mstephens@jdrslaw.com
    lswensen@jdrslaw.com
    dolson@jdrslaw.com
    jjames@jdrslaw.com

                                                    */s/ Tanner J. Bean*