J. BRIAN JONES (11816)
GARY D. MILLWARD (12170)
RICHARD A. ROBERTS (12217)
PROVO CITY ATTORNEY'S OFFICE
445 W Center St.
Provo, Utah 84601
(801) 852-6140
gmillward@provo.gov
rroberts@provo.gov

*Attorneys for Defendants Provo City, Troy Beebe, Brian Wolken, and Jackson Julian*

MITCHELL A. STEPHENS (11775)
JUSTIN L. JAMES (15167)
DILLON P. OLSON (16120)
JAMES DODGE RUSSEL & STEPHENS, P.C.
10 West Broadway, Ste. 400
Salt Lake City, Utah 84101
mstephens@jdrslaw.com
lswensen@jdrslaw.com

*Attorneys for Defendants Utah County and Jeffrey Gray*

___

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN; SINGULARISM; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY,; <br><br> Plaintiffs, <br><br> vs. <br><br> UTAH COUNTY; PROVO CITY; JEFFREY GRAY; TROY BEEBE; BRIAN WOLKEN; JACKSON JULIAN; JOHN DOES 1-4; <br><br> Defendants. | **REPLY MEMORANDUM IN SUPPORT OF EXPEDITED MOTION TO STAY OR MODIFY ORDER REQUIRING RETURN OF PSILOCYBIN** <br><br> Civil Case No. 2:24-cv-00887-JNP <br><br> Judge Jill N. Parrish |

Defendants Utah County (the "County"), Jeffrey Gray ("Gray") (collectively "Utah

1

County") and Provo City (the "City"), Troy Beebe ("Beebe"), Brian Wolken ("Wolken"), and Jackson Julian ("Julian") (collectively "Provo"), submit this Reply Memorandum in Support of Defendants' Expedited Motion to Stay or Modify Order Requiring Return of Psilocybin.

## **ARGUMENT**

**I.    THE STATE OF UTAH'S CRIMINAL CHARGES DID NOT MANUFACTURE A CONTROVERY REGARDING EVIDENCE RETENTION**

Plaintiffs argue that the State of Utah's criminal charges against Plaintiff, "manufactured" a crisis regarding the need to retain evidence pertaining to a criminal case. Their argument is without merit. Most fundamentally, the destruction of evidence relating to a second-degree felony that would result from enforcement of the temporary restraining order is an evidentiary crisis in and of itself. This is true irrespective of what dates the criminal charges were filed on, and would be so even if no charges had been filed at this point. Indeed, the evidence at issue was only seized because the Fourth District Court, State of Utah "commanded" as much. [*See* Dkt. 13-14 (declaring a "peace officer" is "commanded[] to make a search . . . [and] retain such property" (capitalization altered))]. The Utah Courts issued that order after expressly concluding "that there is probable cause to believe" that Jensen possessed "Psilocybin (Schedule I Controlled Substance)" at the "Singularism" center in violation of the Utah Controlled Substances Act. [*Id.*]. Defendants' good-faith efforts to enforce Utah law – in a manner expressly directed by the Utah Courts – is not "manufactured."

Per Plaintiff's approach, Defendants were evidently required to file criminal charges immediately upon Plaintiff's own filing of the complaint seeking a declaratory judgment, regardless of the state of Defendants' investigation or prosecutors' review of the investigation. Plaintiff's approach would improperly undermine Defendants' ability to perform its duty to

2

criminally prosecute alleged criminal offenders. Claims of bad faith are particularly unwarranted when the timeline is considered. The Utah Courts issued the search warrant on November 4, 2024, and the police department executed that warrant on November 11, 2024. [Injunction Order (Dkt. 24) at 1]. Plaintiff filed his complaint in the Fourth District Court on November 19, 2024. [See Complaint, Dkt. 2]. The Order Granting Temporary Restraining Order was argued and orally granted on December 13, 2024, and the written order filed on December 16, 2024. [Injunction Order (Dkt. 24) at 3].[1] Thus, per Plaintiff's analysis, Defendants were effectively required to file criminal charges within approximately one month of the execution of the initial search warrant, and likely while their TRO Motion was pending. Otherwise, according to Plaintiffs, continuing the criminal process that began with the State Courts' search warrant is "manufacturing" a controversy. Plaintiffs' position is unfounded.

Moreover, concern for compliance with Utah's evidence retention statutes would exist even if no charges had been filed. Indeed, the period of retention would likely be even longer.

Utah Code section 77-11c-301 requires that evidence pertaining to a felony shall be maintained for "(i) ***the length of the statute of limitations*** for the felony offense if: (A) ***charges are not filed*** for the felony offense." Utah Code § 77-11c-301(1)(a). Most saliently here, in the *State of Utah v. Jensen*, Case No. 241404407, plaintiff is charged under Utah Code section 58-37-8(1)(A)(III) with Possession with Intent to Distribute of a Schedule 1 Controlled Substance, a Class 2 Felony. The psilocybin seized during the November 11, 2024, search relates to this charge. Utah Code section 76-1-302(1) states: "a prosecution for (a) a felony or negligent homicide shall

---

[1] The criminal information was filed within three business days of this Court's oral ruling and confirmation that it was ***not*** enjoining the Utah Courts or the State of Utah from proceeding with the ongoing criminal process.

3

be commenced within four years after it is committed . . . ." In other words, even if the State of Utah were not its criminal charges, Defendants would be required to retain the seized psilocybin for at least four years.

In short, Defendants' filing of the criminal charges did not "manufacture" a crisis over the evidence, but there is instead an irreconcilable conflict between the temporary restraining order and the Utah evidence retention statute. Even without the criminal charges, the Utah Code commands retention of the evidence from the moment it is collected for a period of four years. Therefore, the Defendants requested that the temporary restraining order be stayed or modified, to avoid releasing evidence in contradiction to the Utah Code.

II. **PLAINTIFF HAS NOT PREVIOUSLY REQUESTED RELEASE OF THE PSILOCYBIN UNDER UTAH CODE SECTION 77-11a-305, AND THE STANDARDS OF THE STATUTE HAVE NOT BEEN SATISFIED.**

Plaintiffs further argue that the return of the psilocybin is not improper because Utah Code allows for the release of evidence that relates to a felony investigation. This argument is without merit. At no point before now had Plaintiffs invoked the statutory process to seek or obtain the return of evidence seized in response to a search warrant issued by the Utah Courts.

Significantly, Plaintiffs' Complaint made no mention of Utah Code section 77-11a-305. Neither did Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction ("TRO Motion") make any mention of this section. In both instances, Plaintiff instead argued primarily in terms of Constitutional rights, both state and federal, and the Utah RFRA. Put simply, Plaintiffs wish to retroactively construe their complaint and motion as being made under a wholly different and distinct statute, unmentioned and unargued previously. However, that claim was not made. Nor was that unmade claim removed to this Court. Thus, even assuming, as Plaintiff argues, that

4

this Court *could* have jurisdiction to hear this claim, Plaintiff has failed to make it. It similarly failed to request a hearing pursuant to Utah Code section 77-1a-305.

Even if this Court were inclined to retroactively deem the complaint or the TRO Motion to effectively be a request to release evidence under Utah Code section 77-11a-305, the requirements for release under the statute have not been met. Indeed, because of the different standards used for a temporary restraining order, as compared to the evidence retention statute, construing arguments made and orders issued regarding the temporary restraining order and deeming them to suffice for a hearing under the evidence retention statute is unfeasible and improper. Utah Code section 77-11a-305(3) states: "Before the court can order property be returned to a claimant, the claimant shall establish, by clear and convincing evidence, that the claimant . . . (b) may lawfully possess the property." In contrast, the Order Granting Temporary Restraining Order notes that to obtain a TRO the plaintiff must, apart from the questions of harm and the public interest, "show that (1) he has a substantial *likelihood* of success on the merits . . . ." [See Injunction Order (Dkt. 24) at 1]. Further, the Court made its Order based upon an analysis of the Utah RFRA, rather than any analysis relating to the Utah Code evidence retention statutes. [See *id.* at 2.]

Though the Court did conclude that all prongs for the temporary restraining order were met, this standard of proof is different from, and often irrelevant to, the requirements of Utah Code Section 77-11a-305. The latter three prongs of the temporary restraining order test are entirely irrelevant to a determination under Utah Code Section 77-11a-305. Most significantly, a "substantial likelihood of success on the merits" cannot be construed to be a final, appealable judgment that "clear and convincing evidence" establishes Plaintiffs have a right to "lawfully possess" the property. An expectation that a party is likely to succeed on the merits cannot be

transmute into an adjudication that the party has, in fact, already succeeded on the merits, and by a "clear and convincing evidence" standard. This Court has not made a final adjudication that defendant "may legally possess" the psilocybin under any standard or proof, much less under the more demanding "clear and convincing" evidence standard. In short, the Court's findings of law and fact within the temporary restraining order would not suffice to provide basis for release of the psilocybin pursuant to Utah Code section 77-11a-305. Consequently, the temporary restraining order remains contrary to the requirements of Utah evidence retention statutes – even if Plaintiffs had properly invoked that statute.

### III. THE COURT'S TEMPORARY RESTRAINING ORDER DID NOT ENJOIN DEFENANTS FROM FILING CRIMINAL CHARGES.

Plaintiff further argues that Defendants should be enjoined from filing criminal charges against Plaintiff. In addition to the following response, Defendants expressly incorporate their Memorandum in Opposition to Motion for Anti-Suit injunction.

Fundamentally, Plaintiffs' argument about the continuation of the criminal process in the Utah Courts is irrelevant to Defendants' request to have the temporary restraining order stayed or modified because the temporary restraining order does not enjoin Defendants from pursuing criminal charges against Plaintiff. [See Injunction Order (Dkt. 24*)*]. In fact, at the conclusion of the TRO hearing, the Court expressly stated that it was *not* enjoining the criminal process. Should this court refuse to either stay or modify the temporary restraining order, that order would still not enjoin the Defendants from pursuing the criminal charges.

However, even apart from its irrelevance to the issues at hand, Petitioner's request that the Defendants be enjoined from filing or pursuing the criminal cases is unpersuasive. Plaintiff's discussion of this case's removal to federal court is largely irrelevant. Defendants agree that "[t]he

statutory procedures for removal of a case from state court to federal court provide that the removal of a case from state court to federal court acts as a stay of the state-court proceedings." on *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 40 (1977). The *civil* proceedings removed to Court have indeed been stayed.  However, that does not change the fact that the *criminal* process always was a separate proceeding.  This was and is obvious by the Utah Courts' issuance of a search warrant in a separate proceeding before filing this lawsuit was filed.

Plaintiff's argument that this removal should enjoin the State of Utah and Utah Courts from continuing the criminal process ignores the distinction between the civil and criminal proceedings. Contrary to what Petitioner may argue, the issues in criminal case are not "precisely the same issues before the court in this case." [Opposition to Defendant's Expedited Motion (Dkt 38) at 8.] Indeed, because this case is not a criminal case, the core issue of *State of Utah v. Jensen*, Case No. 241404407, whether or not Plaintiff is guilty beyond a reasonable doubt of having violated the misdemeanors and the felony charged in that case, cannot be directly adjudicated in this proceeding. Victory here for the Defendants does not result in a criminal conviction to the Plaintiff, and should Plaintiff find no relief with this Court, he may still be acquitted in the criminal case.

Moreover, because this action is a civil case brought by the Plaintiff, rather than a criminal case brought by the Defendants, these issues could not be fully adjudicated in any single case. Defendants are aware of no statute that would allow the State of Utah's criminal action to be joined with this civil action. In short, not only does the filing of criminal charges by the State of Utah in the Utah Courts not "subvert" the removal to federal court, the removal to federal court is totally irrelevant to the decision and to the need to bring criminal charges. Even if this case had remained in the state court, a second case would have existed through the criminal process. Thus, this Court

does not have "exclusive jurisdiction" over the criminal charges filed in 241404407. Indeed, it does not have jurisdiction over those charges at all.

Plaintiffs also misconstrue the binding *Younger* analysis by offering out-of-jurisdiction cases, all of which resulted in the federal court concluding *Younger* abstention was required. Although those cases generally confirm the importance of a *Younger* analysis, they otherwise are not helpful. Moreover, it is notable that while Plaintiffs accuse Defendants of bad faith, they have not cited binding authority. Indeed, it is well-established that *Younger* requires a broader and more deferential view of the criminal process than Plaintiffs represent. *See, e.g.*, *Younger*, 401 U.S. at 45 (recognizing precedent applied "even with respect to state criminal proceedings not yet formally instituted"); *Hicks v. Miranda*, 422 U.S. 332, 349-50 (1975) ("[W]here state criminal proceedings are begun against the federal plaintiffs after the federal complaint is filed but before any proceedings of substance on the merits have taken place in the federal court, the principles *of Younger v. Harris* should apply in full force."); *Morales v. TransWorld Airlines, Inc.*, 504 U.S. 374, 381 n.1 (1992) (recognizing *Younger* applies to "an already-pending or an about-to-be-pending state criminal action"). *See also Doe v. Office of Kan. Sec. Comm'r*, 2017 WL 6557431, at *2 (S.D. Fla. Nov. 28, 2017) ("[T]he issuance of a search warrant constitutes an ongoing state judicial proceeding."); *Nick v. Abrams*, 717 F. Supp. 1053, 1056 (S.D.N.Y. 1989) (finding "'pending state proceeding' exists when a state attorney general executes a search warrant"); *Moore v. Garnand*, 2024 WL 4534597 at *2 (D. Ariz. Sept. 17, 2024) (applying *Younger* even though the criminal indictment came "approximately three years" after the plaintiff "filed their complaint").

In all events, as discussed above, the filing of criminal charges requires that this evidence,

the psilocybin, be retained under Utah Code section 77-11c-301(1)(a)(iii). Even if the Court enjoined a criminal prosecution, it would still be contrary to Utah Code to release the psilocybin at this time under Utah Code Section 77-11c-301(1)(a)(i). It would also be gravely contrary to the public interest to allow evidence relating to a second-degree felony to be destroyed before there has been a final judgment. Plaintiffs' claims that this evidentiary issue is "manufactured" are false, as this conflict would again exist regardless of whether Defendants had filed criminal charges on December 18, 2024. Thus, apart from being essentially irrelevant to the Defendants' request to stay or modify the temporary restraining order, claims that the criminal case should be enjoined do not nullify the conflict between the temporary restraining order and the requirements of the Utah Code. Consequently, Defendants request that the temporary restraining order be stayed, or be modified to come into harmony with the requirements of the Utah evidence retention statutes by allowing Defendants to retain the psilocybin at this time.

## CONCLUSION

The Court should modify or stay its Injunction Order. While the criminal case is pending in the Utah State Courts, the Defendants should not be required to return the psilocybin. A contrary requirement would result in the permanent loss of that evidence, violate a prosecutor's statutory duties under Utah law, and threaten the criminal process pending in Utah State Courts.

Dated this 2nd Day of January, 2025

PROVO CITY LEGAL

*/s/ Gary D. Millward*
Gary D. Millward
Richard A. Roberts

*Counsel for Provo City, Troy Beebe, Brian Wolken, and Jackson Julian*


JAMES DODGE RUSSELL & STEPHENS, P.C.

*/s/ Mitchell A. Stephens*
Mitchell A. Stephens
Justin L. James
Dillon P. Olson

*Counsel for Utah County and Jeffrey Gray*