IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, SINGULARISM, and PSYCHE HEALING AND BRIDGING,<br><br>Plaintiffs,<br><br>v.<br><br>UTAH COUNTY, PROVO CITY, JEFFREY GRAY, TROY BEEBE, BRIAN WOLKEN, and JACKSON JULIAN,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR STAY AND DENYING DEFENDANTS' MOTION FOR EXPEDITED DISCOVERY**<br><br>Case No. 2:24-cv-00887-JNP-CMR<br><br>District Judge Jill N. Parrish |

Following entry of this court's temporary restraining order requiring Defendants to return Plaintiffs' psilocybin mushrooms and sacred scripture as soon as practicable, Defendants filed (1) a motion to stay the portion of that order requiring Defendants to return the psilocybin mushrooms, and (2) a motion seeking expedited discovery before the hearing on Plaintiffs' motion for preliminary injunction currently scheduled for January 23 and 24. The court GRANTS the motion to stay and DENIES the motion for expedited discovery.

## BACKGROUND

To recap briefly, Plaintiffs—members and affiliates of Singularism—use psilocybin (a Schedule I controlled substance) as a sacrament to encounter the Divine. When Plaintiff Bridger Lee Jensen founded Singularism in November 2023, he notified Utah County and Provo City about Singularism's religious use of the entheogen and invited officials to approach him with any questions about the religion. The government did not raise any concerns it may have had about

Singularism's use of psilocybin mushrooms with him. Instead, about a year later in November 2024, Provo City officers executed a search warrant at Singularism's center and seized its stock of psilocybin mushrooms along with its sacred scripture. The government also threatened criminal charges against Jensen.

Plaintiffs then filed suit in state court against Utah County, Provo City, and several government officials, seeking a temporary restraining order and preliminary injunction to require return of the mushrooms and scripture and seeking to enjoin any threatened criminal prosecution. Their motion invoked the Free Exercise Clause of the First Amendment to the U.S. Constitution, the free exercise clause of the Utah constitution, and the Utah Religious Freedom Restoration Act ("RFRA"), UTAH CODE ANN. § 63G-33-201. The government Defendants removed the case to federal court on November 27.

On December 13, the court held an evidentiary hearing on Plaintiffs' motion for a temporary restraining order. At the hearing, Plaintiffs presented the testimony of several witnesses to establish the sincerity of their religion. The court found the witnesses credible and ruled that Plaintiffs had shown a likelihood of success on their claim under the Utah RFRA. Accordingly, the court entered a limited temporary restraining order requiring Defendants to return the psylocibin mushrooms and records as soon as practicable. The State of Utah, through the Utah County Attorney's Office and Defendant Utah County Attorney Jeffrey Gray, then initiated a criminal action against Mr. Jensen in state court.

## ANALYSIS

**I.        Motion to Stay**

Defendants now move for a stay of the portion of the temporary restraining order requiring them to return the mushrooms. (The court previously stayed this portion of its order pending

briefing on and resolution of this motion.) Ordinarily, a judgment in an action for injunction, once entered, is not stayed. FED. R. CIV. P. Rule 62(c)(1). But a court in its discretion may grant a stay to preserve the status quo based on its consideration of the following factors: (1) whether the applicant has made a strong showing of likelihood of success on the merits; (2) whether the applicant would be irreparably injured absent a stay; (3) whether issuing a stay would substantially injure the opposing party (or other parties in the proceeding); and (4) whether a stay is in the public interest. *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001).[1]

As to the first factor, the court's determination in its temporary restraining order that Plaintiffs have shown a likelihood of success on their Utah RFRA claim necessarily means the court has determined that Defendants have not shown a likelihood of success on the merits, at least as to the RFRA claim.

Defendants' position fares slightly better on the second factor. In their view, requiring them to return the mushrooms now would result in the permanent loss of evidence crucial to the criminal case in state court and force them to violate the state evidence-retention statute. These arguments are plausible, but the court is skeptical. For one, it is unlikely that returning the mushrooms would hamper the state criminal prosecution because Mr. Jensen's testimony in this court at the hearing on December 13, if believed, practically establishes beyond any reasonable doubt that he violated the Utah Controlled Substances Act (should his claim for a religious exemption ultimately fail). Further, under the evidence-retention statute, the state must return the seized property if a court determines that the claimant owns and may lawfully possess the property. *See* UTAH CODE § 77-

---

[1] Courts typically articulate these factors in considering a motion for a stay of an injunction pending appeal. In the present case, no appeal is on the immediate horizon, but the court concludes that these factors apply with equal force nonetheless.

3

11a-305(2)(b)(i), (3). Although the standards under that statute and the standards for preliminary relief differ slightly, this court's temporary restraining order essentially concluded that Plaintiffs may lawfully possess the psilocybin mushrooms, at least until the court issues a final decision. Nevertheless, the court recognizes that requiring the government to return the mushrooms now could potentially stymie its ability to prosecute the criminal case against Mr. Jensen in state court.[2] And based on Mr. Jensen's own testimony on December 13, the court finds that Plaintiffs would not be substantially injured by the government keeping the mushrooms pending resolution of the motion for preliminary injunction (factor three). Mr. Jensen indicated that it was more important to Plaintiffs that the government return their scripture (which the government promptly did) than return the mushrooms because the mushrooms are like wine in a Catholic church—a sacred sacrament but fungible in a way the scriptures are not. *See* ECF No. 53 (Transcript of Dec. 13 Hearing), at 167–68.

Finally, the court determines that the public interest (factor four) cuts both ways. On the one hand, it is in the public interest to protect constitutional and statutory free-exercise rights against intimidation and harassment from the government. On the other, the public interest also compels this court to respect the prerogative of the State of Utah to prosecute without interference a criminal case involving potentially dangerous psychedelic drugs, at least until this court resolves Plaintiffs' motion to enjoin the state-court prosecution.[3]

---

[2] Plaintiffs have filed a motion requesting this court to enjoin the state criminal prosecution. *See* ECF No. 39. The court will resolve that motion following oral argument at the upcoming hearing on January 23. Until the court resolves that motion, the court considers it proper—given considerations of comity—to interfere with the prosecution as little as possible.

[3] *See supra* note 2.

On balance, then, the court determines that the most prudent course is to grant Defendants' motion to stay the portion of the temporary restraining order requiring them to return the psilocybin mushrooms as soon as practicable pending resolution of Plaintiffs' motion for preliminary injunction.

II.     **Motion for Expedited Discovery**

Ordinarily, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." FED. R. CIV. P. 26(d)(1). The parties have not engaged in a Rule 26(f) conference, and none of the exceptions listed in Rule 26(d)(1) apply to this case. So, Defendants must show "good cause for the requested departure from usual discovery procedures." *Am. Equip. Sys., LLC v. Chester*, No. 2:23-cv-00680, 2023 WL 8261427, at *2 (D. Utah 2023). Good cause may exist when a party is seeking a preliminary injunction, though the fact that a party is seeking a preliminary injunction alone does not provide good cause. *Id.* To assess whether good cause exists, courts typically consider the breadth of the discovery requests; the purpose for requesting expedited discovery; and the burden on the opposing party to comply with the requests. *Id.*

Defendants claim they need expedited discovery to adequately prepare for the upcoming preliminary-injunction hearing. Specifically, Defendants seek discovery regarding the sincerity of Plaintiffs' religion and their belief in that religion, and the government's interest in specifically regulating Plaintiffs' use of psilocybin mushrooms. Defendants have requested permission to "depose each of the five declarants who submitted declarations in support of Plaintiffs' motion for preliminary injunction, along with the counselors and . . . board of directors referenced in Jensen's testimony." ECF 44 ("Motion for Expedited Discovery"), at 3 (internal quotation marks omitted). And Defendants have attached to their motion for expedited discovery proposed interrogatories

5

and requests for production of various documents relating to Singularism, its corporate structure, and its psilocybin ceremonies.

The court finds that Defendants' discovery request is far broader than necessary to ensure that they may adequately prepare for the preliminary hearing; indeed, it even goes beyond the full scope of discovery they would be entitled to seek in preparation for trial (if this case gets to that stage). For example, Defendants seek discovery on "each instance where [Mr.] Jensen consumed drugs prohibited by the Controlled Substances Act between 2015 and the present" and "documents sufficient to identify each individual to whom Plaintiffs have administered psilocybin from 2019 to present." Motion for Expedited Discovery at 4, 6. Defendants' requests concern criminal conduct far in the past and effectively demand Singularism to disclose the identities of all individuals who have affiliated with the religion. It is not clear how this discovery will materially help Defendants challenge Plaintiffs' sincerity or show a compelling state interest in regulating their use of psilocybin. Rather, the sheer breadth of the requests strongly suggests that Defendants' purpose is to use discovery in this civil lawsuit to investigate Plaintiffs for the pending state criminal case—a patently improper purpose.[4] Defendants' counsel have already questioned three

---

[4] Questions by Defendants' counsel at the December 13 hearing suggested a similar purpose. For example, counsel asked witness Brandi Lee, Singularism's office manager, to disclose the name, location, and phone number of the person supplying Singularism with psilocybin mushrooms. *See* ECF No. 53 (Transcript of Dec. 13 Hearing), at 69–73. To prevent abuse of evidence, the court will enter a separate protective order limiting the use of any evidence presented in this litigation for any proceedings other than this civil action. (In refuting Plaintiffs' claims that Defendants are using discovery in this case to build a state criminal case, Defendants indicate they would stipulate to a protective order "limit[ing] the use of materials discovered in this matter to the preparing for and conducting the litigation in which the information, documents, or other materials were disclosed." ECF No. 49, at 10 (internal quotation marks omitted). The court appreciates their cooperation.)

of Plaintiffs' five declarants at the December 13 hearing and presumably can cross-examine any other witnesses Plaintiffs call at the preliminary-injunction hearing on January 23 and 24. Moreover, the government previously seized and therefore had access to documents regarding Singularism's psilocybin ceremonies, including those related to individual members of the faith. Defendants apparently made copies of these documents before returning them pursuant to the temporary restraining order given that they projected some of those documents during the December 13 hearing. The court therefore determines that Defendants' discovery requests are grossly disproportionate for their needs at this preliminary stage in the litigation.

Considering the breadth of Defendants' requests, particularly combined with their proposed 15-day turnaround, the court finds that granting their motion would impose an undue burden on Plaintiffs. Not only would Plaintiffs have to dig through perhaps thousands of documents over almost a decade to satisfy Defendants' requests, but satisfying those requests—particularly the ones relating to the identities of Singularism's affiliates—would also impose additional burdens on Plaintiffs' free exercise by discouraging association among Singularism's adherents. *See NAACP v. Alabama ex rel. Patterson*, 357 U.S. 449, 460–61 (1958) ("[T]he effect of compelled disclosure of [an organization's] membership lists will be to abridge the rights of its rank-and-file members to engage in lawful association in support of their common beliefs."). At the hearing on December 13, Plaintiffs presented evidence that some of Singularism's followers have already distanced themselves from the faith because of Defendants' actions, and these harms are only likely to multiply given that the government is now pursuing criminal charges against Mr. Jensen. This burden on Plaintiffs is especially undue given that that there exists considerable information in the public domain, including online, about Singularism and its affiliated entities that Defendants can use in preparing for the hearing.

The court recognizes that some of Defendants' discovery requests may be legitimate following a Rule 26(f) conference. But the court nevertheless denies Defendants' motion for expedited discovery in its entirety. It is counsel's responsibility, not the court's, to frame an appropriately broad discovery request. *Alsaadi v. Saulsbury Indus., Inc.*, No. 2:23-cv-291, 2024 WL 1617639, at *4 (D.N.M. Apr. 15, 2024). To conclude otherwise "would encourage attorneys to abdicate this responsibility in favor of phrasing their discovery requests in the broadest possible terms and placing the burden on the district court of coming up with an appropriately limited request." *Punt v. Kelly Servs.*, 862 F.3d 1040, 1047 (10th Cir. 2017).

The court's ruling here does not mean that Defendants will never receive discovery to prepare their case for trial. But it does mean that the court will not depart from the usual discovery procedures on the facts of this case in this procedural posture. The court is confident that the evidence requested to resolve the motion for preliminary injunction will be available at the scheduled two-day hearing. Indeed, Plaintiffs made available Singularism's founder and several of its members at the hearing on December 13, and Defendants' counsel questioned those witnesses for 132 minutes. The court expects that many of these same witnesses will reappear at the preliminary-injunction hearing.[5] Defendants remain free to cross-examine these witnesses to cast doubt on their religious sincerity and demonstrate a compelling state interest in regulating their use of psylocibin.[6]

---

[5] The court recognizes that the very real threat of criminal prosecution may dissuade at least some members of Singularism who would have testified at the preliminary-injunction hearing from testifying. But the same concerns could also dissuade them from testifying at a deposition.

[6] Defendants should not need discovery or cross-examination to establish a compelling state interest. As many courts have expressed in some form, "[d]iscovery is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *Alsaadi v. Saulsbury Indus., Inc.*, No. 2:23-cv-291,

Finally, a word about the timing of the hearing. Defendants request the court to schedule the preliminary-injunction hearing after ruling on their motion to dismiss. *See* ECF No. 45, at 3–4. However, the court stayed the portion of its temporary restraining order requiring return of the mushrooms pending resolution of Defendants' motion to stay and now grants that motion. As such, Plaintiffs' powerful interest in the speedy resolution of their motion for preliminary injunction outweighs Defendants' interest in postponing the hearing, and the court will continue with the hearing this month as originally ordered.

## CONCLUSION AND ORDER

For the foregoing reasons, the court **GRANTS** Defendants' motion to stay the portion of the temporary restraining order requiring return of the mushrooms and **DENIES** Defendants' motion for expedited discovery.

Signed January 7, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge

---

2024 WL 1617639, at *3 (D.N.M. Apr. 15, 2024). The government should have some evidence of complaints or problems stemming from Singularism's use of psilocybin before requesting discovery relating to its potential harms. At the upcoming hearing, the government is free to present that evidence and bring its own witnesses to testify.