Tanner J. Bean (A17128)
tbean@fabianvancott.com
Anna P. Christiansen (A17518)
achristiansen@fabianvancott.com
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, UT 84111-23323
Telephone: (801) 531-8900
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, an individual; SINGULARISM, a non-profit corporation; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY; a limited liability company;<br><br>Plaintiffs,<br>vs.<br><br>UTAH COUNTY, a political subdivision, PROVO CITY, a political subdivision; JEFFREY GRAY, an individual; TROY BEEBE, an individual; BRIAN WOLKEN, an individual; JACKSON JULIAN, an individual; JOHN DOES 1-4, individuals;<br><br>Defendants. | **REPLY IN SUPPORT OF MOTION FOR ANTI-SUIT INJUNCTION**<br><br>Civil No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish<br><br>(Removed from Fourth Judicial District Court, Utah County, State of Utah, Case No. 240406123) |

Plaintiffs Bridger Lee Jensen, Singularism, and Psyche Healing and Bridging LLC (dba Psychedelic Therapy Journey) ("Plaintiffs") hereby file their Reply in support of Plaintiffs' Motion for Anti-Suit Injunction (the "Motion," ECF 39).

1

# INTRODUCTION

The Motion arises from the government's initiation of state criminal proceedings in the wake of Plaintiffs' success at the temporary restraining order stage in this civil action. Plaintiffs brought this case in state court, including to prevent irreparable harm from a criminal proceeding. *Defendants removed this case to federal court, submitting to this Court's jurisdiction.* Now, Defendants have buyer's remorse. But Defendants' removal itself is the primary reason why the Court should grant the Motion.

# ARGUMENT

## I. *YOUNGER* ABSTENTION DOES NOT APPLY.

Defendants' briefing misapplies *Younger* from soup to nuts—from its applicability, to its elements, and to its exceptions. The Court should reject Defendants' *Younger* arguments.

### a. *Younger* Is Inapplicable Because Defendants Submitted to the Jurisdiction of This Court by Removing the Case.

It is well established that *Younger* abstention may not be invoked by a party who has submitted to federal jurisdiction. "If the State voluntarily chooses to submit to a federal forum, principles of comity do not demand that the federal court force the case back into the State's own system." *Ohio Bureau of Emp't. Servs. v. Hodory*, 431 U.S. 471, 480 (1977).

Where the government has removed a case to federal court, *Younger* abstention does not apply. *See Ryan v. State Bd. of Elections of State of Ill.*, 661 F.2d 1130, 1136 (7th Cir. 1981) (finding removal "renders Younger abstention inapplicable"); *Blair v. Bd. of Sugarcreek Twp.*, No. 3:07-CV-056, 2008 WL 11352586, at *3, 5 (S.D. Ohio May 22, 2008); *Kenny A. ex. Rel. Winn v. Perdue*, 218 F.R.D. 277, 285 (N.D. Ga. 2003) ("State Defendants are in federal court only because of their own decision to remove the case from state court. It would be fundamentally unfair to

permit State Defendants to argue that this Court must abstain from hearing the case after they voluntarily brought the case before this Court.") ("[H]aving exercised their right to remove this action to federal court, State Defendants may not now seek to avoid the federal jurisdiction they themselves have invoked by asking the Court to abstain."); *Ash v. City of Clarksville*, No. 3:03-0380, 2004 WL 5913273, at *3 (M.D. Tenn. Sept. 3, 2004) (finding removal "waived an abstention defense"); *Cummings v. Husted*, 795 F. Supp. 2d 667, 692 (S.D. Ohio 2011) (same); *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002) (similar).

Like the parties in each of the cases above, Defendants removed this case to federal court. Because they submitted the case to federal jurisdiction, they are barred from claiming this Court should abstain under *Younger*. For this reason, the Court should find *Younger* inapplicable.

### b. Because the State Court Case Was Filed After Proceedings of Substance in This Case, The Elements Required for *Younger* Abstention Are Not Met.

"Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). *Younger* abstention applies *only* when an ongoing state judicial proceeding (1) began before the federal proceeding, or prior to any substantial progress in the federal proceeding, (2) implicates an important state interest, and (3) provides an adequate opportunity for the plaintiff to raise the claims and issues raised in the federal lawsuit. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

*Younger* abstention is inapplicable when no state criminal proceeding is pending when the federal case is brought. *Steffel v. Thompson*, 415 U.S. 452, 475 (1974) ("[F]ederal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute. . . ."); *Younger v. Harris*, 401

U.S. 37, 41 (1971) (noting that the state was "actually prosecuting" a state criminal action when the federal complaint was filed). Abstention is only appropriate where the state case precedes the federal case or where the state case is brought "before any legal proceedings of substance on the merits have taken place in the federal court." *Hicks v. Miranda*, 422 U.S. 332, 349 (1975). *See also Doran v. Salem Inn, Inc.*, 422 U.S. 922, 929 (1975) (noting the applicability of *Younger* if "federal litigation [is] in an embryonic stage and no contested matter [has] been decided").

"In determining whether federal proceedings would interfere with *ongoing* state proceedings, the proper point of reference is the date plaintiff filed his federal complaint." *Bettencourt v. Bd. of Registration in Medicine of Com. of Massachusetts*, 904 F.2d 772, 777 (1st Cir. 1990) (emphasis in original). *Younger* abstention does not apply when state proceedings were only threatened, not pending, at the time the federal complaint was filed. *Steffel*, 415 U.S. at 475 ("[F]ederal declaratory relief is not precluded when no state prosecution is pending and a federal plaintiff demonstrates a genuine threat of enforcement of a disputed state criminal statute. . . .").

Although the U.S. Supreme Court has not yet clarified precisely when "legal proceedings of substance on the merits" have occurred, *Hicks*, 422 U.S. at 349; *Hawaii Housing Authority v. Midkiff*, 467 U.S. 229, 238 (1984), following *Hicks*, *Doran*, and *Midkiff*, several courts have found that "proceedings of substance on the merits" have occurred when a temporary restraining order has been granted, particularly when the order was entered after a hearing and was not granted *ex parte*. *See Wal-Mart Stores, Inc. v. Rodriguez*, 236 F. Supp. 2d 200, 2011 (D.P.R. 2002) (concluding that this standard was met when "the TRO was not granted *ex parte and* both sides were given the opportunity to be heard prior to issuance of the order"); *Graham v. Breier*, 418 F. Supp. 73, 77-78 (E.D. Wis. 1976) (reaching the same conclusion after an *ex parte* TRO);

*Housworth v. Glisson*, 485 F. Supp. 29, 33 (N.D. Ga. 1978) (agreeing that a TRO entered shortly before a criminal complaint was filed "constitutes 'proceedings of substance on the merits' sufficient to take the instant action out of the Younger rule"); *For Your Eyes Alone, Inc. v. City of Columbus*, 281 F.3d 1209, 1217-19 (11th Cir. 2002) (same conclusion).

Plaintiffs filed this case on November 19, 2024. Defendants removed on November 27, 2024. The Motion for TRO was heard on December 13, 2024, evidence and argument were presented by both sides, and the TRO was granted that same day with a written order on December 16, 2024. Five days after the hearing, Defendants field the Criminal Information in state court. This is not a case of threatened prosecution, near-simultaneous filings, and an immediate plea to apply *Younger*. Rather, this was a state court case, removed by Defendants to federal court, in which briefing, argument and evidence has been heard, and a TRO granted. These circumstances constitute proceedings of substance such that the first element of *Younger* abstention is not met. Moreover, at the TRO hearing, Defendants argued that criminal proceedings against Jensen had not yet begun. *See* ECF 53-1 at 233:4–9 (discussing the ongoing undue hardship exception to the GIA: "A threat [of criminal prosecution] is not action. A threat is a threat of action."). Because Defendants have previously taken the position that the search warrant was not the initiation of criminal proceedings, Defendants should be judicially estopped from taking the opposite position now.

### c. Even if *Younger* Did Apply, Its Exceptions Are Met.

The "normal thing to do when federal courts are asked to enjoin proceedings in state courts is not to issue such injunctions." *Younger*, 401 U.S. at 45. However, the facts of this case are far from normal. Even if the elements of *Younger* abstention are met, it does not apply if there is a

5

great and immediate danger of irreparable injury, including bad faith or harassment, flagrantly unconstitutional statutes, or multiple prosecutions. *Younger*, 401 U.S. at 50, 53-54; *see also Dombrowski v. Pfister*, 380 U.S. 479 (1965) (bad faith prosecution). As argued in Plaintiffs' Opposition to Defendants' Expedited Motion to Stay, ECF 38, the exception for bad faith or harassment applies here. Defendants' removal to federal court, argument that this Court should not hear the claims that Defendants themselves removed, challenges to every element of Plaintiffs' case without persuasive evidence of religious insincerity, refusal to abide by the Court's TRO, filing of criminal charges, and failure to notify the state criminal court of their knowledge that Plaintiffs are substantially likely to prevail upon their Utah RFRA defense, taken together, demonstrate bad faith and harassment. Even if this Court were to apply *Younger* (which does not apply) and find the elements met (they are not), Defendants' conduct meets an exception to *Younger* abstention.

## II. THE ANTI-INJUNCTION ACT PERMITS THE INJUNCTION PLAINTIFFS SEEK.

All "courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a) (the "All Writs Act"). The All Writs Act and the Anti-Injunction Act (the "AIA," 28 U.S.C. § 2283) together clarify when a federal court can act to enjoin state court proceedings.

Defendants' selective quotations omit key language recognizing that the AIA is *not* an absolute prohibition against federal court injunctions of state court proceedings. The AIA "is an absolute prohibition against any injunction of any state-court proceedings, *unless the injunction falls within one of the three specifically defined exceptions in the Act*." *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977) (plurality opinion) (emphasis added). The "statute imposes an

6

absolute ban upon the issuance of a federal injunction against a pending state court proceeding, *in the absence of one of the recognized exceptions*." *Lone Star Promotions, LLC v. Abbey Lane Quilts, LLC*, No. 1:18CV73DAK, 2018 WL 5808802, at *3 (D. Utah Nov. 6, 2018) (emphasis added) (citation omitted).

The AIA identifies three situations in which a federal court can enjoin state court proceedings: (1) "as expressly authorized by Act of Congress," (2) "where necessary in aid of [the federal court's] jurisdiction," and (3) "to protect or effectuate [the federal court's] judgments." 28 U.S.C. § 2283. As detailed in the Motion, the first two exceptions presently apply. And, under the All Writs Act, this Court has authority to bind nonparties to this case, including the State of Utah.

### a. The Injunction Is Expressly Authorized Through the Removal Statute.

After a case is removed to federal court, the State court "shall effect the removal and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d). Removal cases "are an express statutory exception, and the Supreme Court has so treated them." Wright & Miller, Fed. Prac. & Proc. § 4225 Exceptions to the Act—In General—Necessary in Aid of Its Jurisdiction (3d ed. 2024). A "federal law need not expressly authorize an injunction of a state court proceeding" to meet this exception. *Mitchum v. Foster*, 407 U.S. 225, 237 (1972). Where a federal statutory right or remedy "could be frustrated if the federal proceeding were not empowered to enjoin a state court proceeding," the first AIA exception applies. *Id.*

Where the original case is removed, and a new state court case is then filed, if the "newly filed state suit . . . attempt[s] to subvert the removal of the earlier case," the federal court can issue an injunction against the new state court case. *Kansas Pub. Emp. Retirement Sys. v. Reimer Kroger*

7

*Assocs.*, 77 F.3d 1063, 1070-71 (8th Cir. 1996).[1] For example, the Third Circuit affirmed a federal court injunction that relied on the removal statute to enjoin separate state court proceedings that were filed by a party displeased with unfavorable rulings by the federal court in the removed case. *Davis Int'l, LLC v. New Start Grp. Corp.*, 367 F. App'x 334 (3d Cir. 2010). Because the state court proceedings were filed in an attempt to subvert the removal statute and the federal court's rulings in the first case, the Third Circuit upheld the injunction. *Id.* at 337-38.

Here, the state criminal proceeding is exactly that: an attempt to subvert the removal statute by taking the precise act that this case was filed to avoid—the filing of a state criminal case. Through the state criminal case, Defendants seek to litigate precisely the same issues before this Court. For example, Utah's RFRA specifically states that Plaintiffs "may assert the violation *as a claim or defense*," Utah Code § 63G-33-201(4)(a), meaning that Plaintiffs will assert their Utah RFRA claim, as well as their First Amendment and Utah Constitution claims, as defenses in the state criminal proceeding. Thus, the same matters will be placed for decision before two independent courts, inviting a race to judgment, a risk of inconsistent verdict, and issues of *res judicata*. As in *Kansas* and *Davis*, this Court can—and should—bar such efforts under the AIA.

b. **The Injunction Is Necessary in Aid of This Court's Jurisdiction.**

The second AIA exception applies when either "(1) the district court has exclusive jurisdiction over the action because it had been removed from state court; or (2) the state court entertains an *in rem* action involving a res over which the district court has been exercising jurisdiction in an *in rem* action." *Estate of Brennan ex rel. Britton v. Church of Scientology Flag*

---

[1] This analysis is similar to the analysis above under *Younger*, in which courts have not permitted parties to remove a case to federal court and then benefit from the fact that the case is now in federal court.

*Serv. Org., Inc.*, 645 F.3d 1267, 1273 (11th Cir. 2011) (citation omitted). When the AIA was amended in 1948, "[t]he phrase 'in aid of its jurisdiction' was added to conform to section 1651 of this title and to make clear the recognized power of the Federal courts to stay proceedings in State cases removed to the district courts." 28 U.S.C. § 2283, Reviser's Notes (1948) (referring to 28 U.S.C. § 1651, the removal statute).

Defendants note that the Tenth Circuit has previously considered the scope of the "in aid of its jurisdiction" exception to the Anti-Injunction Act. *See Tooele Cnty. v. U.S.*, 820 F.3d 1183 (10th Cir. 2016). However, *Tooele* is distinguishable. First, that case considered whether claims were sufficiently close to *in rem* actions for the second exception to be met, never discussing the impact of removal. *See generally, id.* Second, the Tenth Circuit relied upon a pre-1948 amendment interpretation of the Anti-Injunction Act. *See Tooele Cnty.*, 820 F.3d at 1188 (citing *Mandeville v. Canterbury*, 318 U.S. 47, 48-49 (1943) (*per curiam*), for the proposition that the second AIA exception only applies to "in rem or quasi in rem proceedings"). *Mandeville*, on which the Tenth Circuit relied, was decided in 1943 and predates the current statutory Anti-Injunction Act exceptions, and the Reviser's Note that explains the basis for the second exception. With that statutory change, the rule from *Mandeville* (and repeated in *Tooele*) is incomplete. Rather, as other courts have recognized, the "in aid of its jurisdiction" exception to the current Anti-Injunction Act is properly understood as applying in both *in rem* actions and when "the district court has exclusive jurisdiction over the action because it had been removed from state court." *Estate of Brennan ex rel. Britton*, 645 F.3d at 1273.

Because of *Defendants'* removal to federal court, this Court has exclusive jurisdiction. Absent the sought injunction, the same matters will be litigated before two independent courts. An injunction is necessary to ensure the integrity of this Court's rulings.

### c. Under the All Writs Act, This Court Has Authority to Bind Nonparties, Including the State of Utah, Through an Injunction.

"The power conferred by the [All Writs] Act extends, under appropriate circumstances, to persons who, though not parties to the original action or engaged in wrongdoing, are in a position to frustrate the implementation of a court order or the proper administration of justice." *U.S. v. New York Tel. Co.*, 434 U.S. 159, 174 (1977). As noted by this Court, the state criminal case was filed "through the Utah County Attorney's Office and Defendant Utah County Attorney Jeffrey Gray." ECF 56, at 2. Given this relationship, and the ability of the state court case to frustrate implementation of this Court's decisions, this Court can enjoin the state court proceedings notwithstanding the Defendants' argument that the state court case is brought by the County Attorney "on behalf of the state." ECF 50, at 2.

### III. THIS COURT SHOULD EXERCISE SUPPLEMENTAL JURISDICTION OVER THE UTAH LAW CLAIMS.[2]

The exercise of supplemental jurisdiction promotes "judicial economy and fairness" when "the state and federal claims . . . derive from a common nucleus of operative fact.'" *Estate of Harshman v. Jackson Hole Mountain Resort*, 379 F.3d 1161, 1165 (10th Cir. 2004) (citation omitted). The mere fact that a state court has not resolved issues "does not make those issues novel or complex." *Martin v. Pub. Serv. Co. of Colo.*, No 20-cv-00076-RBJ, 2020 WL 4193547, at *3

---

[2] Defendants' argument on this point will be addressed more fully in opposition to Defendants' Motion to Dismiss.

(D. Colo. July 21, 2020) (citation omitted). Where "[s]evering and remanding the state law claims would require the parties to litigate nearly identical matters, based on the same operative facts and involving the same case or controversy, in two separate forums," would require both state and federal courts "to expend unnecessary judicial resources on a matter that is being litigated simultaneously," and would "create[] the potential for incompatible judgments," the federal court should exercise its supplemental jurisdiction. *Mabey v. Ray*, No. 4:18-CV-00061-DN-DBP, 2019 WL 962183, at *3 (D. Utah Feb. 4, 2019), *report and recommendation adopted*, No. 4:18-CV-00061-DN-DBP, 2019 WL 955238 (D. Utah Feb. 27, 2019).

While Utah's RFRA is new, this Court is certainly equipped to interpret a state law, particularly one similar to and based upon a federal version of that law. In addition, there is complete factual overlap between the federal and state claims at issue in this case. Defendants seek to force Plaintiffs to bifurcate their causes of action which arise from the same common nucleus of operative fact. Requiring Plaintiffs to do so is inconvenient to the parties and witnesses, does not serve judicial economy, and is inappropriate given Defendants' removal of this case.

## CONCLUSION

For the reasons stated above, the Court should grant the motion for anti-suit injunction.

DATED January 9, 2025.

                                                       */s/ Tanner J. Bean*
                                                       Tanner J. Bean
                                                       Anna P. Christiansen
                                                       *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2025, I caused the foregoing **REPLY IN SUPPORT OF MOTION FOR ANTI-SUIT INUNCTION** to be served via the Court's electronic filing system upon the following:

> Gary DeMott Millward
> J. Brian Jones
> Provo City Attorneys Office
> 351 W Center St
> PO Box 1849
> Provo, UT 84603
> (801)852-6141
> gmillward@provo.org
> bjones@provo.org
>
> Richard A. Roberts
> Provo City - Legal Department
> 445 W Center St Ste 300
> Provo, UT 84601
> 801-852-6140
> Email: rroberts@provo.org
>
> Mitchel A. Stephens
> Lara A. Swensen
> Dillon P. Olson
> Justin L. James
> James Dodge Russell & Stephens PC
> 10 W Broadway Ste 400
> Salt Lake City, UT 84101
> mstephens@jdrslaw.com
> lswensen@jdrslaw.com
> dolson@jdrslaw.com
> jjames@jdrslaw.com

                                             */s/ Tanner J. Bean*