IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, SINGULARISM, and PSYCHE HEALING AND BRIDGING, <br><br> Plaintiffs, <br><br> v. <br><br> UTAH COUNTY, PROVO CITY, JEFFREY GRAY, TROY BEEBE, BRIAN WOLKEN, and JACKSON JULIAN, <br><br> Defendants. | **ORDER REQUESTING SUPPLEMENTAL BRIEFING AND ORDER REGARDING SUPPLEMENTAL EXHIBITS** <br><br> Case No. 2:24-cv-00887-JNP-CMR <br><br> District Judge Jill N. Parrish |

On January 23, 2025, the court held a full-day hearing on Defendants' motion to dismiss, Plaintiffs' motion for anti-suit injunction, and Plaintiffs' motion for preliminary injunction. To aid the resolution of these motions, the court requests simultaneous supplemental briefing on the following issues:

**(1)**

The parties agree that the rule from *Employment Division v. Smith*, 494 U.S. 872 (1990)—that neutral laws of general applicability do not trigger strict scrutiny under the Free Exercise Clause, no matter the burden they impose on sincere religious exercise—controls this case. Later cases, notably *Fulton v. City Philadelphia*, 593 U.S. 522 (2021), elaborate on what it means for a law to be generally applicable. *Fulton* explains, "A law is not generally applicable if it invites the government to consider the particular reasons for a person's conduct by providing a mechanism for individualized exemptions." *Id.* at 533 (cleaned up). It continues, "A law also lacks general

applicability if it prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way." *Id.* at 534.

The Utah Controlled Substances Act contains various exemptions. For example, it provides that "[c]ivil or criminal liability may not be imposed . . . on any Indian . . . who uses, possesses, or transports peyote for bona fide traditional ceremonial purposes in connection with the practice of a traditional Indian religion." UTAH CODE § 58-37-8(12)(a). It also provides that "[a] healthcare system may develop a behavioral health treatment program that includes a treatment based on [psilocybin]." *Id.* § 58-37-3.5(2). And it allows the State to "enact rules waiving the license requirement . . . if waiving the license requirement is consistent with public health and safety." *Id.* § 58-37-6(2)(d).

As noted during the hearing, the law at issue in *Smith* also contained exemptions, yet the Court found that law to be neutral and generally applicable. **What is the best argument that the law at issue here is legally indistinguishable from that at issue in *Smith* (for Defendants)? What is the best argument that the law at issue here is legally distinguishable (for Plaintiffs)?**

**(2)**

The cause of action for Plaintiffs' federal constitutional claims is § 1983, which is an "Act of Congress that falls within the 'expressly authorized' exception [to the Anti-Injunction Act]." *Mitchum v. Foster*, 407 U.S. 225 (1972). **If the court determines that Plaintiffs' federal constitutional claims survive the motion to dismiss, does § 1983 authorize the court to enjoin the state prosecution against Mr. Jensen on the facts of this case? If so, would it be a proper exercise of the court's authority to enjoin the prosecution?**

**(3)**

**If the court determines that Plaintiffs' federal constitutional claims do not survive the motion to dismiss and remands the remaining claims to the state court, will the temporary restraining order stay in place or be dissolved? Is this an issue to be decided by this court or by the state court on remand?**

**(4)**

**What quantity of psilocybin was seized at Singularism's spiritual center on November 11?** The parties should cite to record evidence to support their position. If the record is unclear, the parties should submit additional exhibits to support their position.

\*   \*   \*

Each party should submit one supplemental brief addressing all four issues in no more than **25 pages**. The briefs should be submitted no later than **Wednesday, February 5, 2025**.

Should the parties wish (or need) to submit any additional exhibits for the court's consideration, they should meet and confer and submit the stipulated exhibits no later than **Wednesday, February 5**. If the parties are unable to resolve any dispute regarding additional exhibits, they should contact chambers to request a virtual hearing.

Signed January 24, 2025.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge