# EXHIBIT II

# Chapter 475

## 1987 REPLACEMENT PART

# Controlled Substances; Experimental Drugs; Illegal Drug Cleanup; Precursors

### UNIFORM CONTROLLED SUBSTANCES ACT
#### (Generally)

475 005  Definitions for ORS 475 005 to 475 285 and 475 940 to 475 965

475 035  Authority to control schedule

475 045  Exclusions

475 055  Publishing of schedules

475 095  Rules, fees

#### (Registration)

475 125  Registration requirements

475 135  Grounds to grant or deny registration, scope of registration, effect of federal registration

175 145  Revocation and suspension of registration

475 155  Order to show cause

475 165  Records of registrants

#### (Records)

475 175  When order forms required

475 185  When prescriptions required

475 190  Exception to prescription requirement

#### (Miscellaneous)

475 215  Cooperative arrangements

475 225  Education and research

#### (Enforcement)

475 235  Burden of proof, liabilities

475 245  Conditional discharge for possession as first offense

475 255  Status of penalties

475 265  When prosecution barred

#### (Interpretations, Title)

475 275  Uniformity of interpretation

475 285  Short title

### EXPERIMENTAL DRUGS

475 305  "Experimental drug" defined

475 315  Consent to prescribe or administer experimental drug required

475 325  Who may give consent

475 335  Information to be given to consenting person and relatives

475 345  Revocation of consent

475 355  Appraisal of patient condition to be given, other information

475 360  When person prohibited from prescribing experimental drug

475 365  When certain requirements waived

475 375  Persons required to comply with ORS 475 305 to 475 375

### ILLEGAL DRUG CLEANUP

475 405  Definitions for ORS 475 405 to 475 495

475 415  Request for cleanup

475 425  Environmental Quality Commission rules, designation of chemicals

475 435  Authority of director

475 445  Site entry, purposes

475 455  Liability of certain persons for cleanup costs

475 465  Liability of state for cleanup

475 475  Department record of costs, collection of costs

475 485  Costs and penalties as lien, enforcement of lien

475 495  Illegal Drug Cleanup Fund, sources, uses

### HYPODERMIC DEVICES

475 805  Providing hypodermic device to minor prohibited, exception

### PRECURSOR SUBSTANCES

475 940  Precursor substances described, certain compounds containing ephedrine exempted

475 945  Authority and duties of Department of State Police

### PENALTIES

475 950  Penalty for failure to report precursor substance

475 955  Penalty for failure to report missing precursor substances

475 960  Penalty for illegally selling drug equipment

475 965  Penalty for providing false information on precursor substances report

475 991  Penalty for unlawful delivery of imitation controlled substance

475 992  Prohibited acts generally, penalties

475 993  Prohibited acts for registrants, penalties

475 994  Prohibited acts involving records and fraud, penalties

475 995  Penalties for distribution to minors

475 997  Penalty for violation of ORS 475 305 to 475 375

### CROSS REFERENCES

Airplane operating while under influence  493 160

## LIQUOR, DRUGS

Alcohol narcotics and drugs publicity educational and other
   programs on effect of use and abuse 430 270 430 425

Boats, operating while under influence, 488 160

Commitment of addicts Ch 426

Conservator appointment for person incapacitated by chronic
   use of controlled substances 126 157

Crime reporting for criminal justice agencies Ch 181

Deaths or injuries to be reported, Ch 146

Drugs, dangerous criminal offenses 167 203 to 167 252

Intercepted telecommunications use 165 540

Juvenile court jurisdiction over certain children 419 476

Local mental health services 430 610 to 430 700

Narcotics criminal offenses 167 203 to 167 252

Pharmacists and pharmacies Ch 689

Prevention of drug abuse Mental Health Division functions
   treatment and rehabilitation 430 405 to 430 425

Publicizing effects of narcotic drugs 430 270

Seizure and sale of vehicle used in violation 471 665

Teaching certificate revocation or refusal to issue for narcotic
   violation 342 175

Treatment of alcoholism and drug dependence 430 260 to
   430 375

Water skiing or surfboarding while under influence 488 144

CONTROLLED SUBSTANCES; EXPERIMENTAL DRUGS; CLEANUP 475.005

**UNIFORM CONTROLLED SUBSTANCES ACT**
**(Generally)**

**475.005 Definitions for ORS 475.005 to 475 285 and 475.940 to 475.965.** As used in ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995, unless the context requires otherwise

(1) "Abuse" means the repetitive excessive use of a drug short of dependence, without legal or medical supervision, which may have a detrimental effect on the individual or society

(2) "Administer" means the direct application of a controlled substance, whether by injection, inhalation, ingestion or any other means, to the body of a patient or research subject by

(a) A practitioner or an authorized agent thereof, or

(b) The patient or research subject at the direction of the practitioner

(3) "Administration" means the Drug Enforcement Administration of the United States Department of Justice, or its successor agency

(4) "Agent" means an authorized person who acts on behalf of or at the direction of a manufacturer, distributor or dispenser It does not include a common or contract carrier, public warehouseman or employe of the carrier or warehouseman

(5) 'Board" means the State Board of Pharmacy

(6) "Controlled substance" means a drug or its immediate precursor classified in Schedules I through V under the Federal Controlled Substances Act, 21 U S C §§ 811 to 812, as modified under ORS 475 035 The use of the term "precursor" in this subsection does not control and is not controlled by the use of the term "precursor" in ORS 475 940, 475 950 and 475 955

(7) "Counterfeit substance" means a controlled substance or its container or labeling, which, without authorization, bears the trademark, trade name, or other identifying mark, imprint, number or device, or any likeness thereof, of a manufacturer, distributor or dispenser other than the person who in fact manufactured, delivered or dispensed the substance

(8) "Deliver" or "delivery" means the actual, constructive or attempted transfer, other than by administering or dispensing, from one person to another of a controlled substance, whether or not there is an agency relationship

(9) "Device" means instruments, apparatus or contrivances, including their components, parts or accessories, intended

(a) For use in the diagnosis, cure, mitigation, treatment or prevention of disease in humans or animals, or

(b) To affect the structure of any function of the body of humans or animals

(10) "Dispense" means to deliver a controlled substance to an ultimate user or research subject by or pursuant to the lawful order of a practitioner, and includes the prescribing, administering, packaging, labeling or compounding necessary to prepare the substance for that delivery

(11) "Dispenser" means a practitioner who dispenses

(12) "Distributor" means a person who delivers

(13) "Drug" means

(a) Substances recognized as drugs in the official United States Pharmacopoeia, official Homeopathic Pharmacopoeia of the United States or official National Formulary or any supplement to any of them,

(b) Substances intended for use in the diagnosis, cure, mitigation, treatment or prevention of disease in humans or animals,

(c) Substances (other than food) intended to affect the structure or any function of the body of humans or animals, and

(d) Substances intended for use as a component of any article specified in paragraph (a), (b) or (c) of this subsection, however, the term does not include devices or their components, parts or accessories

(14) "Manufacture" means the production, preparation, propagation, compounding, conversion or processing of a controlled substance, either directly or indirectly by extraction from substances of natural origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis, and includes any packaging or repackaging of the substance or labeling or relabeling of its container, except that this term does not include the preparation or compounding of a controlled substance

(a) By a practitioner as an incident to administering or dispensing of a controlled substance in the course of professional practice, or

(b) By a practitioner, or by an authorized agent under the practitioner's supervision, for the

purpose of, or as an incident to, research, teaching or chemical analysis and not for sale

(15) "Marijuana" means all parts of the plant Cannabis family Moraceae, whether growing or not, the resin extracted from any part of the plant, and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its resin It does not include the mature stalks of the plant, fiber produced from the stalks, oil or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake, or the sterilized seed of the plant which is incapable of germination

(16) "Person" includes a government subdivision or agency, business trust, estate, trust or any other legal entity

(17) "Practitioner" means physician, dentist, veterinarian, scientific investigator, certified nurse practitioner, physician's assistant or other person licensed, registered or otherwise permitted by law to dispense, conduct research with respect to or to administer a controlled substance in the course of professional practice or research in this state but does not include a pharmacist or a pharmacy

(18) "Prescription" means a written or oral direction, given by a practitioner for the preparation and use of a drug When the context requires, "prescription" also means the drug prepared under such written or oral direction Any label affixed to a drug prepared under written or oral direction shall prominently display a warning that the removal thereof is prohibited by law

(19) "Production" includes the manufacture, planting, cultivation, growing or harvesting of a controlled substance

(20) "Research" means an activity conducted by the person registered with the federal Drug Enforcement Administration pursuant to a protocol approved by the United States Food and Drug Administration

(21) "Ultimate user" means a person who lawfully possesses a controlled substance for the use of the person or for the use of a member of the household of the person or for administering to an animal owned by the person or by a member of the household of the person [1977 c 745 §1, 1979 c 777 §49 1979 c 785 §5 1981 c 220 §1 1981 c 666 §1 1987 c 657 §8]

475 010 [Amended by 1953 c 342 §3 1957 c 587 §6, 1965 c 545 §1, 1971 c 743 §378, 1973 c 697 §9, 1974 s s c 67 §5, repealed by 1977 c 745 §54]

475 015 [1977 c 745 §3, 1979 c 777 §50, repealed by 1981 c 666 §11]

475 020 [Repealed by 1957 c 587 §12]

475 025 [1977 c 745 §4 repealed by 1981 c 666 §11]

475 030 [Repealed by 1957 c 587 §12]

**475.035 Authority to control schedule.**
(1) In arriving at any decision on changes in or addition to classification when changes or additions are proposed by the federal Drug Enforcement Administration or by any other reliable source, the board shall review the scientific knowledge available regarding the substance, its pharmacological effects, patterns of use and misuse, and potential consequences of abuse, and consider the judgment of individuals with training and experience with the substance

(2) Whenever the board determines that a change in or an addition to the schedule of a controlled substance is justified, the board by rule may order the change and fix the effective date thereof

(3) If a substance is an ingredient of a controlled substance, the ingredient shall be considered to be in the same schedule as that controlled substance Substances which are precursors of the ingredient shall not be subject to control solely because they are precursors of the ingredient The use of the term "precursor" in this subsection does not control and is not controlled by the use of the term "precursor" in ORS 475 940, 475.950 and 475 955

(4) The board shall administer ORS 475 005 to 475 285 and 475 940 to 475 965 in accordance with ORS 183 310 to 183 550

(5) Authority to control under this section does not extend to tobacco or to alcoholic liquor, distilled spirits, wine or malt beverages as those terms are defined or used in ORS chapters 471 and 472 [1977 c 745 §5, 1981 c 666 §2, 1987 c 657 §9]

475 040 [Repealed by 1957 c 587 §12]

**475.045 Exclusions**    The board shall exclude any nonnarcotic substance from a schedule if such substance may, under the Federal Food, Drug, and Cosmetic Act and the law of this state, be lawfully sold over the counter without a prescription [1977 c 745 §7a]

475 050 [Repealed by 1957 c 587 §12]

**475 055 Publishing of schedules.** The board shall publish the classification of controlled substances within 30 days following revision of any classification or reclassification of a controlled substance [1977 c 745 §6 1981 c 666 §3]

475 060 [Repealed by 1957 c 587 §12]

475 070 [Amended by 1961 c 648 §12, repealed by 1971 c 743 §432]

475 075 [1977 c 745 §2  1979 c 777 §51  repealed by 1981 c 666 §11]

175 080  [Repealed by 1959 c 411 §22]

175 085 [1977 c 745 §55, 1979 c 777 §52, repealed by 1981 c 666 §11]

475 090  [Amended by 1953 c 543 §3  1957 c 587 §7 repealed by 1971 c 743 §432]

**475.095 Rules; fees**  The board may adopt rules relating to fees and charge reasonable fees in addition to any other fees required by statute or rule, relating to the registration and control of the manufacture, delivery and dispensing of controlled substances within this state  [1977 c 745 §7 1981 c 666 §4]

475 100 [Amended by 1953 c 396 §2, 1957 c 587 §8 1963 c 229 §1  1965 c 15 §1, 1965 c 545 §2  1971 c 743 §379 repealed by 1977 c 745 §54]

475 110 [Amended by 1953 c 396 §2  1965 c 545 §3, 1971 c 743 §379a  repealed by 1977 c 745 §54]

475 120  [Repealed by 1971 c 743 §432]

## (Registration)

**475.125  Registration requirements.** (1) Every person who manufactures, delivers or dispenses any controlled substance within this state or who proposes to engage in the manufacture, delivery or dispensing of any controlled substance within this state, must obtain annually a registration issued by the board in accordance with its rules

(2) Persons registered by the board under ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 to manufacture, deliver, dispense or conduct research with controlled substances may possess, manufacture, deliver, dispense or conduct research with those substances to the extent authorized by their registration and in conformity with the other provisions of ORS 475 045, 475 095 and 475 125 to 475 185 and other applicable laws of this state

(3) The following persons need not register and may lawfully possess controlled substances under ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995

(a) An agent or employe of any registered manufacturer, distributor or dispenser of any controlled substance if the agent or employe is acting in the usual course of business or employment

(b) A common or contract carrier or warehouseman, or an employe thereof, whose possession of any controlled substance is in the usual course of business or employment

(c) An ultimate user or a person in possession of any controlled substance pursuant to a lawful order of a practitioner or in lawful possession of a Schedule V substance, unless otherwise prohibited

(d) A practitioner otherwise licensed under the laws of this state and authorized to dispense or administer a controlled substance by the licensing authority

(4) The board may waive by rule the requirement for registration of certain manufacturers or dispensers if it finds it consistent with the public health and safety

(5) A separate registration is required at each principal place of business or professional practice where the applicant manufactures, delivers or dispenses controlled substances

(6) The board may inspect the establishment of a registrant or applicant for registration in accordance with the rules of the board  [1977 c 745 §8]

475 130  [Repealed by 1957 c 587 §12]

**475.135 Grounds to grant or deny registration; scope of registration; effect of federal registration.** (1) The board shall register or renew the registration of an applicant to manufacture or dispense controlled substances included in schedules under procedures defined in ORS 475 035, unless it determines that the issuance of that registration would be inconsistent with the public interest  In determining the public interest, the board shall consider the following factors

(a) Failure to maintain effective controls against diversion of controlled substances into other than legitimate medical, scientific or industrial channels;

(b) Failure to comply with applicable state or local laws,

(c) Any convictions of the applicant under any federal or state laws relating to any controlled substance,

(d) Past experience in the manufacture, delivery or dispensing of controlled substances and the existence in the applicant's establishment of effective controls against diversion,

(e) Furnishing by the applicant of false or fraudulent material in any application filed under ORS 475 005 to 475 285 and 475 940 to 475 965,

(f) Suspension or revocation of the applicant's federal registration to manufacture, deliver or dispense controlled substances as authorized by federal law, or

(g) Any other factors relevant to and consistent with the public health and safety

475.145    LIQUOR; DRUGS

(2) Registration under subsection (1) of this section does not entitle a registrant to manufacture, deliver or dispense controlled substances in Schedule I or II other than those specified in the registration

(3) Practitioners must be registered to conduct research with controlled substances in Schedules I through V if they are authorized to conduct research under the law of this state The board need not require separate registration under ORS 475 045, 475 095 and 475 125 to 475 185 for practitioners engaging in research with controlled substances in Schedules I through V where the registrant is already registered under ORS 475 045, 475 095 and 475 125 to 475 185 in another capacity Persons with valid registration from the Drug Enforcement Administration for research on controlled substances may conduct research within this state in compliance with other state law upon furnishing the board evidence of that federal registration, and are exempt from state prosecution for possession and distribution of controlled substances to the extent of the registration Registration under ORS 475 005 to 475 285 and 475 940 to 475 965 does not exempt the registrant from compliance with any other relevant law of this state or the United States, unless such exemption is expressly provided under ORS 475 005 to 475 285 and 475 940 to 475 965

(4) Notwithstanding this section, the manufacture, delivery or dispensing of any controlled substance excluded from any medical use by federal law is prohibited, except

(a) For research authorized under subsection (3) of this section and ORS 475 225, or

(b) As otherwise provided by state or federal law

(5) Compliance by manufacturers and distributors with the provisions of the federal law respecting registration, excluding fees, entitles them to be registered under ORS 475 045, 475 095 and 475 125 to 475 185  [1977 c 745 §9  1979 c 777 §53, 1981 c 666 §5]

475 140  [Repealed by 1957 c 587 §12]

**475.145 Revocation and suspension of registration.** (1) A registration under ORS 475 135 to manufacture, deliver or dispense a controlled substance may be suspended or revoked by the board upon a finding that

(a) The registrant has furnished false or fraudulent material information in any application filed under ORS 475 005 to 475 285 and 475 940 to 475 965,

(b) The registrant has been convicted of a felony under any state or federal law relating to any controlled substance,

(c) The registrant has had the federal registration suspended or revoked to manufacture, deliver or dispense controlled substances,

(d) The registrant has violated any rule of the board under ORS 475 005 to 475 285 and 475 940 to 475 965,

(e) The registrant has failed to maintain proper records or has failed to follow proper refill procedures, or

(f) Continuance of registration would be inconsistent with the public interest under any factor stated in ORS 475 135

(2) The board may limit revocation or suspension of a registration to the particular controlled substance with respect to which grounds for revocation or suspension exist

(3) If the board suspends or revokes a registration, all controlled substances owned or possessed by the registrant at the time of suspension or the effective date of the revocation order may be placed under seal No disposition may be made of substances under seal until the time for taking an appeal has elapsed or until all appeals have been concluded unless a court, upon application therefor, orders the sale of perishable substances and the deposit of the proceeds of the sale with the court Upon a revocation order becoming final, all controlled substances may be forfeited to the state

(4) The board shall promptly notify the administration of all orders suspending or revoking registration and all forfeitures of controlled substances  [1977 c 745 §10  1981 c 666 §6]

475 150  [Amended by 1959 c 411 §1, 1971 c 418 §14 repealed by 1977 c 745 §54]

**475.155 Order to show cause** (1) Before denying, suspending or revoking a registration, or refusing a renewal of registration, the board shall serve upon the applicant or registrant an order to show cause why registration should not be denied, revoked or suspended, or why the renewal should not be refused  The order to show cause shall contain a statement of the basis therefor and shall call upon the applicant or registrant to appear before the board at a time and place not less than 30 days after the date of service of the order  These proceedings shall be conducted in accordance with ORS 183 310 to 183 550 without regard to any criminal prosecution or other proceeding  Proceedings to refuse renewal of registration shall not abate the existing registration which shall remain in effect pending the outcome of the administrative hearing

(2) The board may suspend, without an order to show cause, any registration simultaneously

with the institution of proceedings under ORS 475 145 or where renewal of registration is refused, if it finds that there is an imminent danger to the public health or safety which warrants this action The suspension shall continue in effect until the conclusion of the proceedings, including judicial review thereof, unless sooner withdrawn by the board or dissolved by a court of competent jurisdiction  [1977 c 745 §11]

475 160  [Repealed by 1977 c 745 §54]

**475 165  Records of registrants.** Persons registered to manufacture, deliver or dispense controlled substances under ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 shall keep records and maintain inventories in conformance with the recordkeeping and inventory requirements of federal law and with any additional rules the board issues  [1977 c 745 §12]

**(Records)**

**475 175  When order forms required.** Controlled substances in Schedules I and II shall be distributed by a registrant to another registrant only pursuant to an order form Compliance with the provisions of federal law respecting order forms shall be deemed compliance with this section  [1977 c 745 §13]

**475.185  When prescriptions required.** (1) Except when dispensed directly by a practitioner to an ultimate user, no controlled substance in Schedule II may be dispensed without the written prescription of a practitioner

(2) In emergency situations, as defined by rule of the board, Schedule II drugs may be dispensed upon oral prescription of a practitioner, reduced promptly to writing and filed by the pharmacy  Prescriptions shall be retained in conformity with the requirements of ORS 475 165  No prescription for a Schedule II substance may be refilled

(3) Except when dispensed directly by a practitioner to an ultimate user, a controlled substance included in Schedule III, IV or V, which is a prescription drug, shall not be dispensed without a written or oral prescription of a practitioner  The prescription shall not be filled or refilled more than six months after the date on which it was issued and no prescription authorized to be refilled may be refilled more than five times  Additional quantities of the controlled substances listed in Schedule III, IV or V may only be authorized by a practitioner through issuance of a new prescription

(4) A controlled substance shall not be delivered or dispensed other than for a medical purpose

(5) Except in good faith and in the course of professional practice only, a practitioner or a pharmacist may not dispense controlled substances

(6) Any oral prescription authorized by statute or rule shall be reduced promptly to writing and filed by the pharmacy

(7) Issuance, preparation, labeling, dispensing, recordkeeping and filing of prescriptions or medication orders shall be in conformance with the requirements of the federal law and rules of the board  [1977 c 745 §14, 1979 c 777 §54, 1981 c 666 §7]

**475.190  Exception to prescription requirement.** (1) Notwithstanding the provisions of ORS 475 185, upon registration with the State Board of Pharmacy, a humane society or animal control agency may purchase, possess and, subject to subsection (4) of this section, administer sodium pentobarbital to euthanize injured, sick, homeless or unwanted domestic pets and other animals

(2) The State Board of Pharmacy, after consultation with the Oregon State Veterinary Medical Examining Board, shall adopt rules according to ORS 183 325 to 183 410 establishing requirements for registration, renewal of registration and revocation or suspension of registration under subsection (1) of this section  Those rules shall include a provision that the State Board of Pharmacy will suspend or revoke the registration of any humane society or animal control agency that allows a person who is not certified under subsection (4) of this section to administer sodium pentobarbital

(3) Any person who is registered under ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 to deliver or dispense controlled substances may deliver or dispense sodium pentobarbital to a humane society or animal control agency registered under subsections (1) and (2) of this section

(4) The Oregon State Veterinary Medical Examining Board, after consultation with the State Board of Pharmacy, shall adopt rules establishing requirements for certification of persons to administer sodium pentobarbital  Those rules may require that a person complete certain educational or training programs in order to be certified  No person shall administer sodium pentobarbital unless the person is certified by the Oregon State Veterinary Medical Examining Board  [1983 c 342 §2]

475 205  [1977 c 745 §24, repealed by 1981 c 666 §11]

**(Miscellaneous)**

**475.215  Cooperative arrangements.** The board shall cooperate with federal and other

state agencies in discharging its responsibilities concerning traffic in controlled substances and in suppressing the abuse of controlled substances To this end, it may

(1) Arrange for the exchange of information among governmental officials concerning the use and abuse of controlled substances, and

(2) Cooperate in training programs concerning controlled substance law enforcement at local and state levels [1977 c 745 §22]

**475.225 Education and research.** (1) The Mental Health Division of the Department of Human Resources shall carry out educational programs designed to prevent and deter misuse and abuse of controlled substances In connection with these programs it may

(a) Promote better recognition of the problems of misuse and abuse of controlled substances within the regulated industry and among interested groups and organizations,

(b) Assist the regulated industry and interested groups and organizations in contributing to the reduction of misuse and abuse of controlled substances,

(c) Consult with interested groups and organizations to aid them in solving administrative and organizational problems,

(d) Evaluate procedures, projects, techniques and controls conducted or proposed as part of educational programs on misuse or abuse of controlled substances,

(e) Disseminate the results of research on misuse and abuse of controlled substances to promote a better public understanding of what problems exist and what can be done to combat them, and

(f) Assist in the education and training of state and local law enforcement officials in their efforts to control misuse and abuse of controlled substances

(2) The division shall encourage research on the medical use, misuse and abuse of controlled substances In connection with the research, and in furtherance of the enforcement of ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995, it may

(a) Establish methods to assess accurately the physiological, psychological and social effects of controlled substances and identify their medical uses, relative hazard potential, and potential for abuse,

(b) Make studies and undertake programs of research to

(A) Develop new or improved approaches, techniques, systems, equipment and devices to strengthen the enforcement of ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995,

(B) Determine patterns of use, misuse and abuse of controlled substances and the social effects thereof, and

(C) Improve methods for preventing, predicting, understanding and dealing with the misuse and abuse of controlled substances, or

(c) Enter into contracts with public agencies institutions of higher education, and private organizations or individuals for the purpose of conducting research, demonstrations or special projects which bear directly on misuse and abuse of controlled substances

(3) The division may enter into contracts for educational and research activities without performance bonds and without regard to ORS 279 710 to 279 746 [1977 c 745 §25, 1981 c 666 §8]

### (Enforcement)

**475.235 Burden of proof; liabilities** (1) It is not necessary for the state to negate any exemption or exception in ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 in any complaint, information, indictment or other pleading or in any trial, hearing or other proceeding under ORS 475 005 to 475 285 475 940 to 475 965 and 475 991 to 475 995 The burden of proof of any exemption or exception is upon the person claiming it

(2) In the absence of proof that a person is the duly authorized holder of an appropriate registration or order form issued under ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995, the person is presumed not to be the holder of the registration or form The burden of proof is upon the person to rebut the presumption [1977 c 745 §23]

**475.245 Conditional discharge for possession as first offense.** Whenever any person who has not previously been convicted of any offense under ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 or under any statute of the United States or of any state relating to narcotic drugs, marijuana, stimulant, depressant or hallucinogenic drugs, pleads guilty to or is found guilty of possession of a controlled substance under ORS 475 992 (4), the court, without entering a judgment of guilt and with the consent of the accused, may defer further proceedings and place the person on probation Upon violation of a term or condition of probation, the

court may enter an adjudication of guilt and proceed as otherwise provided. Upon fulfillment of the terms and conditions, the court shall discharge the person and dismiss the proceedings against the person. Discharge and dismissal under this section shall be without adjudication of guilt and is not a conviction for purposes of this section or for purposes of disqualifications or disabilities imposed by law upon conviction of a crime. There may be only one discharge and dismissal under this section with respect to any person. [1977 c 745 §21]

**475.255 Status of penalties.** Any penalty imposed for violation of ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 is in addition to, and not in lieu of, any civil or administrative penalty or sanction otherwise authorized by law. [1977 c 745 §18]

**475.265 When prosecution barred.** If a violation of ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 is a violation of a federal law or the law of another state, a conviction or acquittal under federal law or the law of another state for the same act is a bar to prosecution in this state. [1977 c 745 §19]

## (Interpretation; Title)

**475.275 Uniformity of interpretation.** ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 shall be so applied and construed as to effectuate its general purpose to make uniform the law with respect to the subject of ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 among those states which enact similar laws. [1977 c 745 §28]

**475.285 Short title.** ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995 may be cited as the Uniform Controlled Substances Act. [1977 c 745 §29]

## EXPERIMENTAL DRUGS

**475 305 "Experimental drug" defined.** As used in ORS 475 305 to 475 375, "experimental drug" means any drug identified by United States Food and Drug Administration as an investigational new drug except new drug experimentation involving toothpaste, mouthwash, antiperspirant or shampoo. [1977 c 636 §1, 1979 c 674 §1]

**475.315 Consent to prescribe or administer experimental drug required.** (1) No person shall prescribe or knowingly administer an experimental drug to another person unless that person obtains prior written consent as provided in ORS 475 325. Written consent shall be indi-

cated on forms prescribed and furnished or approved by the State Board of Pharmacy, provided each form meets the requirements of ORS 475 305 to 475 375.

(2) A copy of the signed consent form and any supplemental form shall be sent to the State Board of Pharmacy. The board shall keep the copies on file and shall permit examination only by the patient, the physician supervising the administration of the experimental drug and if not specified to the contrary in writing by the patient, in so far as the supplemental forms are concerned, to persons acting on behalf of the patient or the physician. [1977 c 636 §2, 1979 c 674 §2]

**475.325 Who may give consent.** (1) An adult patient may give informed written consent if

(a) No guardian has been appointed for the patient, and

(b) A physician licensed to practice in this state, other than the person proposing to prescribe the experimental drug, certifies that the patient is competent to give informed written consent to the administration of the experimental drug

(2) If an adult patient is not able to give informed written consent under subsection (1) of this section, consent may be given jointly by the guardian and any of the following available relatives of the patient in the order listed

(a) The spouse

(b) A son or daughter who is not a minor

(c) Either parent

(d) A brother or sister who is not a minor

(e) A grandson or granddaughter who is not a minor

(3) If no guardian has been appointed, the available relative in the order listed in subsection (2) of this section alone may provide the written consent required by subsection (2) of this section for the adult patient

(4) If none of the persons specified in subsection (2) of this section can be located after exercise of due diligence, the guardian alone may provide the written consent required by subsection (2) of this section for the adult patient

(5) If the patient is a minor, written consent may be provided by a parent or the guardian of the patient

(6) If a patient is unable to give informed consent personally, and consent is obtained as provided in subsections (2) to (5) of this section, experimental drugs may be administered to the

**475.335** LIQUOR; DRUGS

patient only for the purpose of diagnosing, treating or mitigating a disease or injury of the patient [1977 c 636 §3, 1979 c 674 §3]

**475.335 Information to be given to consenting person and relatives.** (1) The patient or any other person providing written consent pursuant to ORS 475 325, before signing the consent form, shall be apprised of the names of manufacturers of the experimental drug and the physician who will supervise its administration and shall be advised of all known medical risks attendant to the use of the experimental drug

(2) If the patient is to sign the consent form personally, the closest available relative of the patient shall be notified of the proposed use of the experimental drug and provided the information required in subsection (1) of this section unless the patient specifically requests by a supplemental form in writing that the relative not be advised of the patient's consent to the proposed use If there is no written objection by the patient to the contrary, the relative shall be given opportunity to consult with the patient before the patient signs the consent form, unless none of the persons specified in ORS 475 325 (2) can be located after the exercise of due diligence

(3) Failure to comply with the provisions of this section shall nullify any consent given pursuant to ORS 475 325 [1977 c 636 §4 1979 c 674 §4]

**475.345 Revocation of consent.** Consent given under ORS 475 325 and any supplemental form filed under ORS 475 335 may be revoked at any time by written communication to the physician supervising the administration of the experimental drug [1977 c 636 §5 1979 c 674 §5]

**475.355 Appraisal of patient condition to be given; other information.** (1) Upon request, the physician supervising the administration of the experimental drug shall provide the patient, if the patient is not a minor, or a parent or the guardian of the patient, if the patient is a minor, with an appraisal of the patient's condition and the effects of the experimental drug upon the patient The physician supervising the administration of the experimental drug shall also provide such information, upon request, to the guardian of an adult patient and to any person having a relationship to the adult patient specified in ORS 475 325 (2) unless the patient has specifically directed in writing that such persons not be notified

(2) Upon request of a patient or a person who provides consent for a patient pursuant to ORS 475 325, any person designated by the patient or person who provides consent shall be notified of the use of the experimental drug and shall be

provided with the information required under ORS 475 335 and subsection (1) of this section [1977 c 636 §6, 1979 c 674 §6]

**475.360 When person prohibited from prescribing experimental drug** A person having any ownership interest in a skilled nursing facility or an intermediate care facility is not authorized to prescribe an experimental drug for a patient in the facility in which the person has the ownership interest [1979 c 674 §10]

**475.365 When certain requirements waived.** The State Board of Pharmacy may waive the disclosure of information requirements set forth in ORS 475 315 (2), 475 335 (2), or ORS 475 355 to a guardian or relative or other person or ORS 475 375 upon a detailed and specific showing by an applicant that compliance therewith would violate specific provisions of the laws or regulations of the United States Nothing in this section is intended to relieve any person of responsibility under ORS 475 315 [1977 c 636 §7 1979 c 674 §7]

**475.375 Persons required to comply with ORS 475.305 to 475.375.** A person who prescribes or administers any new drug labeled by the Federal Drug Administration as being tested for safety solely for investigational use by persons qualified by scientific training and experience to investigate the safety and effectiveness of drugs on humans shall comply with ORS 475 305 to 475 375 which relate to written consent and disclosure of information [1977 c 636 §8 1979 c 674 §8]

**ILLEGAL DRUG CLEANUP**

**475.405 Definitions for ORS 475.405 to 475.495.** As used in ORS 475 405 to 475 495

(1) "Chemical" means

(a) Any material defined as a controlled substance or precursor substance as defined by this chapter

(b) Any substance used in the manufacture of a controlled substance as defined by this chapter

(c) Any material or substance designated by the Environmental Quality Commission under ORS 475 425

(2) "Cleanup" includes any action the Department of Environmental Quality, or a person acting on behalf of the department, is required to take pursuant to a request ORS 475 415

(3) "Cleanup costs" means reasonable costs that are attributable to or associated with cleanup at an alleged illegal drug manufacturing site, including but not limited to the costs of administration, investigation, legal or enforcement activities, contracts and health studies

1080

(4) "Commission" means the Environmental Quality Commission

(5) "Department" means the Department of Environmental Quality

(6) "Director" means the Director of the Department of Environmental Quality

(7) "Fund" means the Illegal Drug Cleanup Fund established under ORS 475 495

(8) "Owner or operator" means any person who owns, leases, operates or controls an alleged illegal drug manufacturing site "Owner or operator" does not include a person, who, without participating in the management of an alleged illegal drug manufacturing site, holds indicia of ownership primarily to protect a security interest in the site

(9) "Site" means an illegal drug manufacturing site [1987 c 699 §1]

Note   475 405 to 475 495 were enacted into law by the Legislative Assembly but were not added to or made a part of ORS chapter 475 or any series therein by legislative action See Preface to Oregon Revised Statutes for further explanation

**475.415 Request for cleanup.** Upon the request of a law enforcement agency, the Department of Environmental Quality may identify, cleanup, store and dispose of chemicals located at an alleged illegal drug manufacturing site [1987 c 699 §2]

Note   See note under 475 405

**475.425 Environmental Quality Commission rules; designation of chemicals. (1)** The Environmental Quality Commission shall consult with the law enforcement agencies in adopting rules necessary for the Department of Environmental Quality to carry out its responsibilities under ORS 475 415

(2) By rule, the commission may designate as chemical for the purposes of ORS 475 405 to 475 495 any element, compound, mixture or solution that may be a controlled substance or precursor substance as defined by this chapter or used to illegally manufacture drugs [1987 c 699 §3]

Note   See note under 475 405

**475.435 Authority of director. (1)** Upon request of a law enforcement agency, the director

(a) May undertake directly or by contract any cleanup action necessary to protect the public health, safety, welfare and the environment, or

(b) May authorize any person to carry out any cleanup action in accordance with any requirements of or directions from the director, if the director determines that the person will commence and complete the cleanup action properly

and in a timely manner However, the director in most circumstances shall not require the law enforcement agency to be responsible for carrying out the cleanup action

(2) Nothing in ORS 475 415 to 475 455, 475 475 and 475 485 shall prevent the director from taking any emergency cleanup action necessary to protect public health, safety, welfare or the environment

(3) The director may require a person liable under ORS 475 455 to conduct any cleanup action or related actions necessary to protect the public health, safety, welfare and the environment The director's action under this subsection may include but need not be limited to issuing an order specifying the cleanup action the person must take

(4) The director may request the Attorney General to bring an action or proceeding for legal or equitable relief, in the circuit court of the county in which the site is located or in Marion County, as may be necessary

(a) To enforce an order issued under subsection (3) of this section, or

(b) To abate any imminent and substantial danger to the public health, safety, welfare or the environment related to a release

(5) Notwithstanding any provision of ORS 183 310 to 183 550, any order issued by the director under subsection (3) of this section shall not be appealable to the commission or subject to judicial review

(6) If any person who is liable under ORS 475 455 fails without sufficient cause to conduct a cleanup action as required by an order of the director, the person shall be liable to the department for the state's cleanup costs and for punitive damages not to exceed three times the amount of the state's cleanup costs

(7) Nothing in this section is intended to interfere with, limit or abridge the authority of the State Fire Marshal or any other state agency or local unit of government relating to an emergency that presents a combustion or explosion hazard [1987 c 699 §6]

Note   See note under 475 405

**475.445 Site entry; purposes. (1)** Upon request of a law enforcement agency under ORS 475 415, the department or its authorized representative may enter any alleged illegal drug manufacturing site at any reasonable time to

(a) Sample, inspect, examine and investigate,

(b) Examine and copy records and other information, or

**475.455**                    LIQUOR; DRUGS

(c) Carry out cleanup action authorized by ORS 475 415 to 475 455, 475 475 and 475 485

(2) If any person refuses to provide information, documents, records or to allow entry under subsection (1) of this section, the department may request the Attorney General to seek from a court of competent jurisdiction an order requiring the person to provide such information, documents, records or to allow entry [1987 c 699 §4]

Note  See note under 475 405

**475.455 Liability of certain persons for cleanup costs.** (1) The following persons shall be strictly liable for those cleanup costs incurred by the state or any other person that are attributable to or associated with an alleged illegal drug manufacturing site and for damages for injury to or destruction of any natural resources caused by chemicals at the site

(a) Any owner or operator at or during the time of the acts or omissions that resulted in a site being created or damage to natural resources

(b) Any owner or operator who became the owner or operator after the time of the acts or omissions that resulted in a site being created or damages, and who knew or reasonably should have known of the site or damages when the person first became the owner or operator

(c) Any owner or operator who obtained actual knowledge of the site or damages during the time the person was the owner or operator of the site and then subsequently transferred ownership or operation of the site to another person without disclosing such knowledge

(d) Any person who, by any acts or omissions, caused, contributed to or exacerbated the site or damage, unless the acts or omissions were in material compliance with applicable laws, standards, regulations, licenses or permits

(e) Any person who unlawfully hinders or delays entry to, investigation of or cleanup action at a site

(2) Except as provided in paragraphs (b) to (e) of subsection (1) of this section and subsection (4) of this section, the following persons shall not be liable for cleanup costs incurred by the state or any other person that are attributable to or associated with a site, or for damages for injury to or destruction of any natural resources caused by chemicals at the site

(a) Any owner or operator who became the owner or operator after the time of the acts or omissions that resulted in the site being created or damages, and who did not know and reasonably should not have known of the damages when the person first became the owner or operator

(b) Any owner or operator of property that was contaminated by the migration of chemicals from real property not owned or operated by the person

(c) Any owner or operator at or during the time of the acts or omissions that resulted in the site or damages, if the site or damage at the site was caused solely by one or a combination of the following

(A) An act of God  "Act of God" means an unanticipated grave natural disaster or other natural phenomenon of an exceptional, inevitable and irresistible character, the effects of which could not have been prevented or avoided by the exercise of due care or foresight

(B) An act of war

(C) Acts or omissions of a third party, other than an employe or agent of the person asserting this defense, or other than a person whose acts or omissions occur in connection with a contractual relationship, existing directly or indirectly, with the person asserting this defense  As used in this subparagraph, "contractual relationship" includes but is not limited to land contracts, deeds or other instruments transferring title or possession

(3) Except as provided in paragraphs (c) to (e) of subsection (1) of this section or subsection (4) of this section, the following persons shall not be liable for cleanup costs incurred by the state or any other person that are attributable to or associated with an alleged illegal drug manufacturing site, or for damages for injury to or destruction of any natural resources caused by chemicals at the site

(a) A unit of state or local government that acquired ownership or control of a site in the following ways

(A) Involuntarily by virtue of its function as sovereign, including but not limited to escheat, bankruptcy, tax delinquency or abandonment, or

(B) Through the exercise of eminent domain authority by purchase or condemnation

(b) A person who acquired a site by inheritance or bequest

(4) Notwithstanding the exclusions from liability provided for specified persons in subsections (2) and (3) of this section, such persons shall be liable for cleanup costs incurred by the state or any other person that are attributable to or associated with a site, and for damages for injury to or destruction of any natural resources caused by chemicals at a site, to the extent that the person's acts or omissions contribute to such costs or damages, if the person

(a) Obtained actual knowledge of the chemicals at a site or damages and then failed to promptly notify the department and exercise due care with respect to the chemicals concerned taking into consideration the characteristics of the chemicals in light of all relevant facts and circumstances or

(b) Failed to take reasonable precautions against the reasonably foreseeable acts or omissions of a third party and the reasonably foreseeable consequences of such acts or omissions

(5)(a) No indemnification, hold harmless, or similar agreement or conveyance shall be effective to transfer from any person who may be liable under this section, to any other person, the liability imposed under this section Nothing in this section shall bar any agreement to insure, hold harmless or indemnify a party to such agreement for any liability under this section

(b) A person who is liable under this section shall not be barred from seeking contribution from any other person for liability under this section

(c) Nothing in ORS 475 415 to 475 455 475 475 and 475 485 shall bar a cause of action that a person liable under this section or a guarantor has or would have by reason of subrogation or otherwise against any person

(d) Nothing in this section shall restrict any right that the state or any person might have under federal statute, common law or other state statute to recover cleanup costs or to seek any other relief related to the cleanup of an alleged illegal drug manufacturing site

(6) To establish, for purposes of paragraph (b) of subsection (1) of this section or paragraph (a) of subsection (2) of this section, that the person did or did not have reason to know, the person must have undertaken, at the time of acquisition, all appropriate inquiry into the previous ownership and uses of the property consistent with good commercial or customary practice in an effort to minimize liability

(7)(a) Except as provided in paragraph (b) of this subsection, no person shall be liable under ORS 475 415 to 475 455, 475 475 and 475 485 for costs or damages as a result of actions taken or omitted in the course of rendering care, assistance or advice in accordance with rules adopted by the commission or at the direction of the department or its authorized representative, with respect to an incident creating a danger to public health, safety, welfare or the environment as a result of any cleanup of a site This paragraph shall not preclude liability for costs or damages as the result of negligence on the part of such person

(b) No state or local government shall be liable under this section for costs or damages as a result of actions taken in response to an emergency created by the chemicals at or generated by or from a site owned by another person This paragraph shall not preclude liability for costs or damages as a result of gross negligence or intentional misconduct by the state or local government For the purpose of this paragraph, reckless, wilful or wanton misconduct shall constitute gross negligence

(c) This subsection shall not alter the liability of any person covered by subsection (1) of this section [1987 c 699 §5]

Note  See note under 475 405

**475.465 Liability of state for cleanup.** Notwithstanding any other provision of law, the State of Oregon, the Environmental Quality Commission and the Department of Environmental Quality and their officers, employes and agents shall not be liable to a person possessing or owning chemicals located at an alleged illegal drug manufacturing site for any claims or actions arising from the identification, cleanup, storage or disposal of such chemicals by the Department of Environmental Quality [1987 c 699 §10]

Note  See note under 475 405

**475.475 Department record of costs; collection of costs.** (1) The department shall keep a record of the state's cleanup costs

(2) Based on the record compiled by the department under subsection (1) of this section, the department shall require any person liable under ORS 475 435 or 475 455 to pay the amount of the state's cleanup costs and, if applicable, punitive damages

(3) If the state's cleanup costs and punitive damages are not paid by the liable person to the department within 45 days after receipt of notice that such costs and damages are due and owing, the Attorney General, at the request of the director, shall bring an action in the name of the State of Oregon in a court of competent jurisdiction to recover the amount owed, plus reasonable legal expenses

(4) All moneys received by the department under this section shall be deposited in the Illegal Drug Cleanup Fund established under ORS 475 495 [1987 c 699 §7]

Note  See note under 475 405

**475.485 Costs and penalties as lien; enforcement of lien.** (1) All of the state's

cleanup costs, penalties and punitive damages for which a person is liable to the state under ORS 475 435 or 175 455 shall constitute a lien upon any real and personal property owned by the person

(2) At the department's discretion, the department may file a claim of lien on real property or a claim of lien on personal property The department shall file a claim of lien on real property to be charged with a lien under this section with the recording officer of each county in which the real property is located and shall file a claim of lien on personal property to be charged with a lien under this section with the Secretary of State The lien shall attach and become enforceable on the day of such filing The lien claim shall contain

(a) A statement of the demand,

(b) The name of the person against whose property the lien attaches,

(c) A description of the property charged with the lien sufficient for identification, and

(d) A statement of the failure of the person to conduct cleanup action and pay penalties and damages as required

(3) The lien created by this section may be foreclosed by a suit on real and personal property in the circuit court in the manner provided by law for the foreclosure of other liens

(4) Nothing in this section shall affect the right of the state to bring an action against any person to recover all costs and damages for which the person is liable under ORS 475 435 or 475 455

(5) A lien created under this section shall have priority over any claim of the state under ORS 166 715 to 166 735 or any local government forfeiture ordinance or regulation [1987 c 699 §8]

Note  See note under 475 405

**475.495 Illegal Drug Cleanup Fund; sources; uses** (1) The Illegal Drug Cleanup Fund is established separate and distinct from the General Fund in the State Treasury

(2) The following moneys shall be deposited into the State Treasury and credited to the Illegal Drug Cleanup Fund

(a) Moneys recovered or otherwise received from responsible parties for cleanup costs,

(b) Moneys received from a state agency, local government unit or any agency of a local government unit for cleanup of illegal drug manufacturing sites,

(c) Moneys received from the federal government for cleanup of illegal drug manufacturing sites, and

(d) Any penalty, fine or punitive damages recovered under ORS 475 435, 475 455 or 475 485

(3) The State Treasurer may invest and reinvest moneys in the Illegal Drug Cleanup Fund in the manner provided by law

(4) The moneys in the Illegal Drug Cleanup Fund are appropriated continuously to the department to be used as provided for in subsection (5) of this section

(5) Moneys in the Illegal Drug Cleanup Fund may be used for the following purposes

(a) Payment of the state's cleanup costs, and

(b) Funding any action or activity authorized by ORS 475 415 to 475 455, 475 475 and 475 485 [1987 c 699 §9]

Note  See note under 475 405

475 505  [1979 c 253 §1 repealed by 1987 c 75 §1]

475 510  [1979 c 253 §2 repealed by 1987 c 75 §1]

475 515  [1979 c 253 §3 repealed by 1987 c 75 §1]

475 610  [1955 c 573 §2  1957 c 587 §9  repealed by 1959 c 111 §2 (475 615 enacted in lieu of 475 610)]

475 615  [1959 c 411 §3 (enacted in lieu of 475 610) repealed by 1977 c 745 §54]

475 620  [1955 c 573 §3  1957 c 587 §10  repealed by 1959 c 411 §4 (475 625 enacted in lieu of 475 620)]

475 625  [1959 c 411 §5 (enacted in lieu of 475 620) 1963 c 137 §2, 1969 c 310 §2  repealed by 1971 c 743 §432]

475 630  [1955 c 573 §4,  repealed by 1959 c 411 §6 (475 635 enacted in lieu of 475 630)]

475 635  [1959 c 411 §11 (enacted in lieu of 475 650), 1969 c 310 §3  repealed by 1971 c 743 §432]

475 640  [1955 c 573 §5,  repealed by 1959 c 411 §8 (475 665 enacted in lieu of 475 640)]

475 645  [1959 c 411 §21 (enacted in lieu of 175 700), 1969 c 391 §15  1971 c 743 §380  1973 c 697 §20  1977 c 745 §41, repealed by 1977 c 871 §29]

475 650  [1955 c 573 §6  repealed by 1959 c 411 §10 (475 635 enacted in lieu of 475 650)]

475 655  [1959 c 411 §7 (enacted in lieu of 475 630) 1963 c 137 §3  1971 c 743 §381  repealed by 1973 c 697 §21]

475 660  [1955 c 573 §7  repealed by 1959 c 111 §12 (475 675 enacted in lieu of 475 660)]

475 665  [1959 c 411 §9 (enacted in lieu of 475 640) 1971 c 743 §382, 1973 c 697 §17, 1977 c 745 §42  repealed by 1977 c 871 §29]

475 670  [1955 c 573 §8  repealed by 1959 c 411 §11 (475 705 enacted in lieu of 475 670)]

475 675  [1959 c 411 §13 (enacted in lieu of 475 660), 1969 c 638 §2  1973 c 697 §18  repealed by 1977 c 871 §29]

475 680  [1955 c 573 §§9 13  repealed by 1959 c 411 §16 (475 685 enacted in lieu of 475 680)]

CONTROLLED SUBSTANCES; EXPERIMENTAL DRUGS; CLEANUP 475.945

**475 685** [1959 c 411 §17 (enacted in lieu of 475 680) 1973 c 697 §15 repealed by 1977 c 871 §29]

**475 690** [1955 c 573 §9 repealed by 1959 c 411 §18 (475 695 enacted in lieu of 475 690)]

**475 695** [1959 c 411 §19 (enacted in lieu of 475 690) 1973 c 697 §16 1977 c 745 §48 repealed by 1977 c 871 §29]

**475 700** [1955 c 573 §10 repealed by 1959 c 411 §20 (475 645 enacted in lieu of 475 700)]

**475 705** [1959 c 411 §15 (enacted in lieu of 475 670), 1969 c 638 §3, 1973 c 697 §19 1977 c 745 §49 repealed by 1977 c 871 §29]

**475 710** [1955 c 573 §11 repealed by 1959 c 411 §22]

**475 715** [1969 c 442 §1, renumbered 430 560]

**475 720** [1955 c 573 §12 repealed by 1959 c 411 §22]

**475 725** [1969 c 442 §2 renumbered 430 565]

**475 730** [1955 c 573 §13 repealed by 1959 c 411 §22]

**475 732** [1973 c 697 §12 repealed by 1977 c 745 §51 and 1977 c 871 §29]

**475 740** [1955 c 573 §1, repealed by 1959 c 411 §22]

**475 742** [1973 c 697 §14, repealed by 1977 c 871 §29]

**475 750** [1955 c 573 §3, repealed by 1959 c 411 §22]

## HYPODERMIC DEVICES

**475.805 Providing hypodermic device to minor prohibited; exception.** (1) No person shall sell or give a hypodermic device to a minor unless the minor demonstrates a lawful need therefor by authorization of a physician, parent or legal guardian or by other means acceptable to the seller or donor

(2) As used in this section, "hypodermic device" means a hypodermic needle or syringe or medication packaged in a hypodermic syringe or any instrument adapted for the subcutaneous injection of a controlled substance as defined in ORS 475 005 [1983 c 738 §1]

## PRECURSOR SUBSTANCES

**475.940 Precursor substances described; certain compounds containing ephedrine exempted.** This section establishes, for purposes of ORS 475 950 and 475 955, substances that are precursor substances The following are precursor substances

(a) Phenyl-2-propanone. Phenylacetone

(b) Methylamine in either gas or water solution

(c) D-lysergic acid

(d) Ergotamine tartrate

(e) Diethyl Malonate

(f) Malonic acid

(g) Ethyl Malonate

(h) Barbituric acid

(i) Piperidine

(j) N-acetylanthranilic acid

(k) Ethylamine

(L) Pyrolidine

(m) Phenylacetic acid

(n) Anthranilic acid

(o) Morpholine

(p) L-Ephedrine

(q) DL-Ephedrine

(r) Any substance established as a precursor substance by rule under authority granted in ORS 475 945

(2) Any combination or compound containing ephedrine, or any of its salts or isomers, which is prepared for over-the-counter sale not otherwise prohibited by law is not a precursor substance for the purpose of subsection (1) of this section [1987 c 657 §§3, 3a]

**475 945 Authority and duties of Department of State Police.** This section grants authority to and establishes duties of the Department of State Police in relation to the requirements concerning precursor substances under ORS 475 940 (1), 475 950 and 475 955 The following are applicable as described

(1) The department may adopt rules in accordance with ORS 183 310 to 183 550 that add substances to those specifically enumerated in ORS 475 940 (1) if the substance is a precursor to a controlled substance Similarly, the department may delete such substances as it has added by administrative rule

(2) Notwithstanding the time period established for reporting under ORS 475 950, the department may authorize the submission of such reports on a monthly basis with respect to repeated. regular transactions between the furnisher and recipient involving the same substance if the department determines that all of the following exist

(a) A pattern of regular supply of such substance exists as between the manufacturer, wholesaler, retailer or other person who sells, transfers or otherwise furnishes such substance and the recipient of the substance

(b) The recipient has established a record of use of the substance for lawful purposes

(3) The department shall establish a common reporting form for purposes of ORS 475 950 The department may include as information required

to be reported on the form any information the department determines will be convenient or useful to police agencies in finding potentially illegal uses of precursor substances. The reporting form shall require at least the following information

(a) The name of the substance

(b) The quantity of the substance sold, transferred or furnished

(c) The date the substance was sold, transferred or furnished

(d) The name and address of the person buying or receiving the substance accompanied by a verification of the person's identification by means the department requires by rule

(e) The name and address of the person selling, transferring or furnishing the substance accompanied by a verification of the person's identification by means the department requires by rule

(f) The name of any agent acting on behalf of any party to the transaction accompanied by a verification of the person's identification by means the department requires by rule

(4) The department shall establish a common reporting form for purposes of ORS 475.955. The department may include as information required to be reported on the form any information the department determines will be convenient or useful to police agencies in finding potentially illegal uses of precursor substances. The reporting form shall require at least the following information

(a) The name of the person making the report

(b) The name of the common carrier or person who transports the substance and date of shipment of the substance

(c) The date and circumstances of discovering the loss, theft or discrepancy

(5) The department shall furnish a copy of the report to the local law enforcement agency in whose jurisdiction the transaction occurred [1987 c 657 §6]

## PENALTIES

**475.950 Penalty for failure to report precursor substance.** (1) A person commits the offense of failure to report a precursor substances transaction if the person does any of the following

(a) Sells, transfers or otherwise furnishes any precursor substance described in ORS 475.940 (1)

and does not, at least three days before delivery of the substance, submit to the Department of State Police a report that meets the reporting requirements established by rule under ORS 475.945

(b) Receives any precursor substance described in ORS 475.940 (1) and does not, within 10 days after receipt of the substance, submit to the Department of State Police a report that meets the reporting requirements established by rule under ORS 475.945

(2) This section does not apply to any of the following

(a) Any pharmacist or other authorized person who sells or furnishes a substance described under ORS 475.940 (1) upon the prescription of a physician, dentist, podiatrist or veterinarian

(b) Any practitioner, as defined in ORS 475.005, who administers or furnishes a substance described under ORS 475.940 (1) to patients upon prescription

(c) Any person licensed by the Board of Pharmacy who sells, transfers or otherwise furnishes a substance described under ORS 475.940 (1) to a licensed pharmacy, physician, dentist, podiatrist or veterinarian for distribution to patients upon prescription

(d) Any person who is authorized by rule under ORS 475.945 to report in an alternate manner if the person complies with the alternate reporting requirements

(e) Any patient of a practitioner, as defined in ORS 475.005, who obtains a substance described under ORS 475.940 (1) from a licensed pharmacist, physician, dentist, podiatrist or veterinarian pursuant to a prescription

(3) Penalties related to providing false information on a report required under this section are provided under ORS 475.965

(4) The offense described in this section, failure to report a precursor substances transaction, is a Class A misdemeanor [1987 c 657 §2]

**475.955 Penalty for failure to report missing precursor substances.** (1) A person commits the offense of failure to report missing precursor substances if the person

(a) Is a licensee or other person regulated by the provisions of ORS 475.005 to 475.285 and 475.940 to 475.965,

(b) Discovers any theft or loss of any precursor substance described under ORS 475.940 (1) or any difference between the quantity received and the quantity shipped, and

(c) Within three days after discovery of the theft or loss or actual knowledge of the discrep-

CONTROLLED SUBSTANCES; EXPERIMENTAL DRUGS, CLEANUP 475.992

ancy, does not report the theft, loss or discrepancy to the Department of State Police in the manner provided by rule adopted under ORS 475 945

(2) Penalties for providing false information on any report required under this section are provided under ORS 465 965

(3) The offense described in this section, failure to report missing precursor substances, is a Class A misdemeanor [1987 c 657 §4]

**475.960 Penalty for illegally selling drug equipment.** (1) A person commits the offense of illegally selling drug equipment if the person sells any substance, article, apparatus or device with knowledge that the substance, article, apparatus or device will be used to manufacture, compound, convert, process or prepare a controlled substance for unlawful sale or distribution

(2) The offense described in this section, illegally selling drug equipment, is a Class A misdemeanor [1987 c 657 §5]

**475.965 Penalty for providing false information on precursor substances report** (1) A person commits the offense of providing false information on a precursor substances report if the person knowingly provides false information in any report required under ORS 475 950 or 475 955

(2) The offense described in this section, providing false information on a precursor substances report, is a Class A misdemeanor [1987 c 657 §7]

475 990 [1957 c 587 §11  1969 c 310 §4, repealed by 1977 c 745 §45]

**475.991 Penalty for unlawful delivery of imitation controlled substance.** (1) A person commits the crime of unlawful delivery of an imitation controlled substance if the person knowingly

(a) Delivers, other than by administering or dispensing, a substance that is not a controlled substance upon the express or implied representation that the substance is a controlled substance, or

(b) Delivers a substance that is not a controlled substance upon the express or implied representation that the substance is of such nature or appearance that the recipient of the delivery will be able to distribute the substance as a controlled substance

(2) As used in this section, "deliver" or "delivery" means the actual or constructive transfer, or offer or agreement to transfer, from one person to another of a substance, whether or not there is an agency relationship

(3) Unlawful delivery of an imitation controlled substance is a Class A misdemeanor [1981 c 859 §2]

**475 992 Prohibited acts generally, penalties.** (1) Except as authorized by ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995, it is unlawful for any person to manufacture or deliver a controlled substance Any person who violates this subsection with respect to

(a) A controlled substance in Schedule I, is guilty of a Class A felony

(b) A controlled substance in Schedule II, is guilty of a Class B felony

(c) A controlled substance in Schedule III, is guilty of a Class C felony

(d) A controlled substance in Schedule IV, is guilty of a Class B misdemeanor

(e) A controlled substance in Schedule V, is guilty of a Class C misdemeanor

(2) Notwithstanding the placement of marijuana in a schedule of controlled substances under ORS 475 005 to 475 285 and 475 940 to 475 965

(a) Any person who delivers marijuana for consideration is guilty of a Class B felony

(b) Any person who delivers, for no consideration, less than one avoirdupois ounce of the dried leaves, stems and flowers of the plant Cannabis family Moraceae is guilty of a Class A misdemeanor, except that any person who delivers, for no consideration, less than five grams of the dried leaves, stems and flowers of the plant Cannabis family Moraceae is guilty of a violation, punishable by a fine of not more than $100

(3) Except as authorized in ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995, it is unlawful for any person to create or deliver a counterfeit substance Any person who violates this subsection with respect to

(a) A counterfeit substance in Schedule I, is guilty of a Class A felony

(b) A counterfeit substance in Schedule II, is guilty of a Class B felony

(c) A counterfeit substance in Schedule III, is guilty of a Class C felony

(d) A counterfeit substance in Schedule IV, is guilty of a Class B misdemeanor

(e) A counterfeit substance in Schedule V, is guilty of a Class C misdemeanor

(4) It is unlawful for any person knowingly or intentionally to possess a controlled substance unless the substance was obtained directly from, or pursuant to, a valid prescription or order of a

practitioner while acting in the course of professional practice, or except as otherwise authorized by ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995  Any person who violates this subsection with respect to

(a) A controlled substance in Schedule I, is guilty of a Class B felony

(b) A controlled substance in Schedule II, is guilty of a Class C felony

(c) A controlled substance in Schedule III, is guilty of a Class A misdemeanor

(d) A controlled substance in Schedule IV, is guilty of a Class C misdemeanor

(e) A controlled substance in Schedule V, is guilty of a violation

(f) Notwithstanding the placement of marijuana in a schedule of controlled substances under ORS 475 005 to 475 285 and 475 940 to 475 965, any person who knowingly or intentionally is in unlawful possession of less than one avoirdupois ounce of the dried leaves, stems and flowers of the plant Cannabis family Moraceae is guilty of a violation, punishable by a fine of not more than $100  [1977 c 745 §15  1979 c 777 §55]

**475.993 Prohibited acts for registrants, penalties.** (1) It is unlawful for any person

(a) Who is subject to ORS 475 045, 475 095 and 475 125 to 475 185 to deliver or dispense a controlled substance in violation of ORS 475 185,

(b) Who is a registrant, to manufacture a controlled substance not authorized by this registration, or to deliver or dispense a controlled substance not authorized by the registration to another registrant or other authorized person,

(c) To refuse or fail to make, keep or furnish any record, notification, order form, statement, invoice or information required under ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995,

(d) To refuse an entry into any premises for any inspection authorized by ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995, or

(e) To keep or maintain any store, shop, warehouse, dwelling, building, vehicle, boat, aircraft or other structure or place, while knowingly permitting persons to use controlled substances in such places in violation of ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995, or which is used for keeping or selling them in violation of ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995

(2) Any person who violates this section with respect to

(a) A controlled substance in Schedule I, is guilty of a Class C felony

(b) A controlled substance in Schedule II, is guilty of a Class A misdemeanor

(c) A controlled substance in Schedule III, is guilty of a Class B misdemeanor

(d) A controlled substance in Schedule IV or V, is guilty of a Class C misdemeanor  [1977 c 745 §16]

**475.994 Prohibited acts involving records and fraud; penalties.** (1) It is unlawful for any person knowingly or intentionally

(a) To deliver as a registrant a controlled substance classified in Schedule I or II, except pursuant to an order form as required by ORS 475 175,

(b) To use in the course of manufacture or delivery of a controlled substance a registration number which is fictitious, revoked, suspended or issued to another person,

(c) To acquire or obtain possession of a controlled substance by misrepresentation, fraud, forgery, deception or subterfuge,

(d) To furnish false or fraudulent material information in, or omit any material information from, any application, report, record or other document required to be kept or filed under ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995, or

(e) To make, deliver or possess any punch, die, plate, stone or other thing designed to print, imprint or reproduce the trademark, trade name or other identifying mark, imprint or device of another or any likeness of any of the foregoing upon any drug or container or labeling thereof so as to render the drug a counterfeit substance

(2) Any person who violates this section is guilty of a Class A misdemeanor  [1977 c 745 §17]

**475.995 Penalties for distribution to minors.** Except as authorized by ORS 475 005 to 475 285, 475 940 to 475 965 and 475 991 to 475 995, it is unlawful for any person to deliver a controlled substance to a person under 18 years of age  Any person who violates this section with respect to

(1) A controlled substance in Schedule I or II, is guilty of a Class A felony

(2) A controlled substance in Schedule III, is guilty of a Class B felony

CONTROLLED SUBSTANCES; EXPERIMENTAL DRUGS; CLEANUP 475.997

(3) A controlled substance in Schedule IV, is guilty of a Class A misdemeanor

(4) A controlled substance in Schedule V, is guilty of a Class B misdemeanor

(5) Notwithstanding the placement of marijuana in a schedule of controlled substances under ORS 475 005 to 475 285 and 475 940 to 475 965, and notwithstanding ORS 475 992 (2), delivery of marijuana to a minor is a Class A felony if

(a) The defendant is 18 years of age or over, and

(b) The conviction is for delivery of marijuana to a person under 18 years of age who is at least three years younger than the defendant [1977 c 745 §20  1979 c 777 §56]

**475.997 Penalty for violation of ORS 475.305 to 475.375.**  Any intentional violation of any provision of ORS 475 305 to 475 375 is a Class A misdemeanor  [1977 c 636 §9]

**LIQUOR; DRUGS**