Tanner J. Bean (A17128)
tbean@fabianvancott.com
Jacqueline M. Rosen (A18530)
jrosen@fabianvancott.com
FABIAN VANCOTT
95 South State Street, Suite 2300
Salt Lake City, UT 84111-23323
Telephone: (801) 531-8900
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, an individual; SINGULARISM, a non-profit corporation; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY; a limited liability company;<br><br>Plaintiffs,<br>vs.<br><br>UTAH COUNTY, a political subdivision, PROVO CITY, a political subdivision; JEFFREY GRAY, an individual;<br><br>Defendants. | **MOTION FOR ATTORNEY FEES REGARDING ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION**<br><br>Civil No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish<br><br>(Removed from Fourth Judicial District Court, Utah County, State of Utah, Case No. 240406123) |

Plaintiffs Bridger Lee Jensen, Singularism, and Psyche Healing and Bridging LLC (dba Psychedelic Therapy Journey) ("Plaintiffs" or "Singularism") hereby file this Motion for Attorney Fees Regarding Order Granting Motion for Preliminary Injunction.

## BACKGROUND

1

1. On November 19, 2024, Singularism filed its Complaint against Defendants in state court, along with a Motion for Temporary Restraining Order and Preliminary Injunction. *See* ECF 2-2, 2-3.

2. On November 27, 2024, Defendants removed the case to this Court. *See* ECF 2.

3. On December 4, 2024, at the Court's direction, Singularism re-filed its Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") in this Court. *See* ECF 5, 9. Following Defendant's brief opposing the Motion, Singularism filed a reply brief in support of the Motion, *see* ECF 19, 21.

4. On December 13, 2024, the Court held a hearing on the temporary restraining order portion of Singularism's Motion, and issued a temporary restraining order, requiring Defendants "to return [Singularism's] ps[i]loc[y]bin and records seized on November 11 to Plaintiffs as soon as possible." *See* ECF 24. In granting this portion of Singularism's Motion, the Court relied upon Utah's Religious Freedom Restoration Act, Utah Code § 63G-33-201 ("Utah's RFRA"). *Id.* The Court later stayed the portion of the temporary restraining order regarding Singularism's psilocybin. *See* ECF 56.

5. In an effort to obtain discovery to oppose the Motion, on December 20, 2024, Defendants filed a Joint Motion for Expedited Discovery, *see* ECF 44, which Singularism opposed, *see* ECF 47, and the Court denied on January 7, 2025, *see* ECF 56.

6. Ahead of a hearing on the preliminary injunction portion of Singularism's Motion, Defendants sought leave to file a supplemental brief opposing the Motion. *See* ECF 64. The Court granted that leave and permitted Singularism to file a responsive supplemental brief, *see* ECF 65, which it did, *see* ECF 71.

7. On January 23, 2024, the Court held a hearing on the preliminary injunction portion of Singularism's Motion. Following the hearing, the Court ordered the parties to provide supplemental briefing, *see* ECF 77, which Singularism submitted to the Court, *see* ECF 85.

8. On February 20, 2025, the Court granted Singularism's request for a preliminary injunction, requiring Defendants "to return any items seized from Singularism's spiritual center not yet returned as soon as possible but no later than 14 days from the date of this order" (thereby lifting the stayed portion of the temporary restraining order), and ordering Defendants "to not interfere with Plaintiffs' sincere religious use of psilocybin from the date of this order until this litigation is complete." *See* ECF 92. In granting this portion of Singularism's Motion, the Court relied upon Utah's RFRA. *Id.*

## ARGUMENT

I. **Singularism Is Entitled to an Award of Attorney Fees and Costs Incurred in Bringing and Prevailing Upon Its Motion for Temporary Restraining Order and Preliminary Injunction.**

"A person who prevails in an action to enforce the provisions of [the Utah RFRA] against a government entity *is entitled to* recover reasonable attorney fees and costs." Utah Code § 63G-33-201(6) (emphasis added). *See also Church of the Holy Light of the Queen v. Holder*, 584 F. App'x 457, 458 (9th Cir. 2014) (awarding attorney fees to prevailing party under the federal RFRA); *DiLaura v. Twp. of Ann Arbor*, 471 F.3d 666, 670-71 (6th Cir. 2006), *as amended on denial of reh'g and reh'g en banc* (June 12, 2007) (same).

A plaintiff prevails "when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Verlo v. City & Cnty. of Denver*, 789 F. App'x 709, 712 (10th Cir. 2019).

"Relief on the merits occurs when plaintiffs 'succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "And a material alteration of the parties' legal relationship occurs when there is 'judicial imprimatur on the change.'" *Id.* (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.,* 532 U.S. 598, 605 (2001)). *See also Kansas Jud. Watch v. Stout*, 653 F.3d 1230, 1235-40 (10th Cir. 2011) (explaining this standard as described by the U.S. Supreme Court in *Texas State Teachers Ass'n v. Garland Independent School District (TSTA)*, 489 U.S. 782 (1989)); *Republican Party of New Mexico v. Torrez*, No. 1:11-CV-900-WJ-KBM, 2024 WL 363188, at *1 (D.N.M. Jan. 31, 2024) ("It is settled law that a preliminary injunction may serve as the basis for conferring prevailing-party status"); *Grace Bible Fellowship v. Polis*, 694 F. Supp. 3d 1338, 1353 (D. Colo. 2023) (granting an "award of interim attorney fees" to a religious organization that prevailed at the preliminary injunction stage); *Inst. for Just. v. Laster,* No. CIV-19-858-D, 2022 WL 17903784, at *2 (W.D. Okla. Dec. 23, 2022) (granting award of attorney fees to party that prevailed at the preliminary injunction stage).

In *Kansas Jud. Watch*, the Tenth Circuit explained that a plaintiff that obtains a preliminary injunction amounts to a prevailing party where "the injunction . . . provide[s] at least some relief on the merits of the plaintiff's claim(s). A preliminary injunction provides relief on the merits when it (a) affords relief sought in the plaintiff's complaint and (b) represents an unambiguous indication of probable success on the merits." 653 F.3d at 1238. In that case, the Tenth Circuit deemed a plaintiff which obtained a preliminary injunction to be a prevailing party and ordered an award of attorney fees in the plaintiff's favor. *Id.* at 1239. The Court observed that the preliminary

4

injunction at issue granted one type of relief sought in the complaint and carefully analyzed and indicated plaintiff's likelihood of success on the merits. *Id.*

Here, because the Court resolved the Motion through an analysis of the Utah RFRA, that statute's mandatory attorney fee provision applies if Singularism is a prevailing party. And it is. As in *Kansas Jud. Watch*, the Court's grant of the Motion (in part, first, through the Court's TRO, and in additional part, second, through the Court's preliminary injunction order) indicates Singularism succeeded in obtaining much of the relief it requested in its complaint: return of its sacred scripture, return of its sacramental psilocybin, return of all other objects unlawfully seized by Defendants during their search of Singularism's spiritual center, and an order enjoining Defendants from interfering with Singularism's religious free exercise during the pendency of this action. The Court's orders granting the Motion materially alter the legal relationship between the parties by modifying Defendants' behavior in a way that directly benefits the plaintiff—here, through receipt of the seized items and a protective injunction to safeguard their religious free exercise. The Court's orders granting the Motion are a judicial imprimatur that caused the material alteration of the legal relationship between the parties. Further, both the Court's TRO and preliminary injunction order represent an unambiguous indication of substantial likelihood of success on the merits. Thus, under the authorities stated above, Singularism plainly qualifies as a prevailing party and is entitled to attorney fees and costs.

## II.     Singularism's Attorney Fees Incurred in Bringing and Prevailing Upon Its Motion for Temporary Restraining Order and Preliminary Injunction Are Reasonable.

Singularism seeks attorney fees in the amount of **$99,396.00**. The factual basis for this figure is detailed in the attached declaration and in the following authority.

5

> To determine a reasonable attorney's fee, a "lodestar" figure is arrived at by multiplying the hours . . . counsel reasonably spent on the litigation by a reasonable hourly rate. Factors for determining the reasonableness of the hours billed for a given task or in defense of the litigation as a whole include: the complexity of the case; the number of reasonable strategies pursued; the responses necessitated by the maneuvering of the other side; and the potential duplication of services.

*Prisbrey v. State Auto Ins. Companies*, No. 4:21-CV-00124-DN, 2024 WL 476654, at *1 (D. Utah Feb. 7, 2024) (quotation omitted).

> The first step in calculating the lodestar is to determine the number of hours reasonably spent by counsel for the party seeking fees. In assessing the reasonableness of counsel's claimed hours, the court considers: (a) whether the hours are supported by adequate billing records; (b) whether the attorney has exercised billing judgment; and (c) whether the hours expended on each task are reasonable.

*John Bean Techs. Corp. v. B GSE Grp., LLC*, No. 1:17-CV-00142-RJS, 2023 WL 6164322, at *18 (D. Utah Sept. 21, 2023) (cleaned up) (quotations omitted). The second step in the lodestar analysis is to determine whether "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* at *23.

Under these reasonableness factors, Singularism's request for attorney fees is reasonable. To secure its rights to religious free exercise, Singularism had to take extraordinary legal action, through the filing of its Motion, to obtain relief from the Court. Such involved a complex analysis of the Utah RFRA and related constitutional issues, especially as this case presents the first instance of the Utah RFRA's interpretation. Even so, Singularism pursued a straightforward strategy to obtain that relief through the Motion. However, Singularism was required to respond to substantial maneuvering by Defendants. For example, after preparing and filing its Motion in state court, Singularism had to revise and re-file its Motion in federal court because of Defendants' removal of the action. Singularism also had to respond to overlength briefing, as well as to

6

supplemental briefing Defendants filed in opposition to the Motion. Additionally, Singularism had to oppose Defendants' related motion that sought expedited discovery in order to oppose Singularism's Motion. Singularism also had to oppose Defendant's motion for a stay. And while not the result of Defendants' actions, Singularism also needed to respond to the Court's supplemental briefing order. All considered, Singularism was required to brief nearly 100 pages of argument and evaluate a substantial amount of related and evolving discovery, all on an expedited basis, in order to obtain victory on its Motion.

The time expended by Singularism's attorneys to complete all the above, as well as prepare for two full-day hearings before the Court, was reasonable. Each of Singularism's attorneys' time records are supported by billing records described in the attached affidavit. Those entries indicate each attorney exercised billing judgment, demonstrating a division of research and drafting tasks as not to duplicate work, and in a reasonable amount of time. Further, the rates charged by each of Singularism's attorneys are in line with those prevailing in the community, if not lower than the prevailing rate, for similar services by lawyers of reasonably comparable skill, experience, and reputation. For example, no senior attorneys were employed on this matter, even though cases involving religious free exercise require a niche area of legal experience.

The time entries reflected in the attached affidavit do not include time spent drafting Plaintiff's Complaint or Amended Complaint, researching or briefing Singularism's motion for anti-suit injunction, opposing Defendants' motion to dismiss, the portion of the preparation and attendance at the January 23, 2025 hearing devoted to those matters, and any matters solely related to the criminal proceedings, which, considered together, amounts to approximately **$38,000.** Singularism does not seek that sum in this motion for attorney fees at this time.

The time entries reflected in the attached affidavit are set forth in two spreadsheets: (1) a spreadsheet detailing all work related to the Motion, including that regarding Defendants' motion to stay a portion of the TRO, in the amount of **$91,946.00** and (2) a spreadsheet detailing all work related to oppose Defendants' motion for expedited discovery, which Defendants brought to oppose the Motion, in the amount of **$7,450.00**. Together, the amount of attorney fees sought is **$99,396.00**.

## CONCLUSION

For the reasons specified above, Plaintiffs are entitled to an award of **$99,396.00** in attorney fees.

DATED February 21, 2025.

> /s/ Tanner J. Bean
> Tanner J. Bean
> Jacqueline M. Rosen
> *Attorneys for Plaintiffs*