| | |
|---|---|
| MITCHELL A. STEPHENS (11775)<br>JUSTIN L. JAMES (15167)<br>DILLON P. OLSON (16120)<br>JAMES DODGE RUSSELL & STEPHENS, P.C.<br>10 West Broadway, Ste. 400<br>Salt Lake City, Utah 84101<br>mstephens@jdrslaw.com<br>jjames@jdrslaw.com<br>dolson@jdrslaw.com<br>*Attorneys for Defendants Utah County and Jeffrey Gray* | J. BRIAN JONES (11816)<br>GARY D. MILLWARD (12170)<br>RICHARD A. ROBERTS (12217)<br>PROVO CITY ATTORNEY'S OFFICE<br>445 W Center St.<br>Provo, Utah 84601<br>gmillward@provo.gov<br>rroberts@provo.gov<br><br>*Attorneys for Defendants Provo City* |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, SINGULARISM, and PSYCHE HEALING AND BRIDGING, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>UTAH COUNTY, PROVO CITY, and JEFFREY GRAY,<br><br>    Defendants. | **ANSWER TO FIRST AMENDED VERIFIED COMPLAINT**<br><br>Civil Case No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish |

Defendants Utah County (the "County"), Jeffrey Gray ("Gray") (collectively "Utah County") and Provo City ("Provo"), (all Defendants collectively referred to as "Defendants"), jointly answer the allegations set forth in the First Amended Verified Complaint [Dkt. No. 83] filed by Plaintiffs Bridger Lee Jensen, Singularism, and Psyche Healing and Bridging, LLC, (collectively referred to as "Plaintiffs") as follows:

### FIRST DEFENSE

Plaintiffs' First Amended Verified Complaint (the "Complaint") fails to state certain claims and causes of action upon which relief may be granted against Defendants.

1

**SECOND DEFENSE**

With respect to the specific allegations of Plaintiffs' Complaint, Defendants respond as follows:

**INTRODUCTION**

No admission or denial is required in response to Plaintiffs' "Introduction," which is predominantly a narrative and statement of legal conclusions. To the extent a response is required, Defendants deny the allegations of the Introduction.

**PARTIES**

1. Based on information and understanding, Defendants admit that Plaintiff Bridger Lee Jensen is a resident of Provo, Utah.

2. Based on information and understanding, Defendants admit that Plaintiff Singularism is located in Provo, Utah, and is a registered nonprofit corporation with the State of Utah.

3. Based on information and understanding, Defendants admit that Plaintiff Psyche Healing and Bridging LLC is a registered entity with the State of Utah with a listed physical address in Orem, Utah.

4. Admit.

5. Admit.

6. Admit that Provo City is a political subdivision of the State of Utah located in Utah County, that the Provo City Police Department is an agency, program, or arm of Provo City, and that the specified individuals in subparagraphs a.-f. held the specified titles during all relevant times. Deny that Provo City Attorney's Office is an agency, program, or arm of Utah

County. The remaining allegations in paragraph 6 consist of a legal conclusion to which no response is required.

7. The allegations of paragraph 7 consist of a legal conclusion to which no response is required.

## JURISDICTION AND VENUE

8. Admit.

9. The allegations of paragraph 9 consist of a legal conclusion to which no response is required.

10. The allegations of paragraph 10 consist of a legal conclusion to which no response is required.

11. The allegations of paragraph 11 consist of a legal conclusion to which no response is required.

12. Defendants admit that the action was removed. The remaining allegations in paragraph 12 contain characterizations of a written document, which speaks for itself. Defendants deny all allegations inconsistent with the referenced document.

13. Defendants admit that Plaintiffs served a notice-of-claim on the same day it filed its original complaint. The remaining allegations in paragraph 13 consist of a legal conclusion to which no response is required. To the extent a response is required, Defendants deny that Plaintiffs' claims are exempt from the notice-of-claim provisions of the Utah Governmental Immunity Act.

## FACTUAL BACKGROUND

14. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

15. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

16. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

17. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

18. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

19. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

20. Defendants admit that Singularism sent letters to them and their respective departments. Defendants lack sufficient information and knowledge to form opinions about the intended purpose of the letters or the alleged misunderstanding of Singularism, and on that basis deny the other allegations of paragraph 20.

21. Paragraph 21 contains references to statements from Provo City and the Utah County Attorney's Offices, which speak for themselves. Defendants deny all allegations inconsistent with the referenced statements.

22. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

23. Defendants lack sufficient information and knowledge to form opinions about Singularism's doctrine and clinical practices and on that basis deny the same. The allegations in paragraph 23 further contain characterizations of written documents, which speak for themselves. Defendants deny all allegations inconsistent with the referenced documents.

24. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

25. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same. The allegations in paragraph 25 further contain characterizations of written documents, which speak for themselves. Defendants deny all allegations inconsistent with the referenced documents.

26. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

27. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations of paragraph 27 and all its subparts, and on that basis deny the same.

28. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

29. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

30. Defendants admit a participant at Singularism experienced a medical incident to which emergency medical personnel were called to respond to and treat in January 2025. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

31. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

32. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

33. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

34. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

35. Defendants admit that a search warrant, signed by Fourth District Court Judge Sean M. Petersen, was executed at Singularism on November 11, 2024.

36. Defendants admit that they executed the search warrant in compliance with the order from Judge Petersen. Defendants admit they questioned Plaintiff Bridger Jensen. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

37. The allegations in paragraph 37 contain characterizations of statements, which statements speak for themselves. Defendants deny all allegations inconsistent with the referenced statements. Defendants further lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

38. Admit.

39. Deny.

40. Admit.

41. Admit.

42. Defendants admit law enforcement informed Jensen they would also seize records from Singularism. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

43. Admit.

44. The allegations in paragraph 44 contain characterizations of oral statements, which oral statements speak for themselves. Defendants assert Detective Julian also advised Mr. Jensen to speak with his legal counsel regarding the continued practice of Singularism. Defendants deny all allegations inconsistent with the referenced oral statements.

45. Defendants admit that Jensen was released without arrest and that they informed him he should expect criminal charges. Defendants deny all remaining allegations in paragraph 45.

46. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

47. The allegations in paragraph 47 contain characterizations of a written document, which speaks for itself. Defendants deny all allegations inconsistent with the referenced document. Defendants further lack sufficient information and knowledge to form opinions about Plaintiffs' alleged distress and on that basis deny the same.

48. The allegations in paragraph 48 contain characterizations of a written document, which speaks for itself. Defendants deny all allegations inconsistent with the referenced document.

49. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same. Defendants assert that there was a medical emergency incident with a participant at Singularism in January 2025.

50. The allegations in paragraph 50 contain characterizations of a written document, which speaks for itself. Defendants deny all allegations inconsistent with the referenced document.

51. The allegations in paragraph 51 contain characterizations of a written document, which speaks for itself. Defendants deny all allegations inconsistent with the referenced document.

52. Admit.

53. The allegations in paragraph 53 contain characterizations of a written document, which speaks for itself. Defendants deny all allegations inconsistent with the referenced document.

54. Paragraph 54 is a statement of law which requires no answer. To the extent an answer is required and the law is accurately stated, Defendants admit Provo City Code speaks for itself.

55. Paragraph 55 is a statement of law which requires no answer. To the extent an answer is required and the law is accurately stated, Defendants admit Provo City Code speaks for itself.

56. Paragraph 56 is a statement of law which requires no answer. To the extent an answer is required and the law is accurately stated, Defendants admit Utah Code speaks for itself.

57. Paragraph 57 is a statement of law which requires no answer. To the extent an answer is required and the law is accurately stated, Defendants admit Utah Code speaks for itself.

58. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

59. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

60. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

61. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

62. The allegations in paragraph 62 contain characterizations of a written document, which speaks for itself. Defendants deny all allegations inconsistent with the referenced document.

63. Admit that courts have permitted individuals and organizations to conduct religious ceremonies with some controlled substances, but Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the remaining allegations and on that basis deny the same.

64. Paragraph 64 is a statement of law which requires no answer. To the extent an answer is required and the law is accurately stated, Defendants admit *Gonzales v. O Centro Espirita Beneficiente Uniao do Vegetal*, 546 U.S. 418 (2006) speaks for itself.

65. Paragraph 65 is a statement of law which requires no answer. To the extent an answer is required and the law is accurately stated, Defendants admit the Ninth Circuit cases speak for themselves.

66. Paragraph 66 is a statement of law which requires no answer. The allegations in paragraph 66 further contain characterizations of written documents, which speak for themselves. Defendants deny all allegations inconsistent with the referenced documents.

67. Deny.

68. Deny.

69. Deny.

70. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
*42 U.S.C. § 1983 and the First Amendment to the U.S. Constitution*

71. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

72. Deny.

73. Admit.

74. Deny.

75. Defendants admit making statements to media, obtaining a search warrant, executing the search warrant, seizing items pursuant to the search warrant, filing criminal charges against Plaintiff Jensen, and sending a letter to Singularism's landlord. Defendants deny all other statements and implied statements that Defendants harmed or violated Plaintiffs' constitutional rights.

76. Deny.

77. Deny.

78. Deny.

79. Deny.

80. Defendants deny paragraph 80 and all its subparts.

81. Deny.

82. Deny.

## SECOND CLAIM FOR RELIEF
*Article I, Section 4 of the Utah Constitution*

83. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

84. Deny.

85. The allegations in paragraph 85 contain characterizations of written decisions, which speak for themselves. Defendants deny all allegations inconsistent with the referenced decisions.

86. Admit.

87. Deny.

88. Defendants admit making statements to media, obtaining a search warrant, executing the search warrant, seizing items pursuant to the search warrant, filing criminal charges against Plaintiff Jensen, and sending a letter to Singularism's landlord. Defendants deny all other statements and implied statements that Defendants harmed or violated Plaintiffs' constitutional rights.

89. Deny.

90. Deny.

91. Deny.

92. Deny.

93. Defendants deny paragraph 93 and all its subparts.

94. Deny.

95. Deny.

## THIRD CLAIM FOR RELIEF
*Utah Religious Freedom Restoration Act*

96. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

97. Deny.

98. Admit.

99. Deny.

100. Defendants admit making statements to media, obtaining a search warrant, executing the search warrant, seizing items pursuant to the search warrant, filing criminal charges against Plaintiff Jensen, and sending a letter to Singularism's landlord. Defendants deny all other statements and implied statements that Defendants harmed or violated Plaintiffs' constitutional rights.

101. Deny.

102. Deny.

103. Deny.

104. Deny.

105. Deny.

106. Defendants deny paragraph 106 and all its subparts

107. Deny.

108. Deny.

109. Deny.

## FOURTH CLAIM FOR RELIEF
*42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution*

110. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

111. Defendants admit that the Fourth Amendment applied to Plaintiffs, but Defendants deny they violated Plaintiffs' rights under the Fourth Amendment.

112. Admit.

113. Deny.

114. Defendants admit making statements to media, obtaining a search warrant, executing the search warrant, seizing items pursuant to the search warrant, filing criminal charges against Plaintiff Jensen, and sending a letter to Singularism's landlord. Defendants deny all other statements and implied statements that Defendants harmed or violated Plaintiffs' constitutional rights.

115. Deny.

116. Deny.

117. Defendants deny paragraph 117 and all its subparts

118. Deny.

119. Deny.

## FIFTH CLAIM FOR RELIEF
*Article I, Section 14 of the Utah Constitution*

120. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

121. Defendants admit that Article I, Section 14 of the Utah Constitution applied to Plaintiffs, but Defendants deny they violated Plaintiffs' rights under Article I, Section 14 of the Utah Constitution.

122. Admit.

123. Deny.

124. Defendants admit making statements to media, obtaining a search warrant, executing the search warrant, seizing items pursuant to the search warrant, filing criminal charges against Plaintiff Jensen, and sending a letter to Singularism's landlord. Defendants deny all other statements and implied statements that Defendants harmed or violated Plaintiffs' constitutional rights.

125. Deny.

126. Deny.

127. Defendants deny paragraph 127 and all its subparts.

128. Deny.

129. Deny.

## SIXTH CLAIM FOR RELIEF
*Declaratory and Injunctive Relief*

130. Defendants incorporate by reference their prior responses to the allegations set forth in the preceding paragraphs.

131. Deny.

132. Defendants deny they will continue to cause irreparable harm to Plaintiffs.

133. Defendants lack sufficient information and knowledge to form opinions about the truthfulness of the allegations and on that basis deny the same.

134. Deny.

135. Deny.

136. Deny.

137. Deny.

138. Deny.

## PRAYER FOR RELIEF

Defendants deny Plaintiffs are entitled to the relief requested or to any relief whatsoever.

## ADDITIONAL AFFIRMATIVE DEFENSES

### THIRD DEFENSE

Defendants deny every allegation contained in Plaintiff's First Amended Complaint not specifically admitted.

### FOURTH DEFENSE

Plaintiffs' claims are barred because Defendants have a compelling governmental interest in protecting public health and safety from Schedule I drugs.

### FIFTH DEFENSE

Plaintiffs' claims are barred because the controlled substances acts are neutral and generally applicable.

### SIXTH DEFENSE

Plaintiffs' claims are barred because compliance with Utah law does not substantially burden Plaintiffs' religious beliefs.

### SEVENTH DEFENSE

Plaintiffs' claims are barred because they cannot establish that their use of psilocybin is substantially motivated by a sincerely held religious belief.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because their alleged religious beliefs do not constitute actual or sincerely held religious beliefs and otherwise fail to satisfy the *Meyers* factors.

## NINTH DEFENSE

Plaintiffs' claims for damages are barred under sovereign immunity.

## TENTH DEFENSE

Defendants are entitled to absolute immunity from Plaintiffs' claims alleging violations of the U.S. Constitution's Fourth Amendment and Utah Constitution's Article I, Section 14.

## ELEVENTH DEFENSE

Assuming Plaintiffs could show violations of their constitutional rights, Plaintiffs' damages, if any, resulted in whole or in part from Plaintiffs' actions, inaction, conduct, or performance, and any potential recovery should be barred or reduced.

## TWELTH DEFENSE

Plaintiffs cannot demonstrate they have sustained any damages recoverable under any legal or equitable doctrine.

## THIRTEENTH DEFENSE

Defendant Jeff Gray is entitled to absolute immunity in his individual-capacity as a prosecutor for those activities intimately associated with the judicial process.

## FOURTEENTH DEFENSE

Plaintiffs' claims against Defendants and their agents fail because there is no official policy or custom giving rise to Plaintiffs' alleged constitutional injuries.

**FIFTEENTH DEFENSE**

Plaintiffs' claims are barred and/or limited because all acts or omissions attributed to Defendants and their agents were objectively reasonable and did not violate clearly established law, thus entitling Defendants to qualified immunity.

**SIXTEENTH DEFENSE**

Plaintiffs' claims are barred and/or limited because no act or omission attributed to Defendants and their agents constitutes behavior that shocks the conscience or evinces deliberate indifference.

**SEVENTEENTH DEFENSE**

This Court lacks subject matter jurisdiction because neither Defendants nor any of their respective employees or officials violated Plaintiffs' constitutional rights.

**EIGHTEENTH DEFENSE**

Defendants acted in good faith, without malice, and their acts were justified and reasonable under the circumstances.

**NINETEENTH DEFENSE**

Plaintiffs failed to exhaust their constitutional, administrative, and/or judicial remedies.

**TWENTIETH DEFENSE**

Defendants are not liable under 42 U.S.C. § 1983 based on respondeat superior or any other theory of supervisory or derivative liability.

**TWENTY-FIRST DEFENSE**

Defendants cannot be held liable for any wrongful conduct committed by individuals or entities over which Defendants had no control.

**TWENTY-SECOND DEFENSE**

Plaintiffs' claimed injuries are the result of an independent intervening and/or superseding cause(s).

**TWENTY-THIRD DEFENSE**

Defendants' potential liability for any state law claims is limited to the maximum sum provided by Utah Code § 63G-7-604.

**TWENTY-FOURTH DEFENSE**

Plaintiffs' punitive damages claim is barred by, inter alia, the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution, federal common law, Article I, Sections 7, 9, 10, 11, 12, 13, 18, 22, and 24 of the Utah Constitution, and the Governmental Immunity Act of Utah under Utah Code § 63G-7-603.

**TWENTY-FIFTH DEFENSE**

Plaintiffs' claims are barred by the public duty doctrine as well as the doctrines of waiver, laches, unclean hands, estoppel, consent, acquiescence, ratification, and release.

**JOINDER IN JURY DEMAND**

Defendants hereby join in Plaintiffs' request that a trial by jury be held on all issues of fact raised herein.

Based on the above, Defendants Utah County, Jeff Gray, and Provo City deny that Plaintiffs are entitled to any of the relief sought in their First Amended Complaint and dispute the existence and amount of their claimed damages. In addition, Defendants pray the Court will dismiss all Plaintiffs' causes of action with prejudice, award Defendants their fees and costs incurred in defending this action, and grant them such other relief as the Court deems just under the circumstances.

DATED this 2nd day of September 2025

                        PROVO CITY

                        /s/ Richard A. Roberts
                        Gary D. Millward
                        Richard A. Roberts
                        Attorneys for Provo City

                        JAMES DODGE RUSSELL & STEPHENS

                        /s/ Dillon P. Olson (signed with permission)
                        Mitchell A. Stephens
                        Justin L. James
                        Dillon P. Olson
                        Attorneys for Utah County and Jeffrey Gray

## CERTIFICATE OF SERVICE

I certify that on the 2nd day of September 2025, I caused a true and accurate copy of the foregoing Answer to be filed using the Court's CM/ECF filing system which provides service to all counsel of record.

                        /s Richard A. Roberts