| | |
|---|---|
| Mitchell A. Stephens (11775) | J. Brian Jones (11816) |
| Justin L. James (15167) | Gary D. Millward (12170) |
| Dillon P. Olson (16120) | Richard A. Roberts (12217) |
| JAMES DODGE RUSSELL & STEPHENS, P.C. | PROVO CITY ATTORNEY'S OFFICE |
| 545 East 300 South | 445 W Center St. |
| Salt Lake City, Utah 84102 | Provo, Utah 84601 |
| (801) 363-6363 | (801) 852-6140 |
| mstephens@jdrslaw.com | gmillward@provo.gov |
| jjames@jdrslaw.com | rroberts@provo.gov |
| dolson@jdrslaw.com | |

*Attorneys for Defendants Utah County and Jeffrey Gray*

*Attorneys for Defendant Provo City*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, an individual; SINGULARISM, a non-profit corporation; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY, a limited liability company;<br><br>Plaintiffs,<br><br>vs.<br><br>UTAH COUNTY, a political subdivision; PROVO CITY, a political subdivision; JEFFREY GRAY, an individual;<br><br>Defendants. | **MOTION FOR STAY OF PROCEEDINGS**<br><br>Civil Case No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish |

Defendants Utah County, Provo City, and Jeffrey Gray (collectively "Defendants"), by and through counsel of record, hereby submit this Motion to Stay Proceedings (the "Motion"). Defendants request that the Court stay this proceeding pending resolution of an appeal before the United States Court of Appeals for the Tenth Circuit, which appeals this Court's Memorandum Decision and Order entered August 4, 2025 ("Appealed Order"). *See Jensen et al. v. Utah County et al.*, Case No. 25-4115 (10th Cir. 2025) (the "Appeal").

1

## **RELIEF REQUESTED**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigant." *TravelPass Group, LLC v. Benjamin & Brothers, LLC*, No. 2:17-cv-00247, 2017 WL 2841221, at *2 (D. Utah July 3, 2017) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The Court should exercise this power to stay proceedings in this matter pending resolution of the Appeal, which will resolve threshold issues that will significantly affect the trajectory and propriety of discovery and proceedings in this matter.

For example, the Appeal involves whether Defendants are immune from Plaintiffs' search and seizure claims under the Fourth Amendment of the United States Constitution and Article I, Section 14 of the Utah Constitution. As the United States Supreme Court has ruled, "the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct" or "face the other burdens of litigation." *Mitchell v. Forsyth*, 472 U.S. 511, 525–526 (1985). Allowing discovery and proceedings to move forward would eviscerate the very purpose and benefit of immunity.

Similarly, the Appeal will also resolve whether the federal court is the appropriate jurisdiction or venue to resolve state law claims in dispute. The Appealed Order declined to dismiss Plaintiffs' claims based in federal law, which played an important role in the Court's exercise of supplemental jurisdiction over this matter. The Appealed Order similarly ruled that Defendants' *Younger* abstention defense was waived through removal. Should the Tenth Circuit reverse either determination, state court may ultimately prove to be the ultimate forum for discovery and adjudication of Plaintiffs' claims. Even if the proceeding remains before this Court,

the Tenth Circuit's ruling and pronouncement will impact the scope of discovery on the remaining claims and defenses of the parties.

To avoid unnecessary litigation and discovery on claims that could be resolved, altered, dismissed, or remanded, this Court should grant the Motion and implement a stay of further proceedings pending resolution of the Appeal. Importantly, the stay will not adversely impact the Plaintiffs. Indeed, this Motion does not ask the Court to stay the effectiveness of its prior orders pending the appeal, which orders would remain in place pending the appeal. [*See* Dkt. 24 (Order Granting TRO); Dkt. 102 (Order Granting Anti-Suit Injunction)]. If anything, Plaintiffs will similarly benefit from the avoidance of unnecessary motion practice and discovery proceedings.

## BACKGROUND

### The Motion to Dismiss

1. On December 19, 2024, Defendants filed a Motion to Dismiss, [Dkt. 40], in which they sought dismissal of all Plaintiffs' claims.

2. Defendants sought dismissal of Plaintiffs' cause of action under the First Amendment of the United States Constitution on the basis that the federal Controlled Substances Act was neutral and generally applicable. [*Id.* at 5–10].

3. Defendants sought dismissal of Plaintiffs' cause of action under the Fourth amendment of the United States Constitution based on Defendants' absolute immunity from the claim asserted. [*Id.* at 10–12].

4. In connection with their arguments concerning Plaintiffs' First Amendment and Fourth Amendment Claims (collectively the "Federal Claims"), Plaintiffs argued that the Court

should decline to exercise supplemental jurisdiction based on the dismissal of the Federal Claims and the novel questions of state law in dispute. [*Id.* at 12–13].

### The Motion for Anti-Suit Injunction

5. On December 19, 2024, Plaintiffs filed their Motion for Anti-Suit Injunction, [Dkt. 39], which sought to enjoin the criminal prosecution of Bridger Jensen filed as *State v. Jensen*, Case No. 241404407 (4th Dist. Utah) (the "Criminal Prosecution").

6. In opposition, Defendants argued that the Court was precluded from enjoining the Criminal Prosecution based on the *Younger* abstention doctrine. [Dkt. 50 (Memorandum in Opposition to Motion for Anti-Suit Injunction) at 5–9].

7. Defendants further contended that injunctive relief was inappropriate under the federal Anti-Injunction Act. [*Id.* at 9–16].

8. As in their Motion to Dismiss, Defendants again requested that the Court decline to exercise supplemental jurisdiction given the novel questions of state law, which predominated over the Federal Claims. [*Id.* at 16–19].

### Memorandum Decision and Order Denying Defendants' Motion to Dismiss and Granting Plaintiffs' Motion for Anti-Suit Injunction

9. The Court entered the Appealed Order on August 4, 2025. [Dkt. 102].

10. In the Appealed Order, the Court denied the Motion to Dismiss on all grounds. [*Id.* at 2–18].

11. The Court's Appealed Order also granted the Motion for Anti-Suit Injunction and ordered Defendants "to cease further proceedings" in the Criminal Prosecution. [*Id.* at 18–32].

## ARGUMENT

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigant." *TravelPass Group, LLC v. Benjamin & Brothers, LLC*, No. 2:17-cv-00247, 2017 WL 2841221, at *2 (D. Utah July 3, 2017) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Lewis v. Moultree*, 627 P.2d 94, 96 (Utah 1981) ("It lies within the inherent powers of courts to grant a stay of proceedings."); *Power Train, Inc. v. Stuver*, 550 P.2d 1293, 1294–95 (Utah 1976) ("This power to grant a stay in the proceedings exists in a court by virtue of its right to control the disposition of the causes on its own docket with economy of time and effort for itself, for counsel, and for litigants."). "In determining whether to grant a motion to stay, the court weighs the following factors: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Consumer Fin. Protection Bureau v. Fin. Asset Mgmt., Inc.*, No. 2:23-cv-00382, 2024 WL 1330010, at *1 (D. Utah March 28, 2024); *see also Lewis*, 627 P.2d at 96 ("A common ground for a stay is . . . where a decision in one action settles the issues in another, or when the decision in an action is essential to the decision in another.").

Here, each of the relevant factors weigh in favor of staying this proceeding pending resolution of the Appeal.

### I. A Stay Would Promote Judicial Economy and Safeguard Immunity.

"The factor of judicial economy is measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Dirtt Env. Sols.,*

*Inc. v. Henderson*, No. 1:19-cv-144, 2021 WL 3726604, at *2 (D. Utah Aug. 23, 2021) (staying proceedings); *TravelPass Group, LLC v. Benjamin & Bros., LLC*, No. 2:17-cv-00247, 2017 WL 2841221, at *3 (D. Utah July 3, 2017) (acknowledging propriety of stay based on separate proceedings that may "resolve all or a significant portion" of issues in dispute).

Here, the Appeal will address the threshold question of whether Defendants are immune from claims and discovery in connection with Plaintiffs' claims. The United States Supreme Court has long established that "the denial of a motion to dismiss based upon a claim of absolute immunity from suit is immediately appealable . . . for the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action." *Lauro Lines s.r.l. Chasser*, 490 U.S. 495, 499–500 (1989) (cleaned up) (citing *Nixon v. Fitzgerald*, 457 U.S. 731, 742–43 (1982), and *Mitchell*, 472 U.S. at 525). Similarly, "claims of qualified immunity may be pursued by immediate appeal, because qualified immunity too is an *immunity from suit*." *Id*. (internal punctuation and citation omitted) (emphasis in original).

Questions of immunity "should be resolved at the earliest possible stage of litigation. Even such pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive of effective government." *Martin v. County of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (quoting *Jiron v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004)). This notion is consistent with guidance from the United States Supreme Court, which acknowledges that the "essence of absolute immunity" is "not to have to answer" for alleged misconduct or "face the other burdens of litigation." *Mitchell*, 472 U.S. at 525–526. Absent a stay, and even if they prevail on appeal, Defendants stand to lose the "essence" of absolute

immunity should they be subjected to written discovery, depositions, and proceedings during the pendency of the appeal.

Similarly, the Appeal also includes questions of *Younger* abstention and supplemental jurisdiction, [*see supra* Background ¶¶ 6–8], which jurisdictional issues could result in proceedings being remanded to state court. Even if proceedings continue before this Court, certain of the parties' claims and defenses will be impacted on appeal, including Defendants' immunity defenses and the corollary claims. Litigating—and conducting discovery on—the parties' claims and defenses should await decision from the United States Court of Appeals for the Tenth Circuit, which will establish the scope of this proceeding moving forward. Otherwise, the Court and the Parties will devote time and resources to issues that may ultimately be refined, narrowed, or rendered superfluous.

To safeguard the "essence" of immunity, and to avoid litigation and discovery that may ultimately be unnecessary, this Court should stay proceedings pending the resolution of the Appeal. *See, e.g.*, *Dirtt Env. Sols.*, 2021 WL 3726604, at *2 ("Avoiding costly and duplicative piecemeal litigation is a hallmark of judicial economy and thus supports a stay"); *Martin v. SGT, Inc.*, No. 2:19-cv-00289, 2019 WL 12043488 (D. Utah Aug. 21, 2019) (acknowledging a stay of dispositive issues "is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources"); *Fin. Asset Mgmt.*, 2024 WL 1330010, at *2 (staying case where appeal could be "determinative" or "simplify the issues" in the proceeding).

## II.    A Stay Would Avoid Confusion and Inconsistent Outcomes.

A stay will "avoid confusion and inconsistent results." *Fin. Asset Mgmt.*, 2024 WL 1330010, at *1. Among other things, the Appeal will decide what claims remain, whether Defendants are entitled to immunity in connection with those claims, and the proper venue for continued proceedings and discovery once those issues are resolved. Any written discovery, depositions, or motion practice that takes place without a stay could prove to be inconsistent with the ultimate outcome of the Appeal. Similarly, in the event the proceeding is remanded to state court, inconsistency could arise regarding discovery that occurred and the procedures concerning the same.

The Court should stay proceedings pending the outcome of the Appeal rather than risk this confusion, inconsistency, and needless expense.

## III.    A Stay Would Not Unduly Prejudice Plaintiffs.

Through the Order Granting Motion for Preliminary Injunction, [Dkt. 92 at 38], Plaintiffs obtained the right to continue their alleged religious use of psilocybin during the pendency of this proceedings. Through the Appealed Order, Plaintiffs obtained an injunction of the Criminal Prosecution "pending final judgment in this court." [Dkt. 102 at 32].

Importantly, Defendants are not asking the Court to reverse or stay the implementation of those orders pending the Appeal. Rather, Defendants simply seek to stay continued discovery and motion practice, which will benefit from additional clarity received through the Appeal. The stay is beneficial to all the parties because it may avoid discovery on, and litigation of, issues and matters that may ultimately become unnecessary.

Accordingly, Plaintiffs will not be unduly prejudiced through Defendants' requested stay, which leaves Plaintiffs free to "return to this court for a resolution of any remaining matters" once the Appeal is decided. *TravelPass Group*, 2017 WL 2841221, at *3. Even if Plaintiffs could demonstrate potential harm or prejudice, such "does not outweigh the first two factors." *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, No. 2:16-cv-00315, 2019 WL 977916, at *2 (D. Utah Feb. 28, 2019) (granting motion to stay).

## **CONCLUSION**

For the reasons set forth above, the Motion should be granted. Staying this action pending resolution of the Appeal will promote judicial economy, avoid confusion and inconsistent outcomes, and not unduly prejudice Plaintiffs.

Dated this 7th of October, 2025.

        JAMES DODGE RUSSELL & STEPHENS, P.C.

        */s/ Dillon P. Olson*
        Mitchell A. Stephens
        Justin L. James
        Dillon P. Olson

        *Counsel for Utah County and Jeffrey Gray*

        PROVO CITY LEGAL

        */s/ Richard A. Roberts*
        Gary D. Millward
        Richard A. Roberts

        *Counsel for Provo City, Troy Beebe, Brian Wolken, and Jackson Julian*