Tanner J. Bean (A17128)
tbean@fabianvancott.com
Jacqueline M. Rosen (A18530)
jrosen@fabianvancott.com
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, UT 84111-23323
Telephone: (801) 531-8900
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, an individual; SINGULARISM, a non-profit corporation; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY; a limited liability company; <br><br> Plaintiffs, <br> vs. <br><br> UTAH COUNTY, a political subdivision, PROVO CITY, a political subdivision; JEFFREY GRAY, an individual; <br><br> Defendants. | **ATTORNEY PLANNING MEETING REPORT** <br><br> Case No. 2:24-cv-00887-JNP <br><br> Judge Jill N. Parrish <br><br> Magistrate Judge Cecilia M. Romero <br><br> (Removed from Fourth Judicial District Court, Utah County, State of Utah, Case No. 240406123) |

Under Fed. R. Civ. P 26(f), the Local Rules of Practice, and the Court's Order to Propose Schedule (ECF 20), the parties hereby provide the following Attorney Planning Meeting Report. The parties have emailed a copy of their versions of the proposed scheduling order in an editable format to the Court's chambers.

1

As shown below, the parties' only disagreement is whether discovery should proceed at all. Plaintiffs' position is that it should proceed, regardless of Defendants' present appeal, and that language regarding Defendants' motion to stay discovery should not be included in the Court's scheduling order. Defendants' position is that discovery should be stayed during the pendency of their appeal, as explained in their motion to stay discovery, and that language regarding Defendants' motion to stay discovery should be included in the Court's scheduling order.

1. **PRELIMINARY MATTERS**

| | | |
|---|---|---|
| a. | | Claims and Defenses: *(describe the nature and basis of claims and any affirmative defenses)* <br><br> Plaintiffs: Plaintiffs bring three categories of claims, all related to infringements upon their religious liberties arising out of Defendants' search of Plaintiff's spiritual center, seizure of religious items, and related offenses. First, Plaintiffs bring claims for violation of their religious liberties under the First Amendment to the U.S. Constitution; Article I, Section 4 of the Utah Constitution; and the Utah Religious Freedom Restoration Act. Second, Plaintiffs bring related claims for violation of their right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures under the Fourth Amendment to the U.S. Constitution and Article I, Section 14 of the Utah Constitution. Third, the Complaint contains a related cause of action for declaratory and injunctive relief. <br><br> Defendants: Defendants maintain that discovery and further proceedings should be stayed pending resolution of the appeal pending as *Jensen et al. v. Utah County et al.*, Case No. 25-4115 (10th Cir. 2025) (the "Appeal"). The basis for Defendants' position is more fully set forth in their Motion for Stay of Proceedings, which is filed contemporaneously herewith. Should a stay be granted, the proposed scheduling order should not be entered or should be amended to reflect stayed proceedings. Should a stay be denied, Defendants approve the form of the scheduling order as submitted, but reserve the right to seek modifications of the same depending on the substance and timing of the ruling on Defendants' Motion for Stay of Proceedings. <br><br> As to Plaintiffs' affirmative claims, Defendants deny any liability for allegedly violating Plaintiffs' religious liberties and have asserted several affirmative defenses. Among those defenses, generally, include Defendants' compelling governmental interest in protecting public health and safety, enforcing neutral |

|   |   |   |   |   |
|---|---|---|---|---|
|   |   | and generally applicable controlled substances acts, a lack of substantial burden on Plaintiffs' purported religious beliefs, absolute immunity for actions involving the judicial process, qualified immunity for actions that were reasonable and did not violate clearly established law, and Plaintiffs inability to establish their use of psilocybin is substantially motived by a sincerely held religious belief. |   |   |
| b. |   | Fed. R. Civ. P. 26(f)(1) Conference: *(date the conference was held)* | 09/29/2025 |   |
| c. |   | Participants: *(include the name of the party and attorney, if applicable)*<br><br>Plaintiffs: Tanner Bean, attorney for Plaintiffs<br><br>Defendants: Dillon Olson, attorney for Defendants Utah County and Jeffrey Gray; Richard Roberts, attorney for Defendant Provo City |   |   |
| d. |   | Fed. R. Civ. P 26(a)(1) Initial Disclosures: *(the parties have exchanged initial disclosures or will exchange no later than the date provided)* | 10/24/2025 |   |
| e. |   | Under Fed. R. Civ. P. 5(b)(2)(E), the parties agree to receive all items required to be served under Fed. R. Civ. P. 5(a) by the court's electronic-filing system or email transmission.<br><br>Electronic service constitutes notice and service as required by those rules. The right to service by USPS mail is waived. | Yes ☒ | No ☐ |

2. **PROTECTIVE ORDER**

|   |   |   |   |   |
|---|---|---|---|---|
| a. |   | The parties anticipate the case will involve the disclosure of information, documents, or other materials that will be designated as confidential. | Yes ☒ | No ☐ |
| b. |   | If the case will involve the disclosure of information, documents, or other materials that will be designated as CONFIDENTIAL, then good cause exists for the court to enter the court's Standard Protective Order (SPO) under DUCivR 26-2: *(describe the need for a protective order)*<br><br>Plaintiffs: Plaintiffs anticipate the request and/or production of sensitive information and documents regarding private religious ceremonial acts and |   |   |

3

| | | |
|---|---|---|
| | | associated records, financial records of a religious organization, medical records, and other sensitive documents regarding private religious matters.<br><br>Defendants: Defendants agree that the Court's Standard Protective Order should be adopted in this matter. |
| c. | | If a protective order is needed and the parties **are not** using the court's SPO, then the court's SPO, in effect under DUCivR 26-2, will govern until a different protective order—proposed by the parties via motion under DUCivR 7-1(a)(4)(D)—is adopted by the court.<br><br>The parties' proposed protective order should identify a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must be included in the proposed protective order under Fed. R. Evid. 502(d): *(describe the process)*<br><br>N/A because the parties will adopt the Court's SPO. |
| d. | | If the parties do not anticipate the case will involve the disclosure of information, documents, or the materials that will be designated as CONFIDENTIAL, the parties still should identify, in the space below, a process to resolve all claims of waiver of attorney-client privilege or work-product protection, whether or not the information, documents, or other materials will be designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, and this process must also be included in the proposed Scheduling Order: *(describe the process)*<br><br>N/A because the parties will adopt the Court's SPO. |

3. **DISCOVERY PLAN**

| | | | | |
|---|---|---|---|---|
| a. | | Discovery Plan: The parties agree to the following discovery plan.<br>• If the parties disagree, clearly indicate the disagreement in the space below: | Yes ☒ | No ☐ |
| b. | | Discovery Subjects: *(describe the subject areas in which discovery will be needed)* | | |

|   |   |   |
|---|---|---|
|   |   | Plaintiffs: The allegations of the Complaint, including, but not limited to, Defendants' investigation of what Defendants believed to be Plaintiffs' criminal behavior regarding controlled substances; Defendants' investigation of Plaintiffs' religiosity and sincerity; Defendants' investigation of the impact of Plaintiffs' religious practices upon individuals, third parties, and the public; Defendants' statements to media and third parties regarding Plaintiffs; communications between Defendants regarding the same; analyses, shared analyses, and directives given according to such analyses regarding Defendants' religious liberties; Defendants' contacts with Plaintiffs' financial institutions; Defendants' search of Plaintiffs' spiritual center and seizure of religious materials; Defendants' analyses of controlled substances seized; Defendants' communications with the landlord of Plaintiffs' spiritual center; Defendants' prosecution of Plaintiff Bridger Jensen; Defendants' prosecution of other entheogenic religious organizations or individuals; and Plaintiffs' damages.<br><br>Defendants: In addition to the general areas identified by Plaintiffs, Defendants intend to conduct discovery related to, but not limited to, Plaintiffs' alleged religious practice and beliefs, Plaintiffs' use of psilocybin, Plaintiffs' testing, importation, storage, sale, and distribution of psilocybin, Plaintiffs' marketing or activities related to mental health treatment/therapy, and Plaintiffs' alleged damages. |
| c. |   | Discovery Phases:<br>- Will discovery be conducted in phases? If so, please explain.<br><br>Discovery will be conducted in a fact discovery phase and then an expert discovery phase.<br><br>- Will discovery be limited to or focused on particular issues? If so, please explain and identify whether discovery will be accelerated on any issue and the due dates.<br><br>No, discovery will not be limited to or focused on particular issues. |
| d. |   | Electronically Stored Information: (describe how the parties will handle discovery of electronically stored information)<br><br>The parties anticipate that electronically stored information will not constitute a significant portion of the documents at issue in this case. Thus, the parties will follow the direction of the Federal Rules of Civil Procedure, including, but not limited to, Rule 26(b)(2)(B) and Rule 34, in regard to electronically stored information. |

4. **FACT DISCOVERY**

| | | | |
|---|---|---|---|
| a. | Fact Discovery Limitations— | | |
| | 1. | Maximum number of depositions by Plaintiff: | _15_ |
| | 2. | Maximum number of depositions by Defendant: | _15_ |
| | 3. | Maximum number of hours for each deposition: (*unless extended by agreement of parties*) | _7_ |
| | 4. | Maximum interrogatories by any party to any party: | _25_ |
| | 5. | Maximum requests for admissions by any party to any party: | _25_ |
| | 6. | Maximum requests for production by any party to any party: | _25_ |
| | | | |
| b. | Other Fact Discovery Deadlines— | | |
| | 1. | Deadline to serve written discovery: | _03/18/2026_ |
| | 2. | Deadline for fact discovery to close: | _04/22/2026_ |
| | 3. | Deadline for supplementation of disclosures and responses under Fed. R. Civ. P. 26(e): (*optional*) | _04/22/2026_ |

5. **AMENDING OF PLEADINGS AND JOINING OF PARTIES**

| | | | | |
|---|---|---|---|---|
| a. | Deadline to file a motion to amend pleadings— | | | |
| | 1. | Plaintiffs: | | _12/17/2025_ |
| | 2. | Defendants: | | _12/17/2025_ |
| | | | | |
| b. | Deadline to file a motion to join additional parties— | | | |
| | 1. | Plaintiffs: | | _12/17/2025_ |
| | 2. | Defendants: | | _12/17/2025_ |

6. **EXPERT DISCOVERY**

| | | | | |
|---|---|---|---|---|
| a. | Filing of Notice of Designation required by DUCivR 26-1(a)(2)— | | | |
| | 1. | Parties bearing the burden of proof: | | _05/13/2026_ |
| | 2. | Parties not bearing the burden of proof: | | _06/17/2026_ |
| | | | | |
| b. | Service of Fed. R. Civ. P. 26(a)(2) Disclosures and Reports— | | | |
| | 1. | Parties bearing the burden of proof: | | _05/13/2026_ |
| | 2. | Parties not bearing the burden of proof: | | _06/17/2026_ |
| | 3. | Rebuttal reports, if any: | | _07/15/2026_ |
| | | | | |
| c. | Deadline for expert discovery to close: | | | _08/19/2026_ |

7. **OTHER DEADLINES AND TRIAL-RELATED INFORMATION**

| a. | | Deadline for filing dispositive or potentially dispositive motions: *(including a motion to exclude experts when expert testimony is required to resolve the motion)* | 09/16/2026 | |
|---|---|---|---|---|
| b. | | Trial: | Bench ☐ | Jury ☒ |
| c. | | Trial days: | | *5 days* |

DATED this 7th day of October, 2025.

*/s/ Tanner J. Bean*
Tanner J. Bean
Jacqueline M. Rosen
FABIAN VANCOTT
*Attorneys for Plaintiffs*

*/s/ Dillon P. Olson*
*(signed with permission granted to Tanner J. Bean by email)*
Mitchell A. Stephens
Justin L. James
Dillon P. Olson
JAMES DODGE RUSSELL & STEPHENS, P.C.
*Attorneys for Defendants Utah County and Jeffrey Gray*

*/s/ Richard A. Roberts*
*(signed with permission granted to Tanner J. Bean by email)*
J. Brian Jones
Gary D. Millward
Richard A. Roberts
PROVO CITY ATTORNEY'S OFFICE
*Attorneys for Defendant Provo City*