Tanner J. Bean (A17128)
tbean@fabianvancott.com
Jacqueline M. Rosen (A18530)
jrosen@fabianvancott.com
FABIAN VANCOTT
95 South State Street, Suite 2300
Salt Lake City, UT 84111-23323
Telephone: (801) 531-8900
*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, an individual; SINGULARISM, a non-profit corporation; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY; a limited liability company;<br><br>Plaintiffs,<br>vs.<br><br>UTAH COUNTY, a political subdivision, PROVO CITY, a political subdivision; JEFFREY GRAY, an individual;<br><br>Defendants. | **OPPOSITION TO MOTION TO STAY**<br><br>Case No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish<br><br>(Removed from Fourth Judicial District Court, Utah County, State of Utah, Case No. 240406123) |

Pursuant to Federal Rules of Civil Procedure 7 and 26 and DUCivR 7-1, Plaintiffs Bridger Lee Jensen, Singularism, and Psyche Healing and Bridging LLC dba Psychedelic Therapy Journey hereby submit their Opposition to Defendants' Motion to Stay Proceedings filed on October 7, 2025, ECF 112 (the "**Motion to Stay**").

## **INTRODUCTION**

The Complaint alleges Defendants violated Plaintiffs' federal constitutional rights under the First and Fourth Amendments, state constitutional rights under the free exercise and search and seizure provisions, and state statutory rights under Utah's RFRA.

Defendants moved to dismiss all of Plaintiffs' claims, arguing as to the Fourth Amendment claim in particular that such claim should be dismissed under the doctrine of absolute immunity. *See* ECF 40. The Court denied the motion on all counts. ECF 102.

After criminal charges were filed against Mr. Jensen, Plaintiffs sought an anti-suit injunction, which the Court granted, enjoining the state criminal case. *See* ECF 102.

Defendants did not appeal the Court's Temporary Restraining Order or Preliminary Injunction Order. However, Defendants now seek a stay of all discovery pending their appeal of "the portions of the [Motion to Dismiss and Anti-Suit Injunction] Order that enjoined the State of Utah's criminal prosecution in the State of Utah's Fourth District Court . . . and the denial of Defendants' immunity claims." ECF 107-1, at 51-52.

When a party moves for a stay pending appeal, the court must consider four relevant factors: (1) whether the movant "has made a strong showing that he is likely to succeed on the merits"; (2) whether the movant "will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009) (brackets, internal quotation marks, and citation omitted).

The filing of an appeal, alone, is not sufficient to merit a stay of discovery, and Defendants have failed to demonstrate that any of the factors weigh in their favor. Under the first factor, they have not shown that they are likely to succeed on the merits. Defendants have not shown they will

2

be irreparably harmed as their appeal of the grant of anti-suit injunction is a question of law with little to no impact on the scope of discovery in this case. And, Defendants' appeal of their immunity arguments, which were raised in the context of its Fourth Amendment claim, does not justify a stay. The scope of discovery identified by the parties remains relevant regardless of the Tenth Circuit's decision because those topics are relevant for the remaining claims that Defendants do not appeal, including the First Amendment claim.

In contrast, delaying discovery will impact the efficacy of witness testimony as time passes and a delayed vindication of Plaintiffs' constitutional rights is not in the public interest.

Because all four *Nken* factors weigh against a stay in this case, Plaintiffs respectfully ask that this Court deny the Motion to Stay.

## **STATEMENT OF FACTS**

1. On November 19, 2024, Singularism and Mr. Jensen filed their Complaint against Defendants in state court, along with a motion for temporary restraining order and preliminary injunction. ECF 2-2, 2-3.

2. On November 27, 2024, Defendants removed the case to this Court. ECF 1.

3. A hearing on the motion for temporary restraining order was held on December 13, 2024. ECF 22.

4. After the hearing, this Court granted the temporary restraining order Plaintiffs sought. ECF 24.

5. Defendants did not appeal the temporary restraining order. *See generally* Docket.

6. Five days later, Defendants filed the Criminal Information in *State v. Jensen*, Case No. 241404407 (the "State Court Case"). ECF 39-1.

7. In response, Singularism and Mr. Jensen filed a motion for anti-suit injunction, asking this Court to enjoin the State Court Case. ECF 39.

8. Defendants filed a motion to dismiss all claims, arguing that the federal constitutional claims should be dismissed under the Rule 12(b)(6) standard and, if such claims are dismissed, the state constitutional and Utah RFRA claims should be dismissed as this Court would no longer have any federal questions before it, or, alternatively, such state law claims should be dismissed on the merits. ECF 40.

9. Defendants then filed a motion asking this Court to grant them the opportunity to conduct expedited discovery in advance of a preliminary injunction hearing. ECF 44.

10. This Court denied the request for expedited discovery, finding that the Defendant's sought discovery that was "far broader than necessary to ensure that they may adequately prepare for the preliminary hearing" and "even goes beyond the full scope of discovery they would be entitled to seek in preparation for trial" because such "requests concern criminal conduct far in the past and effectively demand Singularism to disclose the identities of all individuals who have affiliated with the religion." ECF 57.

11. Briefing on the anti-suit injunction motion and motion to dismiss was completed. ECF 50, 58, 59, 69.

12. A hearing on both motions was held and supplemental briefing was provided. ECF 77, 84, 85.

13. Singularism and Mr. Jensen filed a First Amended Complaint, which did not add or remove any claims for relief, but did remove the individual officers as Defendants in this case. ECF 73, 83.

14. The Court granted a preliminary injunction under Plaintiffs' Utah RFRA claim. ECF 92.

15. Defendants did not appeal the preliminary injunction order. *See generally* Docket.

16. This case was stayed for sixty days to allow the parties an opportunity to pursue resolution through mediation. ECF 101.

17. After the sixty days passed, this Court denied the motion to dismiss, concluding that: Plaintiffs' allegations supported a prima facie case under the First Amendment and the Free Exercise provision of Utah's Constitution; Defendants had not provided a basis for dismissing Plaintiffs' Fourth Amendment claim; the Utah Governmental Immunity Act does not apply to state constitutional claims, including under the search and seizure provision of Utah's constitution; and Plaintiffs had established their prima facie case under Utah's RFRA. ECF 102, at 2-18.

18. This Court also granted Plaintiffs' motion for anti-suit injunction, deciding that Defendants waived their *Younger* defense by removing the case to federal court, and, even if there was no waiver, the bad-faith and irreparable injury exceptions applied; and the "expressly authorized" exception to the Anti-Injunction Act applied. ECF 102, at 18-31.

19. Defendants then appealed the Memorandum Decision and Order Denying Defendants' Motion to Dismiss and Granting Plaintiffs' Motion for Anti-Suit Injunction, noting that "[t]he appeal shall address the portions of the Order that enjoined the State of Utah's criminal prosecution in the State of Utah's Fourth District Court . . . and the denial of Defendants' immunity claims." ECF 107-1, at 51-52.

20. Defendants' docketing statement identifies the same two issues for appeal: (1) "Appellants plan to challenge the district court's ruling that by removing the underlying case from

state court to federal court, Appellants waived any defense to the anti-suit injunction arising under the abstention doctrine announced in *Younger*" and "the district court's rulings that they brought the prosecution in bad faith sand the Appellees will suffer irreparable harm from the prosecution" and (2) "the Order denying their motion to dismiss their respective immunity claims, including absolute immunity for claims related to the search and seizure actions of Appellants." *See* Case No. 25-4115, ECF 9, attached as Exhibit 1.

21. On October 7, 2025, Defendants filed the Motion to Stay. ECF 112.

22. Plaintiffs have identified the following areas in which discovery will be needed:

> The allegations of the Complaint, including, but not limited to, Defendants' investigation of what Defendants believed to be Plaintiffs' criminal behavior regarding controlled substances; Defendants' investigation of Plaintiffs' religiosity and sincerity; Defendants' investigation of the impact of Plaintiffs' religious practices upon individuals, third parties, and the public; Defendants' statements to media and third parties regarding Plaintiffs; communications between Defendants regarding the same; analyses, shared analyses, and directives given according to such analyses regarding Defendants' [sic] religious liberties; Defendants' contacts with Plaintiffs' financial institutions; Defendants' search of Plaintiffs' spiritual center and seizure of religious materials; Defendants' analyses of controlled substances seized; Defendants' communications with the landlord of Plaintiffs' spiritual center; Defendants' prosecution of Plaintiff Bridger Jensen; Defendants' prosecution of other entheogenic religious organizations or individuals; and Plaintiffs' damages.

ECF 113-1, at 3-4.

23. Defendants have also identified the following subjects for discovery:

> In addition to the general areas identified by Plaintiffs, Defendants intend to conduct discovery related to, but not limited to, Plaintiffs' alleged religious practices and beliefs, Plaintiffs' use of psilocybin, Plaintiffs' testing, importation, storage, sale, and distribution of psilocybin, Plaintiffs' marketing or activities related to mental health treatment/therapy, and Plaintiffs' alleged damages.

ECF 113-1, at 4.

## **ARGUMENT**

6

I. **THE COURT SHOULD DENY THE MOTION TO STAY.**

The Court should deny the Motion because Defendants have failed to demonstrate sufficient justification for a stay under the relevant factors to the procedural posture of this case.

Stays of discovery are disfavored. *See Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) ("The right to proceed in court should not be denied except under the most extreme circumstances.") (citation omitted). When there is a motion for a stay pending appeal, a stay "is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (brackets, internal quotation marks, and citation omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433-34.

When a party moves for a stay pending appeal, the court must consider four relevant factors[1]: (1) whether the movant "has made a strong showing that he is likely to succeed on the

---

[1] The Motion to Stay does not address the *Nken* factors, which are specifically applicable to requests for stays pending an appeal involving the same parties. *See Nken v. Holder*, 556 U.S. 418, 434 (2009); *KSTU, LLC v. Aereo, Inc.*, No. 14-4020, 2014 WL 1687749 (10th Cir. Mar. 7, 2014) (unpublished) (applying the *Nken* factors to a request for a stay pending appeal); *Carter v. Genesis Alkali LLC*, No. 23-8079, 2024 WL 4491802 (citing *Nken* and noting that the appellant "does not address the legal standard for obtaining a stay" and finding "no error in the district court's conclusion that he had not carried his burden of establishing a likelihood of success on the merits").

Instead, Defendants' Motion to Stay applies the factors considered when a motion to stay is brought in other circumstances. *See Consumer Fin. Protection Bureau v. Fin. Asset Mgmt., Inc.*, No. 2:23-cv-00382, 2024 WL 1330010 (D. Utah Mar. 28, 2024) (unpublished) (motion to stay pending US Supreme Court decision in separate case); *Dirtt Env. Sols., Inc. v. Henderson*, No. 1:19-cv-144, 2021 WL 3726604 (D. Utah Aug. 23, 2021) (unpublished) (motion to stay pending appeal of other parties' dismissal); *TravelPass Grp., LLC v. Benjamin & Bros., LLC*, No. 2:17-cv-00247, 2017 WL 2841221 (D. Utah July 3, 2017) (unpublished) (motion to stay pending one

7

merits"; (2) whether the movant "will be irreparably injured absent a stay"; (3) "whether issuance of the stay will substantially injure the other parties interested in the proceeding"; and (4) "where the public interest lies." *Id.* at 434 (citation omitted). The first two factors are the most critical. *Id.* "There is substantial overlap between these and the factors governing preliminary injunctions . . . not because the two are one and the same, but because similar concerns arise whenever a court order may allow or disallow anticipated action before the legality of that action has been conclusively determined." *Id.*

Under the first factor, "[i]t is not enough that the chance of success on the merits be better than negligible." *Id.* (citation and quotation marks omitted). Similarly, under the second factor, a "possibility of irreparable injury" is not sufficient. *Id.* at 434-35.

In this case, Defendants have appealed two issues: (1) the Court's conclusion that Defendants waived *Younger* abstention by removing the case to federal court, that the bad faith and irreparable harm exceptions to *Younger* were met, and that an exception to the Anti-Injunction Act were met; and (2) "the Order denying their motion to dismiss their respective immunity claims, including absolute immunity for claims related to the search and seizure actions of Appellants." Ex. 1.

Defendants have not shown a likelihood of success on the merits. This Court has twice determined that Plaintiffs are likely to succeed on the merits of their claims. *See* ECF 24, 92. Defendants appealed neither of those decisions. Now, Defendants argue the Court should stay this

---

party's arbitration with a non-party); *Martin v. SGT, Inc.*, No. 2:19-cv-00289, 2019 WL 12043488 (D. Utah Aug. 21, 2019) (unpublished) (motion to stay pending resolution of motion to dismiss); *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, No. 2:16-cv-00315, 2019 WL 977916 (D. Utah Feb. 28, 2019) (unpublished) (motion to stay pending parallel California litigation).

case because they have filed an Appeal of two aspects of the Court's denial of the motion to dismiss and grant of the anti-suit injunction. (*See generally* Mot.) Defendants do not address the merits of their appeal in the Motion to Stay, and thus have not shown that they are likely to succeed on the merits of their appeal. (*See generally* Mot.) This Court's Motion to Dismiss included a thorough analysis of the immunity issues that Defendants raised, as well as an analysis of every step of the *Younger* analysis, the interaction between the All Writs Act and Anti-Injunction Act, and multiple exceptions to the Anti-Injunction Act. ECF 102. Defendants have not demonstrated that their chance of success on the merits of their appeal is "better than negligible" and certainly have not shown they are "likely to succeed on the merits." And, even if they are successful on their appeal of the two issues in their docketing statement, the resolution of such issues would not dispose of all claims in this case. Thus, they have not met their burden under the first factor.

Under the second factor, Defendants have not shown more than a possibility of irreparable injury. Defendants' justification for a stay is highly speculative: if the 10th Circuit hears their appeal; if the 10th Circuit decides that the elements of *Younger* abstention were met; and if this court then remands this case to state court under *Younger*, then discovery would be governed by Utah's Rules of Civil Procedure. And, if the Tenth Circuit determines that Defendants (or some subset of them) have an immunity defense to the Fourth Amendment claim, then discovery would not proceed on that specific claim. Despite Defendants' assertions that their appeal will impact the entire scope of discovery, given the two issues they have appealed and the scope of discovery both parties have identified, it is difficult to see how that would be the case.

Discovery is not, in and of itself, a burden. "Parties always are burdened by discovery and the other requirements for the preparation of a case. That is a consequence of our judicial system

and the rules of civil procedure. There is no special burden here." *Webb v. Brandon Exp. Inc.*, No. 09-cv-00792-WYD-BNB, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009) (unpublished). All of the subjects identified by Plaintiffs as areas in which discovery may be needed are relevant to claims that are not being appealed, including the First Amendment claim. For example, Defendants' investigation of Plaintiffs and their impact on the public is relevant to Defendants' alleged government interests in prohibiting Plaintiffs' religious practice. Defendants' contacts with the media, third parties, Plaintiffs' financial institutions, and Plaintiffs' landlord are relevant to the damages that Plaintiffs have incurred from the constitutional and statutory violations alleged, including the First Amendment violations. Defendants' analyses regarding Plaintiffs' religious liberties are relevant to Defendants' alleged governmental interests, and least restrictive means. And Defendants' search of Plaintiffs' spiritual center and seizure of religious materials and substances, while relevant to the Fourth Amendment and Utah constitutional search and seizure claim, are also relevant to Plaintiffs' damages. And Defendants' prosecution of entheogenic religious organizations or individuals, including Mr. Jensen, are relevant to Defendants' alleged government interests, the damages Mr. Jensen has incurred from the constitutional and statutory violations alleged, and least restrictive means. Because the scope of relevant discovery would not change regardless of the outcome of the appeal, Defendants cannot show that they will be irreparably injured absent a stay. In addition, Defendants' prior eagerness to conduct discovery in this case indicates that proceeding to discovery would be in both parties' interest. Thus, the first two factors—the most important factors—weigh against a stay.

Issuing the stay, in contrast, will substantially injure Plaintiffs. There is a risk that "memories of the parties and other witnesses may fade with the passage of time, witnesses may

relocate or become unavailable, or documents may become lost or inadvertently destroyed." *See Estate of Simon by and through Simon v. Van Beek*, No. 121CV01923CNSGPG, 2023 WL 1768548, at *3 (D. Colo. Jan. 3, 2023) (unpublished) (citing *Estate of Bailey by and through Searcy v. City of Colo. Springs, Colo.*, No. 20-CV-1600-WJM-KMT, 2020 WL 6743789, at *2 (D. Colo. Nov. 17, 2020) (unpublished)). Such concerns are heightened when "the allegations suggest that the parties will rely heavily on witness testimony." *Estate of Bailey*, 2020 WL 6743789, at *2. The subjects of discovery that the parties have identified in this case indicate that witness testimony is likely to be particularly relevant.

Finally, "The public has a strong interest in seeing cases resolved, especially when public entities and violations of citizens' constitutional rights are involved." *Estate of Simon*, 2023 WL 1768548, at *3 (quoting *Montoya v. City & Cnty. of Denver*, No. 16-CV-01457-JLK, 2021 WL 8087380, at *5 (D. Colo. July 27, 2021) (unpublished)).

In short, all four *Nken* factors weigh against granting a stay in this case. Accordingly, Plaintiffs respectfully request that the Court deny the Motion and allow discovery to proceed.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Stay in its entirety.

DATED this 21st day of October, 2025.

/s/ *Jacqueline M. Rosen*
Tanner J. Bean
Jacqueline M. Rosen
FABIAN VANCOTT
*Attorneys for Plaintiffs*