# Exhibit 1

UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

| Appeal Number | 25-4115 |
|---|---|
| Case Name | Jensen, et al v. Utah County, et al |
| Party or Parties Filing Notice of Appeal Or Petition | Utah County, Provo City, and Jeffrey Gray. |
| Appellee(s) or Respondent(s) | Bridger Lee Jensen, Singularism, and Psyche Healing and Bridging. |
| List all prior or related appeals in this court with appropriate citation(s). | N/A |

**I.     JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

**A.     APPEAL FROM DISTRICT COURT**

1. Date final judgment or order to be reviewed was **entered** on the district court docket: August 4, 2025

2. Date notice of appeal was **filed**: August 29, 2025.

3. State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): 30 days (Fed. R. App. P. 4(a)(1)(A); and 28 U.S.C. §§ 1291, 1292(a)).

   a.  Was the United States or an officer or an agency of the United States a party below? No.

   b.  Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: No.

1

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   N/A

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   N/A

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291. No.

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   No.

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. § 1292(a)? Yes.

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable?

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   N/A

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). N/A

2

 **B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

  **1.** Date of the order to be reviewed: N/A

  **2.** Date petition for review was filed: N/A

  **3.** Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: N/A

  **4.** Specify the time limit for filing the petition (cite specific statutory section or other authority):   N/A

 **C.** **APPEAL OF TAX COURT DECISION**

  **1.** Date of entry of decision appealed: N/A

  **2.** Date notice of appeal was filed: N/A
   (If notice was filed by mail, attach proof of postmark.)

  **3.** State the time limit for filing notice of appeal (cite specific statutory section or other authority): N/A

  **4.** Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P.  13(a) N/A

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A.    Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? _____

    B.    If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? _____

    C.    Describe the sentence imposed. _____

_____

    D.    Was the sentence imposed after a plea of guilty? _____

    E.    If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges?_____

    F.    Is the defendant on probation or at liberty pending appeal? _____

    G.    If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed?_____

    **NOTE**:    In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Appellees Bridger Jensen, Singularism, and Psyche Healing and Bridging LLC filed a lawsuit against Appellants Utah County, Provo City, and Jeffrey Gray alleging violations of constitutional rights associated with the founding of a purported entheogenic religion, Singularism, which uses psilocybin in connection with its practices. Appellees asserted claims under the federal constitution's protections of the First and Fourth Amendments, the State of Utah's comparable constitutional protections under the Utah Constitution, the Utah Religious Freedom Restoration Act, and associated declaratory and injunctive relief.

Contemporaneous with Appellees' filing of their complaint, Appellees also filed a petition for a temporary restraining order and preliminary injunction seeking to enjoin Appellants from interfering with Appellees' practice of its purported religion and use of psilocybin, as well as requiring Appellants to return psilocybin and records seized from Singularism in connection with a validly-issued search warrant. Following an evidentiary hearing on December 13, 2024, the district court granted the temporary restraining order and ordered Appellants to return the psilocybin and records to Appellees.

Responding to a question from Appellants' counsel, the district court also stated at the December 13, 2024 hearing that it was not enjoining the filing of a criminal prosecution related to, among other things, the Appellee Bridger Jensen's possession and distribution of psilocybin. Defendant Utah County therefore filed criminal charges against Appellee Jensen on December 18, 2024.

Appellants filed a motion to dismiss all claims on December 19, 2024. Appellees filed a motion for anti-suit injunction on December 19, 2024, seeking to enjoin the criminal prosecution. After briefing on all motions, including supplemental briefing on the motion for preliminary injunction, the district court held oral arguments on all motions on January 23, 2025. The court entered its Order Granting Motion for Preliminary Injunction on February 20, 2025.

On August 4, 2025, the district court entered its combined Memorandum Decision and Order Denying [Appellants'] Motion to Dismiss and Granting [Appellees'] Motion for Anti-Suit Injunction ("Memorandum and Order"). Decisions in the Memorandum and Order are the focus of this appeal.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

(1)     Appellants appeal the Memorandum and Order granting Appellees' Motion for Anti-Suit Injunction, which enjoined Appellants' prosecution of Appellee Bridger Jensen in the State of Utah's Fourth District Court, *State v. Jensen*, Utah

5

Case No. 241404407. *See* Memorandum and Order at 30-31. 28 U.S.C. § 1292(a). Appellants plan to challenge the district court's ruling that by removing the underlying case from state court to federal court, Appellants waived any defense to the anti-suit injunction arising under the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37, 45 (1971). Appellants also plan to challenge the district court's rulings that they brought the prosecution in bad faith and that Appellees will suffer irreparable harm from the prosecution.

(2)     Appellants appeal the Order denying their motion to dismiss their respective immunity claims, including absolute immunity for claims related to the search and seizure actions of Appellants. *See* Memorandum and Order at 9, 14. *Mitchell v. Forsyth*, 472 U.S. 511, 525 (1985).

V.     **ATTORNEYS FILING DOCKETING STATEMENT:**

Name: **Richard A. Roberts**               Telephone: 801-852-6140

Firm:  Provo City Attorney's Office

Email Address: rroberts@provo.gov

Address: 445 W. Center St., Provo, Utah 84601

*/s/ Richard A. Roberts*                                          09/23/2025

Signature                                                              Date


Name: **Dillon P. Olson**               Telephone:     801-363-6363

Firm:  James Dodge Russell & Stephens, P.C.

Email Address: dolson@jdrslaw.com

Address: 545 East 300 South, Salt Lake City, Utah 84102


*/s/ Dillon P. Olson* (e-signed with permission)          09/23/2025

Signature                                                              Date

# CERTIFICATE OF SERVICE

  I, Richard A. Roberts, attorney for Appellant Provo City, and on behalf of counsel for Appellants Utah County and Jeffrey Gray, hereby certify that on September 23, 2025, I served a copy of the foregoing **Docketing Statement**, to:
Tanner J. Bean and Jacqueline Rosen, at Fabian VanCott [counsel for/or appellee/respondent], at
tbean@fabianvancott.com and jrosen@fabianvancott.com, the last known address/email address, by Email and electronic filing with the Court.

        /s/ *Richard A. Roberts*
        Signature

        9/23/2025
        Date

        Richard A. Roberts
        445 W. Center St., Suite 300
        Provo, UT 84601
        801-852-6140