Tanner J. Bean (A17128)
tbean@fabianvancott.com
Jacqueline M. Rosen (A18530)
jrosen@fabianvancott.com
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, UT 84111-23323
Telephone: (801) 531-8900
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, an individual; SINGULARISM, a non-profit corporation; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY; a limited liability company;<br><br>Plaintiffs,<br>vs.<br><br>UTAH COUNTY, a political subdivision, PROVO CITY, a political subdivision; JEFFREY GRAY, an individual;<br><br>Defendants. | **MOTION FOR SCHEDULING CONFERENCE**<br><br>Case No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish<br><br>(Removed from Fourth Judicial District Court, Utah County, State of Utah, Case No. 240406123) |

Pursuant to this Court's Order to Propose Schedule, the Court required the Parties to file a Motion for Scheduling Conference if an agreement could not be reached on all aspects found in the Attorney Planning Meeting Report. Plaintiffs now bring this Motion for Scheduling Conference to the attention of the Court, the Parties having been unable to agree on all terms found in the Attorney Planning Meeting Report.

1

Under Fed. R. Civ. P. 16(b), the Local Rules of Practice, and the Order to Propose Schedule, an Attorney Planning Meeting has been held, and the Attorney Planning Meeting Report has been completed and filed. (ECF 113, 114.) While the Parties were generally in agreement on all matters during the Attorney Planning Meeting, the Parties are not in agreement as to when the deadlines should begin to run, particularly in light of Defendants' Motion for Stay of Proceedings. Therefore, Plaintiffs file this Motion for Scheduling Conference.

Defendants have filed a Motion for Stay of Proceedings and maintain that discovery and further proceedings should be stayed pending resolution of the appeal pending as *Jensen et al. v. Utah County et al.*, Case No. 25-4115 (10th Cir. 2025), as set forth in their Motion for Stay of Proceedings (ECF 112, Motion for Stay of Proceedings). If such stay is granted, Defendants have asked that no scheduling order be entered until after the stay has expired. (*See* ECF 114-1, at 2.) Defendants assert that the stay should alter the following deadlines identified in the proposed scheduling order: initial disclosures, all fact discovery deadlines, all deadlines for amending pleadings and joining parties, all deadlines for expert discovery, and all other deadlines and trial-related information. (*See* ECF 114-1, at 2–6.)

Plaintiffs assert that discovery should proceed in this case regardless of the appeal. (*See* ECF 115, Opposition to Motion to Stay.) Even though no stay has been granted, because no Scheduling Order has yet been entered, Plaintiffs agree that the deadlines in Plaintiffs' proposed scheduling order (ECF 113-1) will need to be adjusted. Accordingly, Plaintiffs request that the initial disclosure deadline be set for one week after the date of entry of the Scheduling Order, and all further deadlines adjusted accordingly.

DATED this 31st day of October, 2025.

/s/ *Jacqueline M. Rosen*
Tanner J. Bean
Jacqueline M. Rosen
FABIAN VANCOTT
*Attorneys for Plaintiffs*