


| | |
|---|---|
| Mitchell A. Stephens (11775)<br>Justin L. James (15167)<br>Dillon P. Olson (16120)<br>JAMES DODGE RUSSELL & STEPHENS, P.C.<br>545 East 300 South<br>Salt Lake City, Utah 84102<br>(801) 363-6363<br>mstephens@jdrslaw.com<br>jjames@jdrslaw.com<br>dolson@jdrslaw.com<br><br>*Attorneys for Defendants Utah County and Jeffrey Gray* | J. Brian Jones (11816)<br>Gary D. Millward (12170)<br>Richard A. Roberts (12217)<br>PROVO CITY ATTORNEY'S OFFICE<br>445 W Center St.<br>Provo, Utah 84601<br>(801) 852-6140<br>gmillward@provo.gov<br>rroberts@provo.gov<br><br>*Attorneys for Defendant Provo City* |

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, an individual; SINGULARISM, a non-profit corporation; PSYCHE HEALING AND BRIDGING, LLC dba PSYCHEDELIC THERAPY JOURNEY, a limited liability company;<br><br>　　Plaintiffs,<br><br>　　vs.<br><br>UTAH COUNTY, a political subdivision; PROVO CITY, a political subdivision; JEFFREY GRAY, an individual;<br><br>　　Defendants. | **REPLY MEMORANDUM IN SUPPORT OF MOTION FOR STAY OF PROCEEDINGS**<br><br>**(Oral Argument Requested)**<br><br>Civil Case No. 2:24-cv-00887-JNP<br><br>Judge Jill N. Parrish |

Defendants Utah County, Provo City, and Jeffrey Gray (collectively "Defendants"), by and through counsel of record, hereby submit this reply memorandum in support of their Motion to Stay Proceedings (the "Motion"). [Dkt. 115]. Defendants request that the Court stay this discovery and motion practice in this proceeding pending resolution of an appeal before the United States Court of Appeals for the Tenth Circuit, which appeals this Court's Memorandum Decision and Order entered August 4, 2025 ("Appealed Order"). *See Jensen et al. v. Utah County et al.*, Case No. 25-4115 (10th Cir. 2025) (the "Appeal").

# INTRODUCTION

Defendants' request in the Motion is narrow. The Court should pause further discovery and motion practice in this proceeding until the Tenth Circuit provides guidance concerning threshold issues. Defendants are not asking the Court to suspend the effect of its prior orders, which would remain in effect during the Appeal.

Plaintiffs' Opposition to the Motion simply misses the mark. Specifically, Plaintiffs treat the Motion as a motion to stay the Court's orders pending appeal. But Defendants' Motion could not be clearer. The "***Motion does not ask the Court to stay the effectiveness of its prior orders pending the appeal, which orders would remain in place pending the appeal***." [Mot. at 3 (emphasis added)]. Because Defendants do not seek to stay the effectiveness of the Court's orders, Plaintiffs' analytical framework is misplaced.

Rather, the Court should review the Motion as a request to stay proceedings under the Court's inherent authority, which is evaluated under a more lenient framework. *See, e.g.*, *TravelPass Group, LLC v. Benjamin & Bros., LLC*, No. 2:17-cv-00247, 2017 WL 2841221, at *2 (D. Utah July 3, 2017). The requested stay is justified because it will promote judicial economy, avoid confusion and inconsistent results, and not unduly prejudice Plaintiffs' substantive rights. The Appeal will also address whether Defendants are immune from certain claims and whether federal court is the appropriate jurisdiction to resolve the state law claims in dispute. Without a stay, the parties and the Court risk engaging in litigation and discovery on claims and issues that could be resolved, altered, dismissed, or remanded through the Appeal.

The court should stay proceedings pending resolution of the Appeal.

## ARGUMENT

**I.     Plaintiffs Conflate the Standard Governing Defendants' Request for a Stay.**

The Motion expressly states that Defendants are not asking "the Court to stay the effectiveness of its prior orders pending the appeal." [Dkt. 112 (Mot.) at 3, 8]. Despite Defendants' clear qualification of their request, Plaintiffs mistakenly cite the stay framework associated with motions to "stay pending appeal," i.e., the "*Nken factors*." [Dkt. 115 (Opp.) at 7, 11]. Requests for stays pending appeal, as Plaintiffs' own authority makes clear, concern "[a]n appellate court's power to hold an order in abeyance" pending appeal. *Nken v. Holder*, 556 U.S. 418, 426 (2009).

In contrast, Defendants' Motion is premised on "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigant." *TravelPass Group*, 2017 WL 2841221, at *2 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). In determining whether to grant a stay based on inherent authority, "the court weighs the following factors: (1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Consumer Fin. Protection Bureau v. Fin. Asset Mgmt., Inc.*, No. 2:23-cv-00382, 2024 WL 1330010, at *1 (D. Utah March 28, 2024). Federal courts have routinely entered stays based on inherent authority independent of any showing under the *Nken* factors. *See, e.g.*, *TravelPass Group*, 2017 WL 2841221, at *3 (staying proceedings based on inherent authority); *CFPB*, 2024 WL 1330010, at *3 (same); *Dirtt Env. Sols., Inc. v. Henderson*, No. 1:19-cv-144, 2021 WL 3726604, at *2 (D. Utah Aug. 23, 2021) (same); *Sparks v. Saxon Invs.*, No. 2:09-cv-151, 2009 WL 2886029, at *6 (D. Utah Sept. 3, 2009) (same).

Thus, Defendants' Motion—which does not seek to stay the effectiveness of the Court's prior orders—is not subject to the more rigorous standard Plaintiffs attempt to impose. This is true even though the Motion assesses the impact of the Appeal on this proceeding. For example, in *Dirtt Environmental Solutions*, 2021 WL 3726604, certain defendants were dismissed based on the doctrine of forum non conveniens, which dismissal was certified as final and appealed. *See id.* at *1. The Court stayed the remaining proceedings pending guidance from the Tenth Circuit as to the dismissed defendants. *See id.* at *2. The court agreed that the appeal could "create problems with any discovery done during the pendency of the appeal," including the possibility of "expensive and time-consuming discovery and motion practice." *Id.* The Court's stay was based on its inherent authority and without reference to the "*Nken* factors," irreparable harm, or likelihood of success on the merits. *See id.*

The Court should reject Plaintiffs' arguments based on factors irrelevant to the Motion.

**II.     The Court Should Stay Proceedings Based on its Inherent Authority.**

As noted above and in the Motion, stays based on inherent authority are appropriate when they: (1) promote judicial economy, (2) avoid confusion or inconsistent results, and (3) do not unduly prejudice the non-moving party. *See, e.g.*, *CFPB*, 2024 WL 1330010, at *1. Plaintiffs largely fail to address the controlling factors, each of which weigh in favor of a stay.

A.   <u>Judicial Economy</u>

"The factor of judicial economy is measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Dirtt Env. Sols.*, 2021 WL 3726604, at *2. Here, the Appeal will simplify proceedings in two fundamental ways.

First, the Appeal could decide whether Defendants are immune from Plaintiffs' Fourth and Fifth causes of action relating to searches and seizures. [Dkt. 83 (Am. Compl.) at ¶¶ 110–129]. The Tenth Circuit has repeatedly emphasized that questions of immunity "should be resolved at the earliest possible stage of litigation." *Martin v. Cty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015). Accordingly, "pretrial matters as discovery are to be avoided if possible, as inquiries of this kind can be peculiarly disruptive to effective government." *Id.*; *see also Mitchell v. Forsyth*, 472 U.S. 511, 525–526 (1985) ("[T]he essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct" or "face the other burdens of litigation"). Absent a stay, Defendants will be subjected to the expense and burden of discovery based on claims that may be dismissed or materially narrowed on appeal, defeating the very purpose of immunity. *See, e.g.*, *Valdez v. Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989) ("[O]fficers sworn to execute court orders are shielded by absolute immunity in the performance of their duty.").

Second, the Appeal involves questions of *Younger* abstention and supplemental jurisdiction, which could result in this proceeding being remanded to state court. The predominant issue in this lawsuit is the interpretation and application of Utah's Religious Freedom Restoration Act (the "RFRA"). [Dkt. 50 (Opp. to Mot. for Anti-Suit Injunction) at 16–19]. Plaintiffs seemingly concede as much in their Opposition. [*See* Dkt. 115 (Opp.) at 9–10 (arguing that dismissal of the federal claims will not impact the scope of Plaintiffs' anticipated discovery)]. Before engaging in continued litigation and discovery, it is important to obtain clarity from the Tenth Circuit regarding the application of *Younger* abstention and supplemental jurisdiction, which are **threshold issues**. Like immunity, allowing discovery to proceed without regard to these principles threatens to undermine their entire purpose, which is to prevent "friction between the

state and federal courts," *Vendo Co. v. Lektro-Vend Corp.*, 433 U.S. 623, 630 (1977), and to prevent "a small, federal-law tail to wag an enormous, state-law dog." *Vox Marketing Group v. Prodigy Promos*, 556 F. Supp.3d 1280, 1291 (D. Utah 2021).

Thus, a stay is important to safeguard the policies and benefits associated with immunity, *Younger* abstention, and supplemental jurisdiction. A stay will also promote practical benefits, such as avoiding unnecessary discovery on immunity-related claims and issues and allowing discovery to take place in the appropriate forum and under the applicable rules of procedure.

Although Plaintiffs do not address the judicial economy factor, [*see generally* Opp.], they do argue that "[d]iscovery is not . . . a burden," and that the "relevant discovery would not change regardless of the outcome of the appeal." [*Id.* at 9–10]. Plaintiffs are wrong on both fronts.

In asserting that discovery is not a burden, Plaintiffs rely on a decision from the District of Colorado, in which the court allowed discovery to proceed even though a motion to dismiss had been filed. *See Webb v. Brandon Exp. Inc.*, No. 09-cv-00792, 2009 WL 4061827, at *2 (D. Colo. Nov. 20, 2009). However, this persuasive authority is readily distinguishable. In *Webb*, the court's decision was based on a finding that there was "no special burden" imposed by continued discovery. Defendants, in contrast, face several unique and special burdens that the Tenth Circuit has repeatedly protected, including the loss of immunity and protections associated with *Younger* abstention and supplemental jurisdiction.

Furthermore, Plaintiffs are simply incorrect in contending that "the scope of relevant discovery would not change regardless of the outcome of the appeal." [Opp. at 10]. There are meaningful and important differences between discovery procedures in state and federal court. These include variations with respect to limitations on written discovery, limitations and

5

procedures associated with depositions of parties and non-parties, discovery available for expert witnesses, and mechanisms and remedies available for discovery disputes. Similarly, the dismissal of immunity-related claims would have no impact on the scope of discovery on those claims and related facts.[1] Plaintiffs argue that, even if the claims are dismissed, these facts would be relevant based on their state law claims to damages under the RFRA. [*Id.*]. However, RFRA does not entitle Plaintiffs to an award of damages.[2] *See, e.g.*, Utah Code § 63G-7-201 (retaining immunity for alleged "violation of civil rights"). It is similarly unclear as to why Plaintiffs would need discovery on their own damages, which should already be known to Plaintiffs.

The scope of discovery is also likely to change if Plaintiffs prevail on appeal. Most notably, RFRA introduces a unique statutory issue—whether the conduct was "substantially motivated by a sincerely held religious belief." Utah Code § 63G-33-101(2). Litigating that issue requires a close analysis of both the alleged religion and the individual actor's sincerity and conformity with the same. *See, e.g.*, *United States v. Meyers*, 95 F.3d 1475 (10th Cir. 1996). However, that analysis may be narrowed or mooted if the Tenth Circuit affirms this Court's legal determination that the Utah Controlled Substances Act "is not generally applicable" and subject to strict scrutiny review under the First Amendment. [Dkt. 102 at 5–6]. Put simply, if Plaintiffs win under the First Amendment, their overlapping RFRA claim may become moot. Given this potential, the parties are better to avoid discovery and related disputes directed at Plaintiffs' religious beliefs.

---

[1] Plaintiffs anticipate extensive discovery on immunity-related topics, including facts related to "investigation of . . . criminal behavior regarding controlled substances," "investigation of Plaintiffs' religiosity and sincerity," "investigation of the impact of Plaintiffs' religious practices," "Defendants' search of Plaintiffs' [alleged] spiritual center and seizure of religious materials," and "Defendants' analyses of controlled substances seized." [Opp. at 6; *see also* Dkt. 113-1 at 3–4].
[2] This is another novel issue of state law that militates against supplemental jurisdiction.

A stay should be entered so that the parties can obtain clarity on threshold issues and the scope of, and venue for, any remaining discovery. Otherwise, the parties and the Court run the risk of engaging in unnecessary discovery and litigation. *See, e.g.*, *Dirtt Env. Sols.*, 2021 WL 3726604, at *2 ("Avoiding costly and duplicative piecemeal litigation is a hallmark of judicial economy and thus supports a stay"); *Martin v. SGT, Inc.*, No. 2:19-cv-00289, 2019 WL 12043488 (D. Utah Aug. 21, 2019) (acknowledging a stay of dispositive issues "is an eminently logical means to prevent wasting the time and effort . . . and to make the most efficient use of judicial resources").

### B. <u>Inconsistent Results</u>

A stay pending resolution of the Appeal will also "avoid confusion and inconsistent results." *CFPB*, 2024 WL 1330010, at *1. Plaintiffs again fail to address this factor. [*See* Opp.].

The potential confusion and inconsistent outcomes are clear. Without a stay, Defendants could be subject to discovery and litigation from which they are immune. Without a stay, this Court may allow discovery, entertain motion practice, or issue additional rulings based on orders that subsequently are superseded or claims that subsequently become moot. A stay eliminates these risks and preserves resources for any remaining issues following the Appeal.

### C. <u>Undue Prejudice</u>

Finally, the requested stay will not unduly prejudice Plaintiffs. Through the Court's Order Granting Motion for Preliminary Injunction, [Dkt. 92], Plaintiffs obtained the right to continue their alleged religious use of psilocybin during the pendency of this case. Through the Court's August 4, 2025 Memorandum Decision and Order, [Dkt. 102], Plaintiffs obtained an injunction of the criminal prosecution of Bridger Jensen "pending final judgment in this court." [*Id.* at 32]. Again, Defendants are *not* seeking to stay the effectiveness of these orders. Thus, the requested

stay benefits Plaintiffs by extending the length of their preliminary injunction and the stay of the criminal prosecution of Bridger Jensen. The requested stay further benefits Plaintiffs through the avoidance of discovery and litigation of issues that may prove unnecessary. [*See supra* § II.A].

The only harm that Plaintiffs identify in their Opposition is a "risk that memories of the parties and other witnesses may fade with the passage of time, witnesses may relocate or become available, or documents may become lost or inadvertently destroyed." [Opp. at 11 (quoting *Estate of Simon ex rel. Simon v. Van Beek*, No. 1:21-cv-01923, 2023 WL 1768548, at *3 (D. Colo. Jan. 3, 2023))]. Importantly, the *Van Beek* decision involved a motion for stay pending appeal based on the *Nken* factors," *Van Beek*, 2023 WL 1768548 at * 2, which do not apply to the instant Motion.

Moreover, Plaintiffs fail to identify any witnesses that may become available or evidence that may be lost or destroyed. [*See* Opp. at 11]. Indeed, nearly all of the relevant evidence is controlled by Plaintiffs. Additionally, witnesses have already offered sworn testimony in connection with briefing and hearings on Plaintiffs' motions for injunctive relief. Furthermore, the parties have already submitted evidence to the Court, and are subject to preservation obligations that mitigate any risk of information becoming lost or destroyed. Finally, a "preliminary injunction is in place that reduces any risk of ongoing harm in this case," which militates against a finding of undue prejudice. *Dirtt*, 2021 WL 3726604, at *2.

In contrast, the threatened prejudice to Defendants absent a stay is extreme, and includes the loss of substantive rights. [*See supra* § II.A]. On balance, the threatened injury to Defendants outweighs any prejudice associated with a short stay, which in any case is far from undue. Even if Plaintiffs could demonstrate potential harm or prejudice, it "does not outweigh the first two

8

factors" that weigh in favor of staying proceedings. *See Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, No. 2:16-cv-00315, 2019 WL 977916, at *2 (D. Utah Feb. 28, 2019).

Ultimately, Plaintiffs' substantive rights and interests will be unimpaired through a stay.

### III. Alternatively, the Motion Should be Stayed under the *Nken* Factors.

If the Court views this Motion as a "stay pending appeal," the balance of factors still favors a stay under *Nken*. A motion to stay pending appeal is appropriate under *Nken* where the movant has shown: (1) a likelihood of success on the merits, (2) irreparable injury absent issuance of the stay, (3) a lack of substantial injury to the non-moving party, and (4) consistency between the stay and public interest. *See Nken v. Holder*, 556 U.S. 418, 434 (2009). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Serv. Employees Intern. Union Local 1 v. Husted*, 698 F.3d 341, 344 (6th Cir. 2012).

As to the first factor, Defendants acknowledge and respect the rulings of the Court, which they do not intend to challenge through the Motion. That said, the Court's Memorandum Decision and Order addressed a "difficult" and novel question regarding the neutrality and general applicability of the Controlled Substances Act, [Dkt. 102 at 4], which presented an issue that the Tenth Circuit Court of Appeals (or any other appellate court) has not addressed. The Court recognized that "the issue is close." [*Id.* at 5]. Moreover, it was decided without a substantive brief from the State of Utah. [*See* Dkt. 96]. If this factor weighs against the stay of novel, "close," and "difficult" issue of constitutional law, then obtaining a stay would be nearly impossible in any case. Indeed, if a Court believed its ruling was likely to fail on appeal, it presumably would have rendered a different one. The standard must leave room for its application to close and difficult issues. *Cf. Serv. Employees Intern.*, 698 F.3d at 344.

9

With respect to irreparable injury, Defendants incorporate their immunity arguments presented above. [*See supra* § II.A]. Allowing discovery and proceedings to move forward would eviscerate the very purpose and benefit of immunity, which amounts to an "immunity from suit." *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 499–500 (1989). The harm of being subjected to a lawsuit cannot be undone, even if Defendants prevail in the Appeal. The only way to safeguard this right is through a stay pending resolution of the Appeal.

Finally, the injury and public interest factors merge when governmental parties are involved. *See Chiles v. Salazar*, 116 F.4th 1178, 1200 (10th Cirt. 2024). The lack of injury to Plaintiffs from the requested stay is addressed above. [*See supra* § II.C]. Similarly, government actors such as Defendants are presumed to act in the public interest. *See, e.g.*, *Aid for Women v. Foulston*, 441 F.3d 1101, 1115 n.15 (10th Cir. 2006) ("[W]e presume that all governmental action pursuant to a statutory scheme is taken in the public interest." (internal quotation marks omitted)); *Allied Tube & Conduit Corp. v. Indian Head, Inc.*, 486 U.S. 492, 501 (1988) ("We may presume, absent a showing to the contrary, that a government acts in the public interest." (cleaned up)). Although Plaintiffs correctly note there is a public interest in safeguarding constitutional rights, [Opp. at 11], this interest does not weigh against the requested stay. Any constitutional protections Plaintiffs have alleged are secured through the Court's prior orders, [Dkt. Nos. 92, 102], the effectiveness of which will remain in place even with the requested stay.

Therefore, a stay is appropriate even assuming the *Nken* factors control.

## **CONCLUSION**

For the reasons set forth in the Motion and herein, the Motion should be granted, which will promote judicial economy, avoid confusion and inconsistency, and not prejudice Plaintiffs.

Dated this 18th of November, 2025.

| | |
|---|---|
| JAMES DODGE RUSSELL & STEPHENS, P.C. | PROVO CITY LEGAL |
| /s/ Dillon P. Olson | /s/ Richard A. Roberts |
| Mitchell A. Stephens | Gary D. Millward |
| Justin L. James | Richard A. Roberts |
| Dillon P. Olson | |
| *Counsel for Utah County and Jeffrey Gray* | *Counsel for Provo City* |

11