IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRIDGER LEE JENSEN, SINGULARISM, and PSYCHE HEALING AND BRIDGING, LLC, | **MEMORANDUM DECISION AND ORDER GRANTING MOTION FOR STAY OF PROCEEDINGS** |
| Plaintiffs, | |
| v. | Case No. 2:24-cv-00887-JNP-CMR |
| UTAH COUNTY, PROVO CITY, JEFFREY GRAY, TROY BEEBE, BRIAN WOLKEN, JACKSON JULIAN, and JOHN DOES 1–4, | Chief District Judge Jill N. Parrish |
| Defendants. | |

Defendants request a stay of further proceedings pending the resolution of Defendants' appeal of the court's August 4, 2025 Order. ECF No. 112. The court GRANTS the motion for stay.

## BACKGROUND

Plaintiffs are members and affiliates of Singularism, a religious tradition that uses psilocybin (a Schedule I controlled substance) as a sacrament to encounter the Divine. ECF No. 56 at 1. When Plaintiff Bridger Lee Jensen founded Singularism in November 2023, he notified Utah County and Provo City about Singularism's religious use of the entheogen and invited officials to approach him with any questions about the religion. *Id.* About a year later in November 2024, Provo City officers executed a search warrant at Singularism's center and seized its stock of psilocybin mushrooms along with its sacred scripture. *Id.* at 2. The government also threatened criminal charges against Jensen. *Id.*

Plaintiffs then filed suit in state court against Utah County, Provo City, and several

government officials, seeking a temporary restraining order and preliminary injunction to require return of the mushrooms and scripture and seeking to enjoin any threatened criminal prosecution. *Id.* Defendants removed the case to federal court on November 27. *Id.* The TRO motion, filed again in this court, invoked the Free Exercise Clause of the First Amendment, the Free Exercise Clause of the Utah Constitution, and the Utah Religious Freedom Restoration Act ("RFRA"). *Id.*

On December 13, 2024, the court held an evidentiary hearing on Plaintiffs' motion for a temporary restraining order. *Id.* At the hearing, Plaintiffs presented the testimony of several witnesses to establish the sincerity of their religion. *Id.* The court found the witnesses credible and ruled that Plaintiffs had shown a likelihood of success on their claim under the Utah RFRA. *Id.* Accordingly, on December 16, the court entered a limited temporary restraining order requiring Defendants to return the psylocibin mushrooms and records as soon as practicable. ECF No. 24. On December 18, the State of Utah, through the Utah County Attorney's Office and Defendant Utah County Attorney Jeffrey Gray, then initiated a criminal action against Mr. Jensen in state court. ECF No. 92 at 15.

Shortly after the government filed criminal charges against Mr. Jensen, Plaintiffs moved for an anti-suit injunction against the state-court prosecution, and Defendants moved to dismiss Plaintiffs' claims. *Id.* at 16. The motion to dismiss argued that (1) Plaintiffs' First Amendment claim failed because the Utah Controlled Substances Act is neutral and generally applicable; and (2) Plaintiffs' Fourth Amendment claim failed because of Defendants' alleged absolute immunity. ECF No. 40 at 5, 10. It further argued that the court should decline to exercise supplemental jurisdiction over the state law claims. *Id.* at 12. In response to the motion for an anti-suit injunction, Defendants argued that the court was precluded from enjoining the state prosecution due to *Younger* abstention and because injunctive relief was inappropriate under the federal Anti-

2

Injunction Act. ECF No. 50 at 5, 9.

The court deferred on ruling on these two motions until the Utah Attorney General had an opportunity to present evidence or argument on the constitutional questions underlying the motions. ECF No. 92 at 3. On February 20, 2025, the court preliminarily enjoined Defendants from treating Plaintiffs' religious use of psilocybin as unlawful under the Utah Controlled Substances Act. *Id.*

On April 11, 2025, the Attorney General notified the court that he joined in and adopted the arguments made in Defendants' briefing on their motion to dismiss. ECF No. 102. On August 4, 2025, the court denied Defendants' motion to dismiss and granted Plaintiffs' motion for anti-suit injunction, ordering Defendants to cease further proceedings in the state prosecution. *Id.* at 32. Defendants subsequently appealed the court's August 4 Order to the Tenth Circuit. ECF No. 105. On October 7, Defendants moved to stay the proceedings pending resolution of the appeal. ECF No. 112. Specifically, Defendants request a stay of discovery and motion practice, rather than a stay of any prior order. *Id.* at 3. Plaintiffs oppose the motion. ECF No. 115.

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). When considering a motion for stay, a court must "balanc[e] the competing interests on both sides." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983). The movant must "make a strong showing of necessity" or "a clear case of hardship or inequity." *Id.* (citing, with respect to the latter, *Landis*, 299 U.S. at 255); *see also Nken v. Holder*, 556 U.S. 418, 433 (2009) ("A stay is not a matter of right.").

3

Defendants argue that in considering the motion to stay, the court should weigh the following factors: "(1) whether a stay would promote judicial economy; (2) whether a stay would avoid confusion and inconsistent results; and (3) whether a stay would unduly prejudice the parties or create undue hardship." *Consumer Fin. Prot. Bureau v. Fin. Asset Mgmt., Inc.*, No. 223CV00382HCNJCB, 2024 WL 1330010, at *1 (D. Utah Mar. 28, 2024) (quoting *Fed. Trade Comm'n v. Nudge, LLC*, No. 2:19-cv-00867-DBB-DAO, 2021 WL 254110, at *2 (D. Utah Jan. 26, 2021)). While this three-part test first arose in *Meadows Indem. Co. v. Baccala & Shoop Ins. Servs., Inc.*, 760 F. Supp. 1036, 1045 (E.D.N.Y. 1991), it has been closely associated with the Supreme Court's explication of a district court's inherent power to stay a case outlined in *Landis v. North American Company*. 299 U.S. at 254; *see, e.g.*, *Consumer Fin. Prot. Bureau*, No. 223CV00382HCNJCB, 2024 WL 1330010, at *1; *TravelPass Grp., LLC v. Benjamin & Bros., LLC*, No. 217CV00247JNPPMW, 2017 WL 2841221, at *2 (D. Utah July 3, 2017). Accordingly, the court refers to this three-factor standard as the "inherent power" standard.[1]

In contrast, Plaintiffs argue that when a party moves for a stay pending appeal involving the same parties, the court must weigh four factors as expressed by the Supreme Court in *Nken v.*

---

[1] Other courts have focused simply on the requirement described in *Landis* that the movant must show "a clear case of hardship or inequity" to receive a stay. *Landis*, 299 U.S. at 255; *see, e.g.*, *Ben Ezra, Weinstein, & Co., Inc. v. Am. Online Inc.*, 206 F.3d 980, 987 (10th Cir. 2000) ("When applying for a stay, a party must demonstrate 'a clear case of hardship or inequity' if 'even a fair possibility' exists that the stay would damage another party."); *Creative Consumer Concepts, Inc. v. Kreisler*, 563 F.3d 1070, 1080 (10th Cir. 2009) (same); *United States ex rel. Brooks v. Stevens-Henager Coll., Inc.*, No. 215CV00119JNPEJF, 2017 WL 5241002, at *1 (D. Utah June 23, 2017) (denying a motion to stay discovery pending a motion for reconsideration using the same standard); *Fucci v. Bowser*, No. 2:20-CV-00004, 2022 WL 1773015, at *2 (D. Utah June 1, 2022) (granting a stay of a case pending the resolution of another Tenth Circuit appeal using the same standard). The court here incorporates that heavy burden when balancing the relevant factors.

4

*Holder* (the "*Nken* standard"): "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." 556 U.S. 418, 434 (2009).

Courts in this circuit, and indeed, even in this district, have taken varying approaches when addressing motions to stay.[2] But it is clear that, within this district, the "traditional stay factors" as expressed in the *Nken* standard generally apply to cases in which the movant is attempting to stay an order—or, at minimum, the effect of an order—that is being appealed. *See Nken*, 556 U.S. at 426; *see, e.g.*, *Stichting Mayflower Mountain Fonds v. City of Park City Utah*, No. 2:04CV925DAK, 2009 WL 1107639, at *1 (D. Utah Apr. 23, 2009) (denying a stay of proceedings

---

[2] Some courts, for example, have considered a set of five factors outlined by *String Cheese Incident, LLC v. Stylus Shows, Inc.* No. 1:02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (weighing "(1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest"); *see, e.g.*, *Martin v. SGT Inc.*, No. 2:19-CV-00289, 2019 WL 12043488, at *1 (D. Utah Aug. 21, 2019) (reviewing a motion to stay "discovery, deadlines, and other proceedings" pending a motion to dismiss using the *String Cheese* factors).

Further, a distinct standard generally applies to patent cases pending resolution of *inter partes* review. *White Knuckle LP, LLC v. Elec. Arts Inc.*, No. 1:15-CV-00036-DN-BCW, 2016 WL 3959689, at *2 (D. Utah July 20, 2016) (weighing "(1) whether granting a stay would likely simplify the issues before the court; (2) the stage of the litigation; and (3) a balancing of prejudice to the parties"); *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2:12-CV-032-RJS-EJF, 2020 WL 10352265, at *2 (D. Utah Feb. 28, 2020) (stating "courts typically look to those factors only when deciding whether to stay litigation pending USPTO inter partes reexamination proceedings"); *see also Ampersand Ave., LLC v. Vanilla Bay, Inc.*, No. 119CV00068DAKCMR, 2020 WL 6290479, at *1 (D. Utah Oct. 27, 2020) (applying the same standard to a motion for stay pending final resolution of a Trademark Trial and Appeal Board proceeding); *Menchacha-Estrada v. Synchrony Bank*, No. 2:17CV831DAK, 2017 WL 4990561 (D. Utah Oct. 30, 2017) (applying the same standard to a motion for stay pending a consolidated appeal to the D.C. Circuit).

pending an appeal of a motion to clarify an order regarding discovery); *KSTU, LLC v. Aereo, Inc.*, No. 14-4020, 2014 WL 1687749, at *1 (10th Cir. Mar. 7, 2014) (unpublished) (considering a motion to stay a preliminary injunction pending its appeal); *Wyoming v. United States Dep't of Interior*, No. 18-8027, 2018 WL 2727031, at *1 (10th Cir. June 4, 2018) (unpublished) (considering a motion for a stay of an order pending its appeal); *Gardner v. Long*, No. 2:18-CV-00509-RJS, 2021 WL 5911350, *1–2 (D. Utah Dec. 2, 2021) (considering a stay of a motion for attorneys' fees pending an appeal of a final judgment); *Jensen v. Utah Cnty.*, No. 2:24-CV-00887-JNP-CMR, 2025 WL 42150, at *1–2 (D. Utah Jan. 7, 2025) (considering a motion to stay a portion of a TRO pending resolution of a motion for preliminary injunction).

In contrast, courts in this district look to the "inherent power" standard when issuing stay orders to preserve judicial economy and avoid inconsistent results. *See, e.g.*, *Sparks v. Saxon Invs., LLC*, No. 2:09CV151DAK, 2009 WL 2886029, at *4–5 (D. Utah Sept. 3, 2009) (considering a motion to stay pending arbitration); *TravelPass Grp., LLC*, No. 217CV00247JNPPMW, 2017 WL 2841221, at *2 (same); *Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, No. 2:16-CV-00315-DN, 2019 WL 977916, *1–2 (D. Utah Feb. 28, 2019) (staying a case pending the outcome of a parallel state litigation); *Consumer Fin. Prot. Bureau*, No. 223CV00382HCNJCB, 2024 WL 1330010, at *1 (staying a case pending the outcome of a case before the Supreme Court).

Indeed, courts have used the "inherent power" standard in contexts that closely resemble that of the instant case—a motion for stay of proceedings and discovery pending an appeal of a prior order. *See, e.g.*, *Dirtt Env't Sols., Inc. v. Henderson*, No. 1:19-CV-144 DBB DBP, 2021 WL 3726604, *1–2 (D. Utah Aug. 23, 2021). The court accordingly reviews the current motion to stay under the "inherent power" standard.

## ANALYSIS

The court considers whether the requested stay would promote judicial economy, would avoid confusion and inconsistent result, and would unduly prejudice the parties or create undue hardship. *Consumer Fin. Prot. Bureau*, No. 223CV00382HCNJCB, 2024 WL 1330010, at *1. The court finds that these factors weigh in favor of a stay.

First, "[t]he factor of judicial economy is 'measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'" *Capitol Specialty Ins. Corp. v. Sw. Clubs, Inc.*, No. 12-01299 MCA/LAM, 2015 WL 11117308, at *3 (D.N.M. Mar. 31, 2015) (quoting *CMAX, Inc. v. Hall*, 300 F.3d 265, 268 (9th Cir. 1962)). Defendants argue that the appeal will resolve threshold issues that will significantly impact "the trajectory and propriety of discovery and proceedings in this matter." ECF No. 112 at 2.

The first issue Defendants raise on appeal is this court's holding that Defendants waived any *Younger* abstention defense by removing the case from state court to federal court. *See* ECF No. 115-1 at 7. The second issue Defendants raise is the court's finding that they brought the prosecution in bad faith and that Plaintiffs will suffer irreparable harm from the prosecution. *Id.* If either of those issues are reversed on appeal, Defendants argue that either state court will be the likely forum for the case or the scope of discovery will be altered. ECF No. 112 at 2. The final issue Defendants raise is their alleged immunity from Plaintiffs' Fourth Amendment search and seizure claims. ECF No. 115-1 at 7. They argue that allowing discovery and litigation to continue pending a determination of immunity on appeal would "eviscerate the very purpose and benefit" of said immunity. ECF No. 112 at 2.

Plaintiffs argue that proceeding with discovery would not be premature because all of the discovery subjects that Plaintiffs have identified are also relevant to claims that are not being

7

appealed. ECF No. 115 at 10. But at this stage it is not clear that the scope of discovery would be unchanged regardless of the outcome of the appeal. Rather, it appears clearly possible that the resolution of the appealed issues will affect discovery to at least some degree. If, for example, the Tenth Circuit's ruling leads to the case being remanded to state court, discovery will proceed based on that forum's procedural rules. Or, if the Tenth Circuit reverses the court's ruling on Defendants' immunity claim, the scope of discovery will likely change, even if there some level of overlap between the discovery subjects relevant to the other claims.

Thus, the court finds that a stay would promote judicial economy. *Dirtt Env't Sols., Inc. v. Henderson*, No. 1:19-CV-144 DBB DBP, 2021 WL 3726604, at \*2 (D. Utah Aug. 23, 2021) ("Avoiding costly and duplicative piecemeal litigation is a hallmark of judicial economy and thus supports a stay."). Indeed, both parties would benefit from avoiding discovery that might prove to be unnecessary and premature. Similarly, the court finds that a stay would avoid any motion practice and discovery that might ultimately be inconsistent with the Tenth Circuit order.

The stay would also not unduly prejudice Plaintiffs. The motion would not stay any existing order issued by the court, including the injunction currently in effect. ECF No. 92. Plaintiffs highlight the risk of witness memories fading or evidence being lost, but the court finds that any potential prejudice from a stay would be mitigated by the relatively short expected duration of the stay pending only the Tenth Circuit's ruling. In addition, several witnesses have already provided relevant testimony, and parties have a duty to preserve evidence. Considering all of the factors, the court finds a stay to be warranted.

## CONCLUSION AND ORDER

For the above reasons, the court GRANTS Defendants' motion to stay. All further proceedings and discovery are stayed pending resolution of Defendants' appeal of the August 4

Order before the Tenth Circuit.

Signed December 4, 2025.

BY THE COURT

_____
Jill N. Parrish
United States Chief District Judge